UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETS

| | |
|---|---|
| IN RE: RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION | MDL No. 2878 |
| THIS DOCUMENT RELATES TO:<br>*Meijer, Inc., et al. v. Ranbaxy, Inc., et al.*, No. 15-cv-11828, (D. Mass.)<br><br>*Meijer, Inc., et al. v. Ranbaxy, Inc., et al.*, No. 18-cv-12129, (D. Mass.)<br><br>*César Castillo, Inc. v. Ranbaxy Inc., et al.*, No. 18-cv-06126 (E.D.N.Y.)<br><br>*United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania v. Ranbaxy Inc., et al.*, No. 18-cv-04807 (E.D. Pa.)<br><br>*Louisiana Health Services and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, et al. v. Ranbaxy Inc., et al.*, No. 19-cv-10274 (D. Mass) | Master File No. 19-md-02878-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF PLANTIFFS' UNOPPOSED MOTION FOR ENTRY OF CASE MANAGEMENT ORDER NO. 1 CONSOLIDATING AND COORDINATING RELATED ACTIONS**

Pursuant to 42(a) and 15(a) of the Federal Rules of Civil Procedure, plaintiffs Meijer, Inc.; Meijer Distribution, Inc. (collectively "Meijer"); César Castillo, Inc. ("CCI"); United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania ("UFCW"); Louisiana Health Services and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"); and HMO Louisiana, Inc. ("HMOLA") (collectively, "Plaintiffs") respectfully submit this memorandum of law in

support of their motion for entry of Proposed Case Management Order No. 1, which would: (1) consolidate the direct-purchaser class actions that have been filed or will be filed or transferred to this District (the "DPP Actions"); (2) consolidate the end-payor class actions that have been filed or will be filed or transferred to this District (the "EPP Actions"); (3) coordinate the two consolidated actions and any subsequently-filed related actions so that the DPP actions and EPP actions would proceed as if they were a single action for purposes of all pre-trial proceedings, with a decision on consolidation for trial purposes being reserved;[1] and (4) grant leave to file consolidated class action complaints on behalf of direct purchasers and end-payors.  Defendants dispute Plaintiffs' substantive allegations but do not oppose the relief sought in this Motion.

## BACKGROUND

These cases arise out of alleged misconduct on the part of defendants Ranbaxy Inc. and Sun Pharmaceutical Industries Limited (collectively, "Ranbaxy" or "Defendants"),[2] which Plaintiffs claim caused delayed market entry three generic drugs: Diovan, Valcyte, and Nexium. Plaintiffs allege that: (1) Ranbaxy, one of the world's largest generic pharmaceutical manufacturers, pursued an aggressive business growth strategy at the expense of quality and integrity; and (2) in utter disregard of the U.S. Food and Drug Administration's ("FDA") regulatory requirements for generic drug

---

[1] To further streamline the prosecution of these cases, counsel for the proposed direct purchaser class and counsel for the proposed end-payor class are separately filing motions seeking the appointment of interim class counsel for each class.

[2] Plaintiffs also allege misconduct by Ranbaxy Laboratories Limited and Ranbaxy USA, Inc., both of which are no longer in existence.  Ranbaxy USA, Inc. was dissolved in October 2014.  Ranbaxy Laboratories Limited merged into defendant Sun Pharmaceutical Industries Limited in March 2015.  *See Meijer v. Ranbaxy, Inc.*, 15-cv-11828, ECF No. 52, at 8.

approval, Ranbaxy embraced an internal corporate culture that, *inter alia*, encouraged employees to ignore storage protocols, forge test results, falsify data, and retroactively create records after failing to properly document practices and findings. Plaintiffs further claim that because of Ranbaxy's alleged misconduct and delay tactics, generic competition was delayed and the plaintiffs paid supracompetitive prices for brand Diovan, Nexium, and Valcyte products and (once they eventually came to market) their generic equivalents when safe, effective, and cheaper generic alternative(s) should have been available. Defendants dispute these allegations and the Plaintiffs' claims for relief.

Meijer filed the first action on May 12, 2015, seeking damages related to two specific drugs, Diovan and Valcyte (the "Meijer I action").[3] On June 16, 2016, Magistrate Judge Kelley issued an opinion recommending the denial of Defendants' motion to dismiss,[4] which this Court adopted on September 7, 2016.[5] This Court then issued a stay[6] while defendants petitioned for interlocutory appeal.[7] On October 11, 2018, Meijer filed a separate action, also in the District of Massachusetts, seeking damages with respect to a third drug – Nexium (the "Meijer II action").[8] On November 1, 2018, César Castillo, Inc. ("CCI"), another direct purchaser, filed an action in the Eastern District of New York (the "CCI action").[9] On November 6, UFCW filed an

---

[3] *Meijer, Inc., et al. v. Ranbaxy, Inc., et al.*, No. 15-cv-11828, [Dkt 1] (D. Mass. May 12, 2015).

[4] *Meijer, Inc., et al. v. Ranbaxy, Inc., et al.*, No. 15-cv-11828, [Dkt 52] (D. Mass. June 16, 2016)

[5] *Meijer, Inc., et al. v. Ranbaxy, Inc., et al.*, No. 15-cv-11828, [Dkt 80] (D. Mass. Sept. 7, 2016).

[6] *Meijer, Inc., et al. v. Ranbaxy, Inc., et al.*, No. 15-cv-11828, [Dkt 133] (D. Mass. June 15, 2017).

[7] *Ranbaxy, Inc., et al. v. Meijer, Inc., et al.*, No. 17-8008, (1st Cir. Apr. 7, 2017)

[8] Compl., *Meijer Inc. v. Ranbaxy Inc., et al.*, No. 18-cv-12129 (D. Mass., filed Oct. 11, 2018). This action was filed as related to the original action and has been assigned to the same Judge.

[9] Compl., *César Castillo, Inc. v. Ranbaxy Inc., et al.*, No. 18-cv-06126 (E.D.N.Y., filed Nov. 1, 2018).

action on behalf of an end-payor class in the Eastern District of Pennsylvania (the "UFCW Action").[10] CCI then filed a motion with the Judicial Panel on Multidistrict Litigation (the "Panel") seeking to transfer and consolidate or coordinate the four actions.

The First Circuit Court of Appeals denied Defendants' petition on December 28, 2018.[11]

On February 11, 2019, following a hearing on CCI's motion, the Panel entered a transfer order directing that the Meijer I action, the Meijer II action, the CCI action, and the UFCW action be transferred to this Court for coordinated or consolidated pretrial proceedings.[12] On February 13, 2019, BCBSLA and HMOLA filed a related end-payor action in this district ("the BCBS-LA Action").[13]

Named Plaintiffs in the actions seek to represent two different groups of proposed classes, bringing overlapping sets of legal claims. The Meijer I action, Meijer II action, and CCI action (collectively, the "DPP Actions," filed by the "DPPs") seek to represent direct purchaser plaintiffs[14] and allege violations of RICO and the Sherman Act. The UFCW action and BCBS-LA action (collectively, the "EPP Actions" filed by

---

[10] Compl., *United Food and Commercial Health and Welfare Fund of Northeastern Pennsylvania v. Ranbaxy Inc., et al.*, No. 18-cv-04807 (D. Mass., filed Nov. 6, 2018).

[11] *Ranbaxy, Inc., et al. v. Meijer, Inc., et al.*, No. 17-8008 (1st Cir. Dec. 28, 2018)

[12] *In re Ranbaxy Generic Drug Application Antitrust Litig.*, [Dkt 36] (JPML, Feb. 11, 2018).

[13] Compl., *La. Health Servs. and Indem. Co. d/b/a Blue Cross and Blue Shield of La. and HMO La., Inc. v. Ranbaxy, Inc., et al.*, No. 19-cv-10274 [Dkt 1] (D. Mass. Feb. 13, 2019).

[14] Plaintiffs use the term direct purchasers to represent plaintiffs who purchase directly from the drug manufacturer, such as drug wholesalers.

the "EPPs") seek to represent end-payor plaintiffs[15] and allege violations of RICO, the Sherman Act,[16] state antitrust laws, and state consumer protection laws. The DPP Actions and EPP Actions each share common questions of fact but seek to represent different classes based on different causes of action and have different injuries subject to different standing analyses. Consolidating the DPP Actions and EPP Actions separately, with joint coordination for discovery and other pretrial purposes will ensure efficient and consistent management of this litigation pursuant to Federal Rule 42(a).

## DISCUSSION

### I. The DPP actions and EPP actions should be separately consolidated, but jointly coordinated.

Federal Rule of Civil Procedure 42(a) permits the consolidation of two or more cases where, as here, the matters involve "a common question of law or fact."[17] The threshold question is whether the cases involve a common party and common issues of fact or law; if so, the court has broad discretion in weighing the costs and benefits of consolidation.[18] In exercising this discretion, the court should consider factors such as judicial economy; potential savings in time, effort or expense; and any confusion, prejudice or delay that may result from consolidation.[19] When two cases involve

---

[15] Plaintiffs use the term "end-payor" instead of the broader term "indirect purchaser" to distinguish purchasers at the end of the distribution chain (such as consumers and third-party payors) from retailers and other financial intermediaries (such as retailers and pharmaceutical benefit managers).

[16] Only the BCBS-LA Action brought claims under the Sherman Act.

[17] Fed. R. Civ. P. 42(a); *see also* Transfer Order, *In re: Ranbaxy Generic Drug Application Antitrust Litig.*, at 1 (JPML Feb. 11, 2019) (summarizing the factual allegations of the complaints).

[18] *Messere v. Spencer*, No. 11-cv-11705, 2013 WL 1327391, at *2 (D. Mass. Mar. 29, 2013) (citing *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 875 F.2d 5, 8 (1st Cir. 1989)).

[19] *Messere*, 2013 WL 1327391, at *2 (citing *Cruickshank v. Clean Seas Co.*, 402 F. Supp.2d 328, 341 (D. Mass. 2005).

common issues of law and fact and a common party, the motion to consolidate ordinarily will be granted unless the opposing party shows "demonstrable prejudice."[20] Where there is no opposition to consolidation, courts ordinarily do not hesitate to consolidate.[21]

As underscored by the JPML's Transfer Order, "these actions involve common questions of fact." The actions involve identical defendants, nearly identical facts, and many overlapping legal claims. These are precisely the circumstances consolidation was designed to benefit and precisely why the JPML ordered centralization: to "promote the just and efficient conduct of this litigation."[22] The DPP Actions and EPP Actions allege that Ranbaxy wrongfully obtained, fraudulently locked-in, and then abused the first-to-file, 180-day exclusivity period for various pharmaceutical drugs, including Nexium, Valcyte, and Diovan. Ranbaxy then used this exclusivity to prevent the market entry of other would-be generics in violation of federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), federal antitrust statutes, state antitrust laws, and state consumer protection laws.

Discovery of evidence and witnesses in these actions will be substantially similar and coordination will prevent wasteful duplication of time and resources. As the Panel

---

[20] *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 875 F.2d 5, 8 (1st Cir. 1989).

[21] *See In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001) (because the actions involve "the same named defendants and the same allegations in support of the same claims…substantial benefit will accrue from consolidation," such as "fair and efficient adjudication on the merits without wasteful duplicative proceedings."); *See also Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005) (Consolidating actions involving common parties, nearly identical facts, and overlapping legal claims).

[22] Transfer Order, *In re: Ranbaxy Generic Drug Application Antitrust Litig.*, at 1 (JPML Feb. 11, 2019) (summarizing the factual allegations of the complaints).

noted, all of the cases "present complex questions of fact and will involve complex economic analysis, discovery of foreign defendants and issues of regulatory compliance."[23] Pharmaceutical litigation is highly complex and this case will likely involve extensive discovery, numerous depositions, and sophisticated expert analysis, warranting consolidation and coordination to minimize duplicative discovery and inconsistent rulings. The Panel emphasized this in their transfer order, concluding that centralization would "prevent inconsistent rulings (including with respect to class certification) and overlapping pretrial obligations, reduce costs, and create efficiencies for the parties, courts, and witnesses."[24]

Because DPPs and EPPs seek to represent different classes, with different sets of legal claims and different injuries subject to different standing analyses, they should be consolidated separately, but coordinated on a master docket. DPPs and EPPs both assert claims arising out of the same unlawful conduct, but DPPs have standing to seek monetary damages under, *inter alia*, Section 4 of the Clayton Act[25] based on *Illinois Brick*,[26] while end-payors do not. End-payors alternatively have claims for damages under state antitrust and consumer protection statutes.[27] Coordination – with end-payors and direct purchasers proceeding on the same schedule and avoiding duplication whenever possible – will ensure that the cases advance in an efficient and administratively convenient

---

[23] *Id.* at 2.

[24] *Id.* at 1. The BCBS-LA action, which was not before the panel, is likewise based on the same course of conduct and will require much of the same discovery.

[25] 15 U.S.C. § 15

[26] *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 729 (1977)

[27] *Id.*

manner while accounting for the differences between the two plaintiff groups and the claims they assert. Courts presiding over antitrust matters, particularly in the pharmaceutical industry, routinely adopt this practice of separately consolidating DPPs and EPPs, but jointly coordinating them for pre-trial proceedings. *See e.g. In Re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation*, No. 18-md-2819-NG-LB (E.D.N.Y); *In Re: Zetia (Eztimibe) Antitrust Litigation,* No. 18-md-02836 (E.D.Va.); *In Re Asacol Antitrust Litigation,* No. 15-cv-12730 (D. Mass); *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, No. 16-md-2724 (E.D. Pa.); *In re Nexium (esomeprazole) Antitrust Litig.*, No. 12-md-2409 (D. Mass).

## II.     The Court Should Order the Filing of Consolidated Complaints.

Courts routinely grant leave for a consolidated complaint following transfer and centralization or consolidation in order to streamline and manage the litigation based on a master pleading. See MANUAL §21.25 ("If all the cases are pending in federal court and have been centralized by an MDL proceeding, the transferee court can order consolidated pleadings"). In accordance with their respective consolidation, DPPs and EPPs should each file consolidated class action complaints promptly upon the issuance of such an order. Defendants dispute Plaintiffs' substantive allegations in the various complaints, but do not oppose the relief sought by this motion, including Plaintiffs' filing of consolidated complaints.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter Case Management Order No. 1, which (1) consolidates the direct purchaser class

actions, (2) consolidates the end-payor actions, (3) coordinates the two consolidated actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and (4) grants leave for the DPPs and EPPs to file consolidated class action complaints.

Dated: March 1, 2019                                Respectfully submitted,

*/s/ Gregory T. Arnold*
Thomas M. Sobol (BBO# 471770)
Gregory T. Arnold (BBO# 632738)
Kristie A. LaSalle (BBO #692891)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
grega@hbsslaw.com
kristiel@hbsslaw.com

Steve D. Shadowen (admitted *pro hac vice*)
Matthew C. Weiner (admitted *pro hac vice*)
**HILLIARD & SHADOWEN LLP**
919 Congress Ave., Suite 1325
Austin, TX 78701
Tel: (855) 344-3928
steve@hilliardshadowenlaw.com
matt@Hilliardshadowenlaw.com

John D. Radice (admitted *pro hac vice*)
**RADICE LAW FIRM**
34 Sunset Boulevard
Long Beach, NJ 08008
Tel: (646) 245-8502
jradice@radicelawfirm.com

Paul E. Slater (admitted *pro hac vice*)
Matthew T. Slater (admitted *pro hac vice*)
Joseph M. Vanek (admitted *pro hac vice*)
David P. Germaine (admitted *pro hac vice*)
John Bjork (admitted *pro hac vice*)
**SPERLING & SLATER, P.C.**
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Tel.: (312) 641-3200
pes@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
jbjork@sperling-law.com
mslater@sperling-law.com

Joseph H. Meltzer (admitted *pro hac vice*)
Terence S. Ziegler (admitted *pro hac vice*)
Ethan J. Barlieb (admitted *pro hac vice*)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
jmeltzer@ktmc.com
tziegler@ktmc.com
ebarlieb@ktmc.com

Kenneth A. Wexler (*pro hac vice* pending)
Tyler Story (*pro hac vice* pending)
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222
kaw@wexlerwallace.com
tjs@wexlerwallace.com

Sharon K. Robertson (*pro hac vice* pending)
Donna M. Evans (*pro hac vice* pending)
**COHEN MILLSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
srobertson@cohenmillstein.com
devans@cohenmillstein.com

*Counsel for Plaintiffs Meijer, Inc., Meijer Distribution, Inc., and the Proposed Class*

Linda P. Nussbaum
**Nussbaum Law Group, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
(917) 438-9189
lnussbaum@nussbaumpc.com

*Counsel for Plaintiff César Castillo, Inc. and the Proposed Class*

Gerald Lawrence (PA ID #69079)
Julia R. McGrath (PA ID #323771)
Renee A. Nolan (PA ID #316558)
**Lowey Dannenberg, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
glawrence@lowey.com
jmcgrath@lowey.com
rnolan@lowey.com

Peter D. St. Phillip (PA ID # 70027)
**Lowey Dannenberg, P.C.**
44 South Broadway
Suite 1100
White Plains, New York 10601
Tel:(914) 997-0500
pstphillip@lowey.com

*Counsel for Plaintiff United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania*

11

James R. Dugan, II
David S. Scalia
Doug Plymale
Bonnie Kendrick
Jessica H. Kish (BBO #560478)
**The Dugan Law Firm, APLC**
One Canal Place – Suite 1000
365 Canal Street
New Orleans, LA 70130
(504) 648-0180
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com
dplymale@dugan-lawfirm.com
bonnie@dugan-lawfirm.com
jessica@dugan-lawfirm.com

Allison Pham
Jessica Chapman
Charles A. O'Brien
**Blue Cross and Blue Shield of Louisiana**
5525 Reitz Avenue
P.O. Box 98029
Baton Rouge, Louisiana 80809
Tel.: (225) 295-2454
Fax: (225) 297-2760

*Counsel for Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, and HMO La., Inc.*

## CERTIFICATE OF SERVICE

I, Gregory T. Arnold, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: March 1, 2019                                         */s/ Gregory T. Arnold*
                                                                                  Gregory T. Arnold

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(2)

I, Gregory T. Arnold, hereby certify that counsel for the direct purchasers and defendants have met and conferred concerning this motion.

Dated: March 1, 2019                                         */s/ Gregory T. Arnold*
                                                                                  Gregory T. Arnold