**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION | MDL No. 2878 |
| THIS DOCUMENT RELATES TO:<br><br>All Cases | Master File No.<br>19-md-02878-NMG |

**JOINT STATUS REPORT FOR SEPTEMBER 11, 2019 CONFERENCE**

The parties submit the following topics for discussion at the September 11, 2019 conference.[1]

**I.  Defendants' May 31, 2019 motions to dismiss the consolidated Direct Purchaser Plaintiffs' and End-Payor Plaintiffs' Complaints.**

Defendants' motions were fully briefed as of July 23, 2019.

**A. Plaintiffs' position**

At the June conference, the plaintiffs understood the Court to say that *if* it was going to hold a hearing on the motions, which is usually does not,[2] it would consider doing so at the next conference.  The Court has not issued a notice of hearing, and the defendants did not raise the issue again until almost 9:30 pm last night.  The plaintiffs do not believe oral argument is warranted on

---

[1] Plaintiffs' position: Defendants added 2+ pages of argument to the joint status report on Tuesday afternoon.  The plaintiffs disagree with much of it as inaccurate and irrelevant.  However, cognizant of the recent docket entry asking that the parties submit a status report, the plaintiffs will not respond at length herein, but will be prepared to address those points at tomorrow's status conference.  Defendants' position: Defendants did not add "2+ pages of argument," and instead responded to edits made by Plaintiffs at 10:00 AM on Tuesday morning.

[2] Of course, this view is entirely consistent with this Court's responses to the Judicial Forum Survey.  *See* http://www.mad.uscourts.gov/boston/gorton.htm (indicating that a hearing on motion to dismiss is "sometimes [held] in conjunction with the scheduling conference but not usually").

the motions, and that the motions should be denied for largely the same reasons set forth in the

Report & Recommendation adopted by this Court on September 7, 2016 [ECF #80] and Plaintiffs'

Oppositions to Defendants' Motions to Dismiss. [ECF # 88 and 90]

**B. Defendants' position**

At the last conference, the Court stated that it would consider hearing argument on

Defendants' motions during the September conference if it had not yet decided those motions.

There was no need for the Court to issue an additional notice of hearing or for the parties to discuss

the potential argument.  The Court's directions were clear.

Defendants will be prepared to argue their motion to dismiss both the end-payor and direct-

purchaser complaints.  Argument on both is essential to efficiently resolving this case.  The end-

payor complaints are new; they were not addressed in the motion-to-dismiss briefing that occurred

in 2016.  Accordingly, the complaints present new issues that this Court did not consider in its

prior motion-to-dismiss decision.  Specifically, the complaints raise *state*-law claims that are both

preempted by federal law and inconsistent with the relevant state statutes, as well as a federal

RICO claim that is based on a legally erroneous interpretation of the mail- and wire-fraud statutes.

The direct-purchaser plaintiffs have also dramatically expanded the potential damages in this case

by expanding their claim to cover a new drug.  Defendants believe that, in the opinion certifying

the original motion-to-dismiss decision for appeal, this Court identified fatal flaws in the direct-

purchaser complaints that Magistrate Judge Kelley did not properly address in her Report and

Recommendation.  The RICO claims in the direct-purchaser complaints also suffer from the same

legal flaw as those in the end-purchaser complaints.  Given the tremendous scope of discovery in

this case and the likelihood that Plaintiffs seek astronomical damages, Defendants should have an

opportunity to argue these dispositive legal issues so the Court can resolve them expeditiously.

## II.    Update on discovery progress.

The parties have made significant progress in advancing discovery in this case.

### A. Production of documents

Since the last conference, Defendants have produced more than 67,000 documents responsive to the DPPs' initial and second requests for production of documents (served on October 7, 2016 and June 20, 2019, respectively).  Defendants are preparing further productions of documents in response to DPPs' second request for production of documents.

The parties were also able to resolve Plaintiffs' Motion to Compel the Complete Production of the Document Set Previously Produced by Parexel without the Court's assistance.  In connection with the resolution of that motion, Defendants produced approximately 18,000 documents of the production set previously produced by Parexel to the Department of Justice. The parties have had several meet and confers regarding other outstanding discovery issues and anticipate these discussions will continue and result in further progress.

### B. Defendants' Privilege logs

#### i.    Plaintiffs' Position

The parties are endeavoring to resolve any disputes before seeking the Court's guidance. Ranbaxy served a revised privilege log on May 30, 2019 and the parties have attempted to narrow or resolve issues through correspondence and a telephonic meet and confer.  The parties engaged in an initial meet-and-confer on July 24, 2019; but Ranbaxy refused to participate in a follow-up call on August 2, 2019 and rejected the plaintiffs' attempts to reschedule for August 5th or 6th. Despite repeated requests from the plaintiffs, Ranbaxy has still not committed to a date certain for resolving deficiencies in the log entries provided on May 30, 2019.

On Monday night Ranbaxy provided its latest "interim" log. Although Ranbaxy indicated in an August 30, 2019 letter that it would "endeavor to complete [a review of specific examples of privilege claims questioned by the plaintiffs] in the next four to six weeks," we still do not have a date certain by which Ranbaxy will commit to producing a full and complete privilege log. Plaintiffs believe that in order to keep discovery in this case on track and properly prepare for depositions, these lingering privilege log issues must be resolved soon, and have proposed September 23, 2019 as a deadline.

The plaintiffs will continue their attempts to resolve these issues among the parties. But if the parties are unable, by September 17, 2019, to agree on an acceptable date for the production of Ranbaxy's complete log for all withheld/redacted documents the plaintiffs may have to seek the Court's intervention in setting such a date.

### ii.    Defendants' Position

Defendants have devoted significant resources to preparing a privilege log, which reflects the fact that many of Plaintiffs' requests seek significant amounts of privileged information. The Plaintiffs have raised a series of objections, which the parties are discussing. As the result of efforts to accommodate Plaintiffs' objections, Defendants have devoted hundreds if not thousands of hours to clarifying and reconsidering certain privilege determinations. In addition to these efforts to resolve Plaintiffs' objections, which Defendants do not believe are meritorious, Defendants are also in the process of logging privileged documents in response to new discovery requests by Defendants. This has been a significant undertaking and remains ongoing.[3]

---

[3] Plaintiffs' recitation of the parties' communications surrounding Defendants' privilege log is misleading. Plaintiffs claim that Defendants "rejected" an August 2, 2019 call. That was because Plaintiffs would not provide an agenda or topics of discussion for the proposed call, so there was no need for a call.

While Plaintiffs are now asking for a deadline for the production of a final privilege log by September 23, 2019, this request was made for the very first time on the night of September 9th, in a draft of this status report.  The Plaintiffs now appear to suggest that they do not intend to raise this issue at the parties' status conference and will instead confer with Defendants.  To the extent that is true, the issue should not be included in the parties' status report.

In any event, the Plaintiffs' request for a final privilege log within 13 days is unrealistic and unreasonable.  Despite representing to counsel that they would make only modest additional discovery requests after consolidating their complaint, Plaintiffs have made over 60 new requests, including one incorporating their nearly 200 initial requests, which necessarily requires the review and production of tens of thousands of documents.  Ranbaxy has already produced over 67,000 additional documents, and its production is ongoing.  The parties have never discussed a timeline for the completion of the production of documents, and the suggestion that Defendants should be forced to complete a privilege log within 13 days is plainly unrealistic.

**C. Non-party discovery**

Meijer, Inc. and Meijer Distribution, Inc.'s ("Meijer") motion to compel non-party Prinston Pharmaceuticals, Inc. ("Prinston") to produce transaction-level sales data for generic Diovan remains pending before Magistrate Judge Kelley.  [ECF #77].  Following a hearing on Meijer's motion, Magistrate Judge Kelley ordered the parties to continue discussions in an attempt to resolve the motion.  [ECF #115].  However, the parties were unable to reach an agreement.  [ECF #121].  On September 6, 2019, Magistrate Judge Kelley entered a supplemental briefing schedule concerning the relevance of Prinston's transaction-level sales data to Meijer's antitrust impact and damages models.  [ECF #122].

Dated: September 10, 2019

Respectfully submitted,

/s/ Robert Allen

Jay P. Lefkowitz, P.C.*
Devora W. Allon, P.C.*
Robert Allen*
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4970
lefkowitz@kirkland.com
bob.allen@kirkland.com
* *admitted pro hac vice*

*Counsel for Defendants*

/s/ Gregory T. Arnold

Thomas M. Sobol (BBO# 471770)
Gregory T. Arnold (BBO# 632738)
Kristie A. LaSalle (BBO #692891)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
grega@hbsslaw.com
kristiel@hbsslaw.com


Steve D. Shadowen (admitted *pro hac vice*)
Matthew C. Weiner (admitted *pro hac vice*)
Sean D. Nation (admitted *pro hac vice*)
**HILLIARD & SHADOWEN LLP**
919 Congress Ave., Suite 1325
Austin, TX  78701
Tel: (855) 344-3928
steve@hilliardshadowenlaw.com
matt@hilliardshadowenlaw.com
sean@hilliardshadowen.com

John D. Radice (admitted *pro hac vice*)
**RADICE LAW FIRM**
34 Sunset Boulevard
Long Beach, NJ 08008
Tel: (646) 245-8502
jradice@radicelawfirm.com

Paul E. Slater (admitted *pro hac vice*)
Joseph M. Vanek (admitted *pro hac vice*)
David P. Germaine (admitted *pro hac vice*)
John Bjork (admitted *pro hac vice*)
**SPERLING & SLATER, P.C.**
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Tel.: (312) 641-3200
pes@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
jbjork@sperling-law.com
mslater@sperling-law.com

Joseph H. Meltzer (admitted *pro hac vice*)
Terence S. Ziegler (admitted *pro hac vice*)
Ethan J. Barlieb (admitted *pro hac vice*)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
jmeltzer@ktmc.com
tziegler@ktmc.com
ebarlieb@ktmc.com

Kenneth A. Wexler (*pro hac vice* pending)
Tyler Story (*pro hac vice* pending)
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222
kaw@wexlerwallace.com
tjs@wexlerwallace.com

Sharon K. Robertson (admitted *pro hac vice*)
Donna M. Evans (BBO #554613)
Royce Zeisler (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
srobertson@cohenmilstein.com
devans@cohenmilstein.com
rzeisler@cohenmilstein.com

*Counsel for Plaintiffs Meijer, Inc., Meijer Distribution, Inc., and the Proposed Class*

Linda P. Nussbaum
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
(917) 438-9189
lnussbaum@nussbaumpc.com

*Counsel for Plaintiff César Castillo, Inc. and the Proposed Class*

James R. Dugan, II
David S. Scalia
**THE DUGAN LAW FIRM, APLC**
One Canal Place – Suite 1000
365 Canal Street
New Orleans, LA70130
(504) 648-0180
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com

Allison Pham
Jessica Chapman
**BLUE CROSS AND BLUE SHIELD OF
LOUISIANA**
5525 Reitz Avenue
P.O. Box 98029
Baton Rouge, Louisiana 80809
Tel.: (225) 295-2454
Fax: (225) 297-2760

*Counsel for Louisiana Health Service and
Indemnity Company d/b/a Blue Cross and
Blue Shield of Louisiana, and HMO La., Inc.*

Gerald Lawrence (PA ID #69079)
Renee A. Nolan (PA ID #316558)
William J. Olson (PA ID #322948)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
glawrence@lowey.com
jmcgrath@lowey.com
rnolan@lowey.com

Peter D. St. Phillip (PA ID # 70027)
**LOWEY DANNENBERG, P.C.**
44 South Broadway
Suite 1100
White Plains, New York 10601
Tel:(914) 997-0500
pstphillip@lowey.com

*Counsel for Plaintiff United Food and
Commercial Workers Health and Welfare
Fund of Northeastern Pennsylvania*

9

**<u>CERTIFICATE OF SERVICE</u>**

I, Robert Allen, hereby certify that this document was electronically filed with the Clerk of the Court for the District of Massachusetts by using the CM/ECF System, which will provide notification of such filing on all registered CM/ECF users and electronic copies will be sent to those indicated as non-registered ECF participants on this 10th day of September, 2019.

Dated: September 10, 2019

*/s/ Robert Allen*
Robert Allen