UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: Ranbaxy Generic Drug Application Antitrust Litigation,<br><br>This Document Relates To:<br><br>    All Cases | MDL No. 19-md-02878-NMG |

**ORDER**

Pending before the Court is the motion of Ranbaxy, Inc. and Sun Pharmaceutical Industries Limited (collectively "Ranbaxy" or "defendants") to certify for interlocutory appeal the order of this Court entered November 27, 2019, (Docket No. 148) denying defendants' motion to dismiss the claims of the Direct Purchaser and End-payor Plaintiffs ("DPPs" and "EPPs" or, collectively, "plaintiffs").

Interlocutory appeals, particularly from denials of motions to dismiss, are "hens-teeth rare" in the First Circuit. Camacho v. Puerto Rico Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004). Pursuant to 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for appeal only if it is satisfied that such an order

> [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . .

28 U.S.C. § 1292(b). Although, as defendants emphasize, interlocutory appeals may often be more appropriate in multi-district litigation ("MDL") than in ordinary litigation, the complexity of an MDL is merely one factor to be considered in determining whether the elements of § 1292(b) are satisfied such that there exists "exceptional circumstances" justifying certification. See In re: Zofran (Ondansetron) Prods. Liab. Litig., 235 F. Supp. 3d 317, 319 (D. Mass. 2017); McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984).

In this case, the First Circuit Court of Appeals has already declined to review, on an interlocutory basis, the precise issues for which defendant again seeks certification. The Court recognizes that, consistent with its previous order allowing certification, its November 27, 2019, Order involves a controlling question of law as to which there is substantial ground for difference of opinion. The protracted nature of this case has, however, altered the Court's calculus with respect to the third element of § 1292(b).

The cases in this multi-district litigation have been pending for nearly five years. Since this Court's prior order

certifying interlocutory appeal, the parties have engaged in extensive discovery. Indeed, fact discovery is set to close in just three months. A second interlocutory appeal of the same issues in the same procedural posture without the benefit of a developed factual record would not "materially advance the ultimate termination" of this case. § 1292(b). To the contrary, it would cause further delay at the pleading stage of an already prolonged litigation.

Accordingly, defendants' motion to certify the Court's November 27, 2019, Order (Docket No. 149) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated February 14, 2020