**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                )
In re: Ranbaxy Generic Drug     )
Application Antitrust Litigation,)   MDL No. 19-md-02878-NMG
                                )
This Document Relates To:       )
                                )
United Food and Commercial Workers )
Health and Welfare Fund of      )
Northeastern Pennsylvania v.    )
Ranbaxy Inc., et al.,           )
No. 19-cv-10356 (D. Mass)       )
                                )
Louisiana Health Services and   )
Indemnity Company d/b/a Blue Cross )
and Blue Shield of Louisiana,   )
et al. v. Ranbaxy Inc., et al., )
No. 19-cv-10274 (D. Mass)       )
                                )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This multi-district litigation involves five actions which were centralized in this Court and divided into two putative classes against Ranbaxy Inc. and Sun Pharmaceutical Industries Limited (collectively, "Ranbaxy" or "defendants") for allegedly causing the delayed market entry of three generic drugs (Diovan, Valcyte and Nexium).

- 1 -

Direct purchaser plaintiffs ("DPPs"), such as wholesalers, purchased brand name and generic drugs directly from drug manufacturers. End-payor plaintiffs ("EPPs"), such as consumers and third-party payors, purchased brand name and generic drugs at the end of the distribution chain from retailers and other financial intermediaries. The DPPs and EPPs separately bring claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), federal and state antitrust law and state consumer protection law.

Pending before the Court is the motion of Ranbaxy to dismiss Counts Six, Seven and Eight of the Consolidated Amended Complaint of the EPPs insofar as those counts allege violation of the state consumer protection statutes of California, West Virginia and Maine.

I.  **Background**

Both the Court and the parties are well acquainted with the facts, which are described in detail in Magistrate Judge Page Kelley's Report and Recommendation on Ranbaxy's motion to dismiss the complaint of plaintiffs Meijer, Inc. and Meijer Distribution, Inc. in the original action in this Court prior to centralization. See Meijer, Inc. v. Ranbaxy, Inc., No.1:15-cv-

11828-NMG (D. Mass. Sept. 7, 2016). For purposes of completeness, however, the Court provides the following abbreviated summary of the background relevant to the pending motion.

On November 27, 2019, this Court dismissed without prejudice the EPPs' consumer protection claims under the laws of California, West Virginia and Maine for failure to plead compliance with the notice and demand requirements of the respective state statutes. With the Court's permission, the EPPs amended their consolidated complaint but Ranbaxy once again moves to dismiss each amended claim.

## II. Motions to Dismiss

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court

of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim of relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

**B.  Application**

Ranbaxy moves to dismiss Counts Six, Seven and Eight of the EPPs' Consolidated Amended Complaint insofar as those counts allege violation of the state consumer protection statutes of California, West Virginia and Maine. Ranbaxy submits that the

- 4 -

EPPs fail to allege compliance with the procedural notice and demand requirements of those acts. The EPPs respond that the procedural requirements are satisfied because Ranbaxy had actual notice of the EPPs' claims and written demands would have been futile.

    **1.    California**

The California consumer protection statute requires that 30 days prior to commencement of an action for damages for a consumer protection violation, a consumer "[n]otify the person alleged to have employed or committed" unlawful practices and "[d]emand that the person correct, repair, replace, or otherwise rectify" the unlawful goods or services. Cal. Civ. Code § 1782(a). Such notice must be in writing and sent by certified mail. Id. The sole statutory exception applies to actions for injunctive relief. Id. § 1782(d). Such actions may be commenced without compliance with Subdivision (a) and may be amended 30 days thereafter to include a claim for damages. Id.

The procedural requirements of Section 1782(a) are not jurisdictional. Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007). Compliance is, however, "necessary to state a claim." Id. (citing Outboard Marine Corp. v. Superior

Court, 52 Cal. App. 3d 30, 40-41 (1975)).  The legislative intent in enacting Section 1782(a) reflects goals beyond mere notice and include the imposition of time constraints upon a manufacturer's opportunity to take corrective action as well as the facilitation of settlement prior to litigation. See Outboard Marine Corp., 52 Cal. App. 3d. at 40-41.  California courts have consistently held that such goals can be accomplished only by literal application of the notice and demand requirements. Davis v. Chase Bank U.S.A., N.A., 650 F. Supp. 2d 1073, 1088-89 (C.D. Cal. 2009).  Anything short of compliance is insufficient, even upon a showing that the defendant had actual notice as a result of similar litigation between the parties and the likelihood of settlement is virtually nonexistent. Id.

   The EPPs were provided an opportunity to amend their consolidated complaint to allege compliance with the procedural requirements of Section 1782(a).  The Consolidated Amended Complaint fails to accomplish that goal.  Accordingly, the California consumer protection claims of the EPPs will be dismissed, this time with prejudice.

### 2. West Virginia

The West Virginia consumer protection statute, like that of California, contains mandatory compliance language. It provides that no claim may be brought until the plaintiff

> has informed the seller or lessor in writing and by certified mail . . . of the alleged violation and provided . . . twenty days from receipt of the notice of violation but ten days in the case a cause of action has already been filed to make a cure offer . . .

W. Va. Code. § 46A-6-106(c). There is admittedly a dearth of caselaw interpreting that provision. The little that does exist, however, favors the California approach requiring strict application of the notice requirement absent statutorily prescribed excuses. See McCoy v. South Energy Homes, Inc., No. 1:09-cv-1271, 2012 WL 1409533, *12 (S.D.W. Va. Apr. 23, 2012) ("Plaintiffs' argument that they are excused from providing notice to the seller because it would be impossible to do so fares no better. The statute does not create such an exception . . . .").

The EPPs' respond that the Court should simply apply a "liberal construction" to the West Virginia statute because it is "remedial" in nature and intended to protect consumers from

unfair and deceptive business practices. The remedial nature of the statute does not, however, excuse one who seeks to bring a consumer protection claim from complying with the procedural requirements of providing written notice. Consequently, the EPPs' West Virginia consumer protection claims will be dismissed, also with prejudice.

### 3. Maine

The consumer protection statute of Maine similarly employs mandatory language requiring pre-suit notice and demand. Maine's Unfair Trade Practices Act ("the MUTPA") provides that

> [a]t least 30 days prior to the filing of an action for damages, a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive act or practice relied upon and the injuries suffered, must be mailed or delivered to any prospective respondent at the respondent's last known address.

5 Me. Rev. Stat. § 213(1-A). The only statutory exception applies to counterclaims and cross claims. Id.

The case law interpreting the MUTPA is, as the parties describe, even more "sparse" than that interpreting its West Virginia counterpart. Unlike the West Virginia precedent, however, the limited case law interpreting the MUTPA is virtually uniform in allowing claims to proceed despite lack of

pre-suit notice and demand.  The Maine Supreme Judicial Court has plainly held that failure to comply with the MUTPA's pre-suit notice and demand requirement does not require dismissal. Oceanside at Pine Point Condominium Owners Ass'n v. Peachtree Doors, Inc., 659 A.2d 267, 268 (Me. 1995) ("Oceanside").

In Oceanside, the Court considered a dispute between a condo association and a window manufacturer in which summary judgment was entered in favor of defendants on plaintiffs' MUTPA claim for failure to comply with Section 213(1-A). Id. Plaintiff insisted that the notice requirement was effectively met because the contractor that installed the allegedly defective windows sent to defendants a letter regarding the defect before plaintiff filed its lawsuit. Id. at 272.  The Court held that the contractor's letter did not satisfy Section 213(1-A) because it was not written by the plaintiff, did not identify the allegedly unfair and deceptive conduct and did not make a demand for monetary relief. Id. at 273.  The appellate Court nevertheless concluded that

> [i]n the absence of explicit terms regarding noncompliance
> . . . the notice requirements of section 213(1-A) are not
> jurisdictional and do not operate in this case to preclude
> the plaintiffs from maintaining their UTPA claim against
> [defendant].

- 9 -

Id.

Ranbaxy dismisses Oceanside as merely holding that Section 213(1-A) is not jurisdictional. That interpretation is, however, undermined by the clear language of the Maine Supreme Judicial Court reaffirming Oceanside in Kilroy v. Northeast Sunspaces, Inc., 930 A.2d 1060, 1064 (Me. 2007). In Kilroy, the Court considered "the question of the appropriate remedy when . . . the notice requirement of section 213(1-A) is not met." Id. After reiterating that dismissal of the MUTPA claim was not required, the Court explained that the failure of a plaintiff to comply with Section 213(1-A) may have consequences other than dismissal, such as being factored into consideration in determining whether to award attorney's fees. Id. See also In re New Motor Vehicles Canadian Exp. Antitrust Litig., 350 F. Supp. 2d 160, 186 (D. Me. 2004) ("[F]ailure to comply with the express terms of [the MUTPA's] notice requirement does not bar [plaintiff's] Maine consumer protection claim.").

Oceanside and Kilroy compel the conclusion that the failure to comply with Section 213(1-A) does not require dismissal of the EPPs' MUTPA claims. Accordingly, Ranbaxy's motion to

dismiss the Maine consumer protection claims of the EPPs will be denied.

**ORDER**

For the forgoing reasons, the motion of defendants Ranbaxy, Inc. and Sun Pharmaceutical Industries, Ltd. to dismiss Counts Six, Seven and Eight of the Consolidated Amended Complaint of the End-Payor Plaintiffs (Docket No. 181) is, with respect to the alleged violation of the state consumer protection laws of Maine, **DENIED**, but is otherwise **ALLOWED**. Those counts, with respect to the alleged violation of the state consumer protection laws of California and West Virginia, are **DISMISSED with prejudice**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 8, 2020