UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION | MDL No. 2878 |
| THIS DOCUMENT RELATES TO:<br><br>All Cases | Master File No.<br>19-md-02878-NMG |

**JOINT STATUS REPORT ON DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF NON-PARTY ASTRAZENECA L.P.'S SALES DATA**

Pursuant to Magistrate Judge Kelley's December 3, 2020 Order (ECF No. 302), Defendants Ranbaxy Inc. and Sun Pharmaceutical Industries Ltd., and non-party AstraZeneca L.P. ("AstraZeneca") held multiple meet and confer sessions concerning (1) this Court's November 12, 2020 order granting Defendants' September 23, 2020 motion to compel the production of AstraZeneca's transaction-level sales data (ECF Nos. 256, 257, 298); and (2) AstraZeneca's motion for reconsideration of the Court's November 12, 2020 Order (ECF Nos. 299, 300). The parties hereby submit the following joint status report, filed by Defendants with AstraZeneca's consent, regarding their efforts to resolve Defendants' motion.

**Defendants' Position:** During the Court's last hearing, AstraZeneca was instructed to produce two categories of data: (1) administrative fees paid to group purchasing organizations and wholesalers, and (2) rebates paid in connection with Medicaid programs. This Court directed the parties to confer regarding the timing and scope of discovery. Unfortunately, the parties have reached an impasse. In response to AstraZeneca's motion for reconsideration concerning its stated

1

burden in connection with producing the rebate data, Defendants asked AstraZeneca whether they could prioritize certain years of data so that Defendants did not receive all of the requested data immediately prior to their deadline to serve expert reports and respond to Plaintiffs' motions for class certification. AstraZeneca did make an offer to produce data from 2017-2019, noting that it would be more convenient to produce than data from 2012-2016. Unfortunately, the parties were unable to reach an agreement that would allow Defendants to receive the most critical years of data, 2012-2016, by mid-December. Defendants also made an offer concerning a potential declaration, which would address both Defendants' request for a deposition as well as the requested data, however, the parties were unable to reach agreement regarding such a declaration.

As stated in the parties November 5, 2020 joint status report (ECF No. 293), Defendants maintain that this data is relevant. The rebates specifically provide key information as to the net price received by AstraZeneca for its Nexium products, which may impact not only on the prices paid by other purchasers but also the total volume of products sold, including those distributed by potential class members.[1] There is no reason to disturb this Court's November 12, 2020 Order. Defendants respectfully request that the Court direct AstraZeneca to complete its production of the Medicaid rebate data no later than December 17, 2020, one week after its original deadline.

**AstraZeneca's Position**:  On December 3, upon receiving AstraZeneca's motion to reconsider, the Court ordered the parties "to confer regarding the scope of discovery to be provided and the timing of the discovery." Despite AstraZeneca's best efforts, the parties have not reached agreement.

---

[1] Defendants intend to file an opposition to AstraZeneca's November 30, 2020 Motion for Reconsideration, which will also address these issues.

As AstraZeneca wrote in the motion to reconsider, and as reflected in Charles Fidler's declaration, AstraZeneca cannot practicably produce all of the outstanding data by the December 10 deadline. (*See* ECF Nos. 299, 299-1.) However, AstraZeneca has been working diligently to produce the majority of the outstanding data as quickly as possible—and before the deadline—including in a production on November 20.

In addition, consistent with the Court's order, AstraZeneca has attempted in good faith to reach an agreement with Plaintiffs that will allow it to meet the deadline. However, those discussions have not been productive. On December 4, the parties discussed two potential compromises. First, Defendants offered to drop their request for the outstanding Medicaid rebate data—the portion of the outstanding data that AstraZeneca does not believe it can produce by December 10—in exchange for AstraZeneca's agreement to provide a declaration relating to the data that AstraZeneca has already produced in this matter. The draft declaration that Defendants provided for AstraZeneca's consideration does not discuss Medicaid rebates, but rather refers repeatedly to the documents in AstraZeneca's previous productions. AstraZeneca informed Defendants that it could not practicably review and agree to such a declaration in the available time, and noted that the requested declaration did not appear to be reasonably related to the outstanding Medicaid rebate data.

Second, Defendants suggested that AstraZeneca could prioritize the production of certain data, and specifically prioritizing data from the years 2017 through 2019, because it is stored in an active database. When the parties spoke again this morning, AstraZeneca informed Defendants that—at great effort and expense—it could commit to producing the Medicaid data for 2017 through 2019 no later than December 23, and likely sooner. AstraZeneca expected this to be welcome news, because Defendants have repeatedly represented that the outstanding data is only

3

useful to them if they receive it by early December, in advance of class certification briefing. However, Defendants responded that the data from 2017 through 2019 is not a priority, and they would prefer that AstraZeneca allocate resources to prioritize data from 2012 through 2016.

Despite its best efforts, AstraZeneca has not been able to reach an agreement with Defendants, and it is unable to meet the December 10 deadline. As a result, AstraZeneca respectfully asks the Court to reconsider its previous ruling.

Dated: December 8, 2020

| | |
|---|---|
| /s/ Kyla A. Jackson | /s/ Robert Tilley |
| Jay P. Lefkowitz, P.C.* | Einar Stole (*pro hac vice*) |
| Devora W. Allon, P.C.* | Robert Tilley (*pro hac vice*) |
| Robert W. Allen, P.C.* | **COVINGTON & BURLING LLP** |
| Kyla A. Jackson* | One CityCenter |
| **KIRKLAND & ELLIS LLP** | 850 10th St. NW |
| 601 Lexington Avenue | Washington, DC 20001 |
| New York, NY 10022 | Tel: 202.662.6000 |
| Tel: (212) 446-4970 | estole@cov.com |
| lefkowitz@kirkland.com | rtilley@cov.com |
| devora.allon@kirkland.com | |
| bob.allen@kirkland.com | *Counsel for AstraZeneca L.P.* |
| kyla.jackson@kirkland.com | |
| *admitted pro hac vice | |

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I, Kyla Jackson, hereby certify that this document was electronically filed with the Clerk of the Court for the District of Massachusetts by using the CM/ECF System, which will provide notification of such filing on all registered CM/ECF users and electronic copies will be sent to those indicated as non-registered ECF participants on this 8th day of December 2020.

Dated: December 8, 2020                              */s/ Kyla Jackson*
                                                          Kyla Jackson