**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION ──────────────────────── THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | Master File No. 19-md-02878-NMG |

**MEMORANDUM IN SUPPORT OF DIRECT PURCHASER CLASS PLAINTIFFS'**
**MOTION FOR ENTRY OF AN ORDER APPROVING THE FORM AND MANNER OF**
**NOTICE, APPOINTING A NOTICE ADMINISTRATOR, AND FORMALLY**
**APPOINTING CLASS REPRESENTATIVES AND LEAD CLASS COUNSEL**

# **TABLE OF CONTENTS**

I.     INTRODUCTION ..............................................................................................1

II.    PROCEDURAL HISTORY ...............................................................................2

III.   OVERVIEW OF THE PROPOSED NOTICE PROGRAM ...............................3

IV.    ARGUMENT....................................................................................................5

     A.   The Court should enter an order formalizing its findings pursuant to Rule 23. ...5

     B.   The Court should appoint Hagens Berman Sobol Shapiro LLP and Hilliard & Shadowen LLP as lead class counsel and designate Meijer, Inc. and Meijer Distribution, Inc. as representatives of the classes. ......................................................5

     C.   The Court should approve the form and manner of notice as compliant with Rule 23 and due process.........................................................................................6

          1.   The proposed form of notice complies with Rule 23......................................6

          2.   The proposed manner of notice complies with Rule 23. ..............................8

          3.   A 35-day opt-out period is adequate and fair...............................................11

          4.   Rust Consulting is qualified to serve as notice administrator. ..................12

V.     CONCLUSION ................................................................................................13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aldapa v. Fowler Packing Co.,*
No. 15-cv-420, 2016 WL 1073252 (E.D. Cal. Mar. 18, 2016) .................................................... 12

*Brewer v. Salyer,*
No. 06-cv-1324, 2010 WL 1558413 (E.D. Cal. Apr. 19, 2010) ..........................................9

*Gacy v. Gammage & Burnham,*
No. 04-cv-1934, 2005 WL 3455105 (D. Ariz. Dec. 15, 2005) ..........................................9

*In re DDAVP Direct Purchaser Antitrust Litig.,*
No. 05-cv-2237 (S.D.N.Y. Aug. 16, 2011) .................................................................. 12

*In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.,*
No. 17-md-2785 (D. Kan. October 13, 2020) ...................................................................7

*In re Glumetza Antitrust Litig.,*
No. 19-cv-5822 (N.D. Cal. Oct. 15, 2020) ...................................................................9

*In re Intuniv Antitrust Litig.,*
No. 16-cv-12653 (D. Mass. Dec. 23, 2019) ......................................................... passim

*In re K-Dur Antitrust Litig.,*
No. 01-cv-1652 (D.N.J. Sept. 12, 2016) ...............................................................9, 12

*In re Loestrin 24 Fe Antitrust Litig.,*
No. 13-md-2472 (D.R.I. Aug. 14, 2019) ............................................................6, 7, 8, 12

*In re Marsh & McLennan Cos., Inc. Sec. Litig.,*
No. 04-cv-8144, 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) .................................... 12

*In re Namenda Direct Purchaser Antitrust Litig.,*
No. 15-cv-7488 (S.D.N.Y. Dec. 6, 2018) ...................................................................9

*In re Neurontin Marketing, Sales Practices, and Products Liability Litigation,*
MDL No. 1629 (D. Mass.) ...............................................................................6, 7

*In re Nexium (Esomeprazole) Antitrust Litig.*,
   No. 12-md-2409 (D. Mass. Dec. 27, 2013) ...............................................................6, 7, 12

*In re Niaspan Antitrust Litig.*,
   No. 13-md-2460 (E.D. Pa. Dec. 13, 2019) ...............................................................9

*In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*,
   No. 18-md-2819 (E.D. N.Y. May 15, 2020) ...............................................................2, 7, 8

*In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*,
   No. 14-md-2503 (D. Mass. Dec. 20, 2017) ...............................................................6, 7

*In re StockerYale, Inc. Sec. Litig.*,
   No. 05-cv-177, 2007 WL 2410361 (D.N.H. Aug. 21, 2007) ...............................................................9

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
   No. C 06-2069, 2008 WL 413749 (N.D. Cal. Feb. 13, 2008) ...............................................................12

*In re Wellbutrin XL Antitrust Litig.*,
   No. 08-cv-2431 (E.D. Pa. Sept. 20, 2011) ...............................................................10

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950) ...............................................................8

*Parks v. Portnoff Law Assocs.*,
   243 F. Supp. 2d 244 (E.D. Pa. 2003) ...............................................................9

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ...............................................................9

*Pierce v. Novastar Mortg., Inc.*,
   No. C05-5835, 2007 WL 1046914 (W.D. Wash. Apr. 2, 2007) ...............................................................12

*Schwarm v. Craighead*,
   233 F.R.D. 655 (E.D. Cal. 2006) ...............................................................9

*Smith v. Prof'l Billing & Mgmt. Servs., Inc.*,
   No. 06-cv-4453, 2007 WL 4191749 (D.N.J. Nov. 21, 2007) ...............................................................9

**Other Authorities**

Fed. Judicial Ctr., *Manual for Complex Litigation*
   § 21.311 at 287 (4th ed. 2004)..................................................................................................9

**Rules**

Fed. R. Civ. P. 23..................................................................................................................passim

# I.    INTRODUCTION

Pursuant to this Court's May 14, 2021 order granting the Direct Purchaser Class Plaintiffs' Motion for Class Certification (the "Order"),[1] the direct purchaser class plaintiffs respectfully request that the Court enter an order (i) approving the form and manner of notice to the classes; (ii) appointing Rust Consulting, Inc. the notice administrator for the direct purchaser classes; and (iii) formalizing its findings as to the adequacy of the class representatives and class counsel by appointing Meijer, Inc. and Meijer Distribution, Inc. representatives of the certified classes, and appointing Hagens Berman Sobol Shapiro LLP and Hilliard & Shadowen LLP lead class counsel.

On May 14, 2021, the Court issued an Order granting the Direct Purchaser Class Plaintiffs' Motion for Class Certification.  The Court certified three direct purchaser classes: a class of Diovan purchasers, a class of Nexium purchasers, and a class of Valcyte purchasers (defined below).[2]  The Order addresses the substantive requirements of Rules 23(a) and (b) but does not explicitly appoint class representatives (pursuant to Rule 23(a)(4)) or lead class counsel (pursuant to Rule 23(g)).  Pursuant to Fed. R. Civ. P. 23(c)(1)(B), "[a]n order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)."  Out of an abundance of caution, the direct purchasers respectfully request that the Court enter a supplemental order formalizing its findings and appointing Meijer, Inc. and Meijer Distribution, Inc. (collectively, "Meijer") class representatives and Hagens Berman Sobol Shapiro LLP and Hilliard & Shadowen LLP lead class counsel.

---

[1] ECF No. 389.

[2] *Id.* at 9-22.

The direct purchasers also respectfully request that the Court approve the proposed form and manner of notice to the certified classes informing them of the pendency of this class action, and appoint Rust Consulting as the notice administrator.[3]  An overview of the notice program is provided below; it includes direct mail notice to all class members, as well as supplemental notice by electronic mail when feasible (as was recently approved in *Restasis* and *Intuniv*, in recognition that the COVID-19 pandemic may continue to affect how quickly physical mail is reviewed).  The direct purchasers have provided Ranbaxy with drafts of the proposed form and manner of notice and discussed their contents.  With the exception of one issue (noted in the motion and discussed below), Ranbaxy's proposed edits to the class notice were incorporated.  Accordingly, the direct purchasers' proposed form and manner of notice to class members concerning the pendency of this class action should be approved.  The Court should also appoint Rust Consulting – a veteran administrator familiar with the classes – notice administrator in this action.

A proposed order formalizing the Court's findings in accordance with Rule 23, designating class representatives, appointing lead class counsel, approving the form and manner of notice to the classes, and appointing Rust Consulting as notice administrator is filed herewith.

## II. PROCEDURAL HISTORY

The direct purchasers filed a motion for class certification on November 2, 2020, requesting certification of three classes of direct purchasers of Diovan, Nexium, and Valcyte. The direct purchasers' motion also requested (i) appointment of Meijer, Inc. and Meijer Distribution, Inc. as the class representatives and (ii) appointment of Thomas M. Sobol and

---

[3] The proposed notice will not be sent until the Court has formalized its appointment of class representatives and class counsel.  It anticipates that the Court grants the direct purchasers' request to appoint class representatives and class counsel.

Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP and Steve D. Shadowen of Hilliard & Shadowen LLP as lead counsel for the direct purchaser classes.[4]  On May 14, 2021, the Court issued an Order certifying the proposed classes.  The Court found that the direct purchaser classes satisfied the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy, in addition to the Rule (23)(b)(3) requirements of predominance and superiority, making certification appropriate.[5]

### III. OVERVIEW OF THE PROPOSED NOTICE PROGRAM

The key elements of the direct purchasers' proposed notice program are as follows.

*Manner of notice.* The direct purchasers propose individual notice to all class members by U.S. First Class mail, in addition to supplemental delivery by electronic mail to known employees and representatives of the direct purchaser class members when feasible.[6]  The certified classes are defined as:

> All persons or entities in the United States and its territories who purchased Diovan and/or AB-rated generic versions of Diovan directly from any of the Defendants or any brand or generic manufacturer at any time during the period September 21, 2012, through and until the anticompetitive effects of the Defendants' conduct cease (the "Diovan Class Period");

> All persons or entities in the United States and its territories who purchased Valcyte and/or AB-rated generic versions of Valcyte directly from any of the Defendants or any brand or generic manufacturer, but excluding those purchasers who only purchased branded Valcyte, at any time during the period August 1, 2014, through and until the

---

[4] The direct purchasers initially sought appointment of Thomas M. Sobol and Steve D. Shadowen as lead class counsel.  ECF No. 286-42.  With their reply brief, the direct purchasers modified proposed lead class counsel to include Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP (who was out on leave at the time of the initial filing).  ECF No. 350-1.  This change is reflected in the proposed order attached herewith.

[5] Order at 10 (numerosity), 11 (commonality), 14 (typicality), 15 (adequacy), 19 (predominance), and 22 (superiority).

[6] Contact information for many class members is known to class counsel through, *e.g.*, sending notice in previous direct purchaser class action litigation.  Rust Consulting will either (i) use the existing email contact information maintained by class counsel or (ii) contact class members directly to try to obtain an email address for the purposes of sending notice.

anticompetitive effects of the Defendants' conduct cease (the "Valcyte Class Period"); and

All persons or entities in the United States and its territories who purchased Nexium and/or AB-rated generic versions of Nexium directly from any of the Defendants or any brand or generic manufacturer at any time during the period May 27, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Nexium Class Period").

Excluded from each of the direct purchaser classes are the defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all governmental entities.

The entities included in the certified classes are known and identified in Exhibit 1 to the supporting Declaration of Thomas M. Sobol (the "Sobol Declaration") filed herewith. Addresses for these class members are ascertainable from Ranbaxy's and non-party manufacturers' transaction-level sales data, and from class counsel's previous interactions with class members, and will be updated as necessary to effectuate direct individual notice. Accordingly, individual notice to each class member by First Class mail, supplemented by delivery via electronic mail to known representatives of the class members, is the best notice that is practicable under the circumstances.[7]

*Form of notice.* The direct purchasers' proposed notice, attached as Exhibit 2 to the Sobol Declaration, states clearly and concisely in plain, easily understood language the nature of the action and other elements required by Rule 23(c)(2)(B)(i-vii). The notice is modeled on the form of notice approved in other generic suppression antitrust actions and RICO actions. It satisfies the requirements of both Rule 23(c)(2)(B) and due process.

---

[7] Fed. R. Civ. P. 23(c)(2)(B) (stating that "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means").

*Proposed notice administrator.* The direct purchasers propose that Rust Consulting be appointed class notice administrator.  Rust Consulting has been appointed notice and/or claims administrator in numerous cases and is qualified to serve in this action.

## IV. ARGUMENT

### A.  The Court should enter an order formalizing its findings pursuant to Rule 23.

After extensive briefing on the direct purchasers' motion for class certification, the Court issued an Order analyzing each element of Rule 23(a) and Rule 23(b)(3).  Although the Order addresses each necessary element of Rule 23(a) and Rule 23(b)(3) – including, implicitly, adequacy of representation – it does not formally appoint class representatives or lead class counsel.  The direct purchasers seek a supplemental order appointing class representatives and lead class counsel for the certified classes.

### B.  The Court should appoint Hagens Berman Sobol Shapiro LLP and Hilliard & Shadowen LLP as lead class counsel and designate Meijer, Inc. and Meijer Distribution, Inc. as representatives of the classes.

Pursuant to Rule 23(g),[8] and consistent with the Court's April 22, 2019 order appointing interim lead counsel,[9] the direct purchasers respectfully ask the Court to appoint Hagens Berman Sobol Shapiro LLP (Thomas M. Sobol and Kristen A. Johnson) and Hilliard & Shadowen LLP (Steve D. Shadowen) lead class counsel for each of the certified classes.  As the Court found in its Order, the attorneys and their respective firms have extensive experience in RICO and antitrust cases against pharmaceutical companies.[10]  These firms, in collaboration with other class counsel, are working efficiently and effectively to prosecute this case.

---

[8] *See* Rule 23(g)(1) (stating "unless a statute provides otherwise, a court that certifies a class must appoint class counsel").

[9] ECF No. 32.

[10] *See* Order at 15.  The firm resumes for Hagens Berman Sobol Shapiro LLP and Hilliard & Shadowen LLP were included as Exhibits 36 and 37 to the direct purchasers' motion for class certification.  ECF

The direct purchasers also respectfully request that the Court formally appoint Meijer, Inc. and Meijer Distribution, Inc. representatives for the respective classes.  As the Court explained in its Order, Meijer has been injured in the same manner and by the same conduct as the members of each class.[11]  Furthermore, Meijer's interests do not conflict in any cognizable or material way with the interests of absent class members.[12]

## C.  The Court should approve the form and manner of notice as compliant with Rule 23 and due process.

### 1.  The proposed form of notice complies with Rule 23.

Pursuant to Rule 23(c)(2)(B), "[t]he notice must clearly and concisely state in plain, easily understood language:

    i.     the nature of the action;
    ii.    the definition of the class certified;
    iii.   the class claims, issues, or defenses;
    iv.   that a class member may enter an appearance through an attorney if the member so desires;
    v.    that the court will exclude from the class any member who requests exclusion;
    vi.   the time and manner for requesting exclusion; and
    vii.  the binding effect of a class judgment on members under Rule 23(c)(3)."

The proposed notice is modeled after the court-approved notices sent to classes of direct purchasers in similar generic suppression antitrust cases, including *Nexium*, *Solodyn*, *Loestrin*,

---

Nos. 289-36, 289-37.  The resume of Kristen A. Johnson was submitted as Exhibit 3 to the direct purchasers' reply in support of class certification.  ECF No. 350-2.  In particular, Mr. Sobol and Ms. Johnson obtained a $142 million RICO jury verdict against Pfizer for fraudulently marketing its drug Neurontin and separately negotiated a $325 million settlement on behalf of a class of health plans, *In re Neurontin Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 1629 (D. Mass.) (Saris, J.).

[11] *Id.* at 14.

[12] *Id.* at 15.

*Intuniv*, and *Restasis*.[13]  It also draws on the notices sent to the certified RICO classes in

*Neurontin* and *EpiPen*.[14]

The classes consist of entities that have received similar notices in other direct

purchaser antitrust class actions.  Consistent with the notices approved in the above cases, the

proposed notice is designed to alert class members to the litigation by using a prominent

headline – emphasized via large, bold font – that will enable class members to determine if they

are potentially affected by the litigation.  Plain language text provides important information

regarding the subject of the litigation, the class definitions, and the legal rights available to

class members, including instructions on how a class member may request exclusion from the

litigation.  In addition, the proposed notice assumes the Court will appoint lead class counsel as

requested herein, and it prominently features lead class counsel's contact information, which

class members can utilize to obtain other information, if desired.

The proposed notice satisfies the requirements of Rule 23(c)(2)(B)(i-vii).  It describes the

nature of the action, including that it alleges RICO and antitrust claims, in the introduction and

at Question 2.  It includes the three respective class definitions and class claims in the

---

[13] *See, e.g.*, Notice, *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-2409 (D. Mass. Dec. 27, 2013), ECF No. 714-2 (Ex. B to Order); Notice, *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 14-md-2503 (D. Mass. Dec. 20, 2017), ECF No. 872; Notice, *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472 (D.R.I. Aug. 14, 2019), ECF No. 1200 (Ex. A to Order); Notice, *In re Intuniv Antitrust Litig.*, No. 16-cv-12653 (D. Mass. Dec. 23, 2019), ECF No. 396-1 (Ex. 2 to Barnes Decl.); Notice, *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, No. 18-md-2819 (E.D. N.Y. May 15, 2020), ECF No. 507-1.  The class notices from *Nexium, Solodyn, Loestrin, Intuniv*, and *Restasis* are attached as Exhibits 3-7 to the Sobol Declaration.

[14] *See* Proposed Notice & Order, *In re Neurontin Marketing, Sales Practices, & Products Liability Litig.*, No. 04-cv-10981 (D. Mass. July 25, 2014), ECF Nos. 4260-1 (Ex. 3 to Coggeshall Decl.), 4277; Proposed Notice & Order, *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.*, No. 17-md-2785 (D. Kan. October 13, 2020), ECF Nos. 2209-3 (Ex. 2 to Pritzker Decl.), 2240.  The *Neurontin* and *EpiPen* notices are attached as Exhibits 8 and 9 to the Sobol Declaration.  While the *Neurontin* notice followed a settlement for a class of third-party payors, it is instructive as an example of a class action notice sent in the First Circuit explaining RICO allegations and how to opt out of the class.

introduction and at Question 3.  It states that class members may opt out of one of more classes and addresses the process for doing so at Questions 11 and 12.  It describes the binding nature of a judgement with respect to a particular class at Questions 9 and 10.  And it states that a class member may enter an appearance through an attorney if the member so desires at Questions 9 and 14.

Although the direct purchasers believe the proposed notice fairly and accurately describes the claims and allegations at issue in this litigation, the defendants proposed deleting the underlined sentence from the introduction of the notice, claiming it is advocacy.  In the direct purchasers' view, it is a fair description of the claims, as required by Rule 23(c)(2)(B).  It is intentionally placed prominently in the introduction – as in *Intuniv*, *Loestrin*, and *Restasis*, and as recommended by the notice administrator – to increase visibility for class members.  The direct purchasers respectfully request that the Court approve the proposed notice with the underlined language included.

### 2.  The proposed manner of notice complies with Rule 23.

Pursuant to Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The best notice practicable is notice that can be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[15]

The direct purchasers have already identified by name, based on data produced by Ranbaxy and non-parties, the members of each respective class.[16]  These class members are

---

[15] *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

[16] *See* Ex. 1 to Declaration of Thomas M. Sobol, Expert Report of Meredith B. Rosenthal, at ¶¶ 93-94 & Attachs. F.1-4 (customer lists); Ex. 1 to Reply Declaration of Thomas M. Sobol, Rebuttal Expert Report of Meredith B. Rosenthal, at Attachs. F.2-3 (revised Nexium customer lists).

identified in Exhibit 1 to the Sobol Declaration.  Rust Consulting, in conjunction with the

direct purchasers, is already working to verify the last known mailing addresses for members of

each class (available from the sales data produced in this case and, in some instances, through

class counsel's experience in similar cases) and, once appointed, will update addresses as

appropriate.[17]

The direct purchasers propose to mail the notice within ten (10) days of the Court

approving the form and manner of notice.

Under these circumstances, the best method of notice is direct individual notice.[18]

Federal courts routinely order direct individual notice by U.S. First Class mail.[19]  Courts in

similar generic suppression antitrust and RICO class actions have likewise approved this

method of notice.[20]

---

[17] The documents and sales data produced by Ranbaxy and non-party manufacturers included address information.  The direct purchasers will update and supplement the addresses as needed using publicly available information.

[18] *See* Fed. Judicial Ctr., *Manual for Complex Litigation* § 21.311 at 287 (4th ed. 2004) ("Rule 23(c)(2)(B) requires that individual notice in 23(b)(3) actions be given to class members who can be identified through reasonable effort . . . . When the names and addresses of most class members are known, notice by mail is usually preferred.").

[19] *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (holding due process satisfied through a descriptive notice with an explanation of the right to "opt out" sent via first class mail); *Brewer v. Salyer*, No. 06-cv-1324, 2010 WL 1558413, at *1-2 (E.D. Cal. Apr. 19, 2010) (approving notice by first class mail); *Smith v. Prof'l Billing & Mgmt. Servs., Inc.*, No. 06-cv-4453, 2007 WL 4191749, at *4 (D.N.J. Nov. 21, 2007) ("[Notice by first-class mail] is unquestionably the best notice practicable under the circumstances."); *In re StockerYale, Inc. Sec. Litig.*, No. 05-cv-177, 2007 WL 2410361, at *2-4 (D.N.H. Aug. 21, 2007) (ordering notice to be sent to reasonably identified class members by first class mail); *Schwarm v. Craighead*, 233 F.R.D. 655, 665 (E.D. Cal. 2006) (approving notice by first class mail); *Gacy v. Gammage & Burnham*, No. 04-cv-1934, 2005 WL 3455105, at *2 (D. Ariz. Dec. 15, 2005) (same); *Parks v. Portnoff Law Assocs.*, 243 F. Supp. 2d 244, 249 (E.D. Pa. 2003) ("[N]otices . . . sent via first class mail to the last known address in defendant's records of the 2,391 potential class members . . . was a reasonable effort as well as the most efficient and effective means for reaching individual members of the class.").

[20] *See* Order at 2, *In re Glumetza Antitrust Litig.*, No. 19-cv-5822 (N.D. Cal. Oct. 15, 2020), ECF No. 389; Motion & Order, *In re Intuniv Antitrust Litig.*, No. 16-cv-12653 (D. Mass. Jan. 10, 2020), ECF Nos. 393-1 (proposed order), 400; Order ¶ 2, *In re Niaspan Antitrust Litig.*, No. 13-md-2460 (E.D. Pa. Dec. 13, 2019), ECF 697; Order ¶ 3, *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472 (D.R.I. Aug. 14, 2019), ECF No. 1200; Order ¶ 1, *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-cv-7488 (S.D.N.Y. Dec. 6, 2018), ECF No. 602; Order ¶ 2, *In re K-Dur Antitrust Litig.*, No. 01-cv-1652 (D.N.J. Sept. 12, 2016),

In light of the ongoing global pandemic, some courts have requested and/or approved additional notice by electronic mail and website.[21]  In particular, to ensure adequate notice for a proposed settlement class of direct purchasers of the drug Restasis during the COVID-19 crisis, the United States District Court for the Eastern District of New York (Hon. Nina Gershon) directed class counsel to send notice to class members by: (1) first class mail, (2) email, and (3) via website.[22]  The court directed that class members should be permitted to email or mail (via first class mail) a letter stating their desire to be excluded from the class.[23]  The court further required that class counsel notify class members of any date changes by: (1) email, and (2) posting any such changes to the settlement website.[24]  The court subsequently directed class counsel to notify class members that they should *email*—not mail—any objections and Notices of Intention to Appear to the parties' counsel and the court.[25]  The notice program in *Intuniv* (Hon. Allison Burroughs) followed this lead, tasking counsel with using best efforts to send

---

ECF No. 887; Order ¶ 4, *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-2409 (D. Mass. Dec. 27, 2013), ECF No. 714; Order ¶ 4, *In re Wellbutrin XL Antitrust Litig.*, No. 08-cv-2431 (E.D. Pa. Sept. 20, 2011), ECF No. 379; Decl. of Daniel Coggeshall ¶¶ 6-12 & Order ¶ 10, *In re Neurontin Marketing, Sales Practices, & Products Liability Litig.*, No. 04-cv-10981 (D. Mass. July 25, 2014), ECF Nos. 4260-1 (Ex. A. to Settlement Agreement), 4277; Order at 12, *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.*, No. 17-md-2785 (D. Kan. October 13, 2020), ECF No 2240.

[21] *See, e.g.*, Order ¶ 23, *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, No. 18-md-2819 (E.D. N.Y. May 15, 2020), ECF No. 507.

[22] Second Notice to Counsel Regarding Direct Purchaser Class Settlement at 2, 18-md-02819-NG-LH, ECF No. 497 (Apr. 3, 2020).

[23] *See* Fourth Notice to Counsel Regarding Direct Purchaser Class Settlement at 1, 18-md-02819-NG-LH, ECF No. 504-02 (May 14, 2020).

[24] Second Notice to Counsel Regarding Direct Purchaser Class Settlement at 2, 18-md-02819-NG-LH, ECF No. 497 (Apr. 3, 2020).

[25] Third Notice to Counsel Regarding Direct Purchaser Class Settlement at 1, 18-md-02819-NG-LH, ECF No. 500 (Apr. 24, 2020).  The Court clarified that upon receipt of any such objections and Notices of Intention to Appear, class counsel should file the correspondence on the Court's docket via ECF and provide to the class member, by email, a receipt of the filing. *Id.*

notice by email too.[26]  Accordingly, the direct purchasers propose to send a supplemental notice by electronic mail and allow opt outs to provide responses by electronic mail.  Notice will also be posted to a case-specific website.

### 3.  A 35-day opt-out period is adequate and fair.

The direct purchasers propose a period of 35 days from the date of the mailing of the notice for class members to exclude themselves from the class.  Thirty-five days is more than sufficient for class members to decide whether to opt out, particularly because members of the class are businesses, not individual employees or consumers.  The proposed notice directs class members that wish to exclude themselves from the class(es) to submit their exclusion requests to Rust Consulting at the address listed in the notice.[27]  If the entity is a member of the class by virtue of a full assignment of claims from another class member, the proposed notice directs them to also submit a copy of the assignment of claims.  If the entity is a member of the class by virtue of a partial assignment of claims from another class member, the proposed notice directs them to also submit (a) a copy of the assignment of claims and (b) claims data identifying the purchases the entity made from the assignor that the entity contends defines the scope of the assigned claims.

---

[26] *See* Order Approving Form and Manner of Notice re Partial Settlement with Actavis at ¶ 6, *In re Intuniv Antitrust Litig.*, No. 16-cv-12653 (D. Mass. Sept. 11, 2020), ECF No. 493 ("Because of the ongoing COVID-19 pandemic and various social distancing orders and recommendations, Class Counsel shall also exercise best efforts to cause the Notice to be disseminated to all members of the Direct Purchaser Class by email.  Email notice may be sent to the email addresses of the class members' counsels' offices or other appropriate recipients.").

[27] *See* Exhibit 2 to the Sobol Declaration (Proposed Notice) at Question 12.

Courts have approved opt-out periods of 35 days (or less) in many analogous cases,[28] including similar generic suppression antitrust class actions.[29]

### 4. Rust Consulting is qualified to serve as notice administrator.

The direct purchasers have selected Rust Consulting to serve as the notice administrator. Rust Consulting has administered over 7,500 projects – including over 300 antitrust cases, such as *Nexium*[30] – and distributed more than $20 billion over the course of more than 40 years in business. Rust Consulting has been a part of some of the largest notice programs in history and disseminates hundreds of millions of notices annually by mail and email. Led by Kendall Zylstra, Esq., who practiced antitrust law for more than 15 years, Rust Consulting's antitrust leadership team has broad and deep experience with direct purchaser notice spanning all industries. Rust Consulting is well-qualified to provide notice to the classes here.

---

[28] *See Aldapa v. Fowler Packing Co.*, No. 15-cv-420, 2016 WL 1073252, at *6 (E.D. Cal. Mar. 18, 2016) ("[T]he Court finds that twenty-one days is an appropriate time from the date of mailing to respond to the opt-out disclosure notice. A twenty-one day opt-out disclosure period will provide putative class members with an opportunity to make an informed decision whether to opt-out of the disclosure of their contact information and employment records."); *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04–cv-8144, 2009 WL 5178546, at *23 (S.D.N.Y. Dec. 23, 2009) (approving 30-day notice period to class in complex securities fraud class action); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, No. C 06-2069, 2008 WL 413749, at *15 (N.D. Cal. Feb. 13, 2008) (approving 30-day opt out period); *Pierce v. Novastar Mortg., Inc.*, No. C05-5835, 2007 WL 1046914, at *2 (W.D. Wash. Apr. 2, 2007) ("The Court should therefore approve the proposed Class Notice as to the thirty-day opt out period.").

[29] *See* Order ¶ 4, *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472 (D.R.I. Aug. 14, 2019), ECF No. 1200 (35-day notice period); Order ¶ 4, *In re K-Dur Antitrust Litig.*, No. 01-cv-1652 (D.N.J. Sept. 12, 2016), ECF No. 887 (approving 30-day period approved in delayed generic competition case brought by direct purchasers); Order, *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-2409 (D. Mass. Dec. 27, 2013), ECF No. 714-2 (Ex. B at Question 11) (30-day notice period); Order ¶ 5, *In re DDAVP Direct Purchaser Antitrust Litig.*, No. 05-cv-2237 (S.D.N.Y. Aug. 16, 2011), ECF No. 90 (30-day notice period) (settlement notice).

[30] Order ¶ 1, *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-2409 (D. Mass. Dec. 27, 2013), ECF No. 714.

## V. CONCLUSION

For the foregoing reasons, the direct purchaser class plaintiffs respectfully request that the Court enter an order (i) approving the form and manner of notice to the classes; (ii) appointing Rust Consulting, Inc. the notice administrator for the classes; and (iii) formalizing its findings as to the adequacy of the class representatives and class counsel by appointing Meijer, Inc. and Meijer Distribution, Inc. representatives of the certified classes, and appointing Thomas M. Sobol and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP and Steve D. Shadowen Hilliard & Shadowen LLP lead class counsel.  A proposed order is provided herewith.

Dated: August 6, 2021

Respectfully submitted,

*/s/ Gregory T. Arnold*
Thomas M. Sobol (BBO# 471770)
Gregory T. Arnold (BBO# 632738)
Kristen A. Johnson (BBO# 667261)
Kristie A. LaSalle (BBO #692891)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
grega@hbsslaw.com
kristenj@hbsslaw.com
kristiel@hbsslaw.com

Steve D. Shadowen (admitted *pro hac vice*)
Matthew C. Weiner (admitted *pro hac vice*)
**HILLIARD & SHADOWEN LLP**
1135 W. 6th St., Suite 125
Austin, TX 78703
Tel: (855) 344-3298
steve@hilliardshadowenlaw.com
matt@hilliardshadowenlaw.com

*Interim Lead Counsel for the Direct Purchaser Class*

John D. Radice (admitted *pro hac vice*)

13

RADICE LAW FIRM
475 Wall Street
Princeton, NJ 08540
Tel: (646) 245-8502
jradice@radicelawfirm.com

Paul E. Slater (admitted *pro hac vice*)
Joseph M. Vanek (admitted *pro hac vice*)
David P. Germaine (admitted *pro hac vice*)
John Bjork (admitted *pro hac vice*)
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Tel.: (312) 641-3200
pes@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
jbjork@sperling-law.com

Joseph H. Meltzer (admitted *pro hac vice*)
Terence S. Ziegler (admitted *pro hac vice*)
Ethan J. Barlieb (admitted *pro hac vice*)
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
jmeltzer@ktmc.com
tziegler@ktmc.com
ebarlieb@ktmc.com

Kenneth A. Wexler (admitted *pro hac vice*)
Tyler J. Story (admitted *pro hac vice*)
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222
kaw@wexlerwallace.com
tjs@wexlerwallace.com

Sharon K. Robertson (admitted *pro hac vice*)
Donna M. Evans (BBO #554613)
Royce Zeisler (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
srobertson@cohenmilstein.com
devans@cohenmilstein.com

14

rzeisler@cohenmilstein.com

*Counsel for Plaintiffs Meijer, Inc., Meijer Distribution, Inc., and the Direct Purchaser Class*

Linda P. Nussbaum
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
(917) 438-9189
lnussbaum@nussbaumpc.com

*Counsel for the Direct Purchaser Class*

15

## **CERTIFICATE OF SERVICE**

I, Gregory T. Arnold, certify that, on this date, the foregoing was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated: August 6, 2021

_/s/ Gregory T. Arnold_
Gregory T. Arnold