**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION, <br><br> THIS DOCUMENT RELATES TO: <br><br> *All Actions* | MDL No. 19-md-02878-NMG |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
THEIR MOTION TO EXCLUDE THE TESTIMONY OF SHASHANK UPADHYE**

Defendants Ranbaxy, Inc. and Sun Pharmaceuticals Ltd. respectfully submit this Notice of Supplementary Authority to identify a recent decision relevant to the Parties' briefing on the Motion to Exclude the Testimony of Shashank Upadhye.  (*See* Dkt. No. 396.)

In *In re Zetia (Ezetimibe) Antitrust Litigation*, No. 2:18-md-2836, Dkt. No. 1313 (E.D. Va. Aug. 16, 2021), the U.S. District Court for the Eastern District of Virginia granted a motion to exclude the opinion of Shashank Upadhye on two grounds, each of which is relevant to Defendants' motion here.

*First*, the *Zetia* court rejected Mr. Upadhye's opinion on the proper interpretation of a contract because it "merely offers a legal interpretation" and thus "does not help the jury."  *Id*. at 13.  Here, this problem is even greater because Mr. Upadhye intends to testify as to the interpretation of federal statutes and regulations.  (Dkt. No. 396, at 8-10.)

*Second*, the *Zetia* court excluded Mr. Upadhye's opinions as not based on a reliable methodology.  *Zetia*, No. 2:18-md-2836, Dkt. No. 1313, at 19.  In *Zetia*, Mr. Upadhye offered an opinion as to how companies in the pharmaceutical industry would understand contract language.  *Id*. at 17-19.  There, as here, Mr. Upadhye attempted to support this purported insight into the pharmaceutical industry on the basis of his experience.  *Id*.  But the *Zetia* court excluded these

opinions because Mr. Upadhye "[did] not explain how his experience—as a patent attorney—is applied to these facts, or why it is relevant to how those in the pharmaceutical industry would have 'understood' the contract language." *Id*. at 19.  Here, Mr. Upadhye not only attempts to opine on industry standards based on his experience as an attorney, but defines the industry standard of reasonableness as being "without anticompetitive or fraudulent intent" without any source or justification for the use of this standard.  (Dkt. No. 396, at 6.)

Dated:  August 20, 2021

Respectfully submitted,

/s/ Devora W. Allon
Jay P. Lefkowitz, P.C. (Admitted Pro Hac Vice)
Devora W. Allon, P.C. (Admitted Pro Hac Vice)
Robert Allen, P.C. (Admitted Pro Hac Vice)
Kyla Jackson (Admitted Pro Hac Vice)
Kirkland & Ellis LLP
601 Lexington Avenue,
New York, NY 10022
(212) 446-4800
(212) 446-4900 (fax)
lefkowitz@kirkland.com
devora.allon@kirkland.com
bob.allen@kirkland.com
kyla.jackson@kirkland.com

Alexandra I. Russell (Admitted Pro Hac Vice)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.,
Washington, D.C. 20004
(202) 389-5258
(202) 389-5200 (fax)
alexandra.russell@kirkland.com

*Counsel for Ranbaxy, Inc., and Sun Pharmaceutical Industries, Ltd.*