UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION | MDL No. 2878 |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | Master File No.<br>19-md-02878-NMG |

**PURCHASERS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AS TO THE TESTIMONY OF SHASHANK UPADHYE**

The decision by the United States District Court for the Eastern District of Virginia in *In re Zetia (Ezetimibe) Antitrust Litigation*, No. 2:18-md-2836, ECF No. 1313 (E.D. Va. Aug. 16, 2021) provides no basis upon which to exclude the expert testimony of Shashank Upadhye.[1] *Zetia* is factually distinguishable from this case, and Mr. Upadhye offered opinions in *Zetia* on topics not at issue here.

In this case, Mr. Upadhye is not offering "a bare contract interpretation" or "an opinion as to the legal obligations of parties under a contract."[2] Instead, he offers opinions, based on his extensive experience in the pharmaceutical industry, about how a reasonable generic pharmaceutical company would have acted in the face of known manufacturing problems and what a reasonable generic pharmaceutical company would have understood about regulatory requirements.[3] On *Zetia*'s own terms, Mr. Upadhye's opinions in this case are admissible:

---

[1] What Defendants, Ranbaxy, Inc., and Sun Pharmaceuticals Ltd. ("Ranbaxy") neglected to mention in its Notice is that in *Zetia* portions of the testimony of Dr. Mark Robbins, who is also Ranbaxy's expert here, were similarly excluded by the magistrate judge's separate Memorandum Order, in particular, his contract interpretation opinion and his causation opinion were excluded. *See In re Zetia (Ezetimibe) Antitrust Litigation*, No. 2:18-md-2836, ECF No. 1315, at 6 (E.D. Va. Aug. 17, 2021).

[2] ECF No. 1313, at 4, 12.

[3] Purchasers continue to puzzle over Ranbaxy's objection, repeated again in its Notice, to the notion that reasonable generic companies act lawfully, without anticompetitive or fraudulent intent.

1

"courts may allow an expert to testify regarding custom and usage of an industry when such an explanation would be helpful to the jury."[4]  The *Zetia* decision does not undermine the admissibility of Mr. Upadhye's opinions offered in this case.

| | |
|---|---|
| Dated: August 26, 2021 | Respectfully submitted,<br><br>/s/Kristen A.Johnson<br>Thomas M.Sobol (BBO# 471770)<br>Gregory T. Arnold (BBO# 632738)<br>Kristen A. Johnson (BBO# 667261)<br>Kristie A. LaSalle (BBO #692891)<br>**Hagens Berman Sobol Shapiro LLP**<br>55 Cambridge Parkway, Suite 301<br>Cambridge, MA 02142<br>Tel: (617) 482-3700<br>Fax: (617) 482-3003<br>tom@hbsslaw.com<br>grega@hbsslaw.com<br>kristenj@hbsslaw.com<br>kristiel@hbsslaw.com<br><br>Steve D. Shadowen (admitted *pro hac vice*)<br>Richard M. Brunell (BBO#544236)<br>Matthew C. Weiner (admitted *pro hac vice*)<br>**Hilliard & Shadowen llp**<br>1135 W. 6th St., Ste. 125<br>Austin, Texas 78703<br>Tel: (855) 344-3928<br>steve@hilliardshadowenlaw.com<br>matt@hilliardshadowenlaw.com<br><br>John D. Radice (admitted *pro hac vice*)<br>**Radice Law Firm**<br>Radice Law Firm, PC<br>475 Wall Street<br>Princeton, NJ 08540<br>Tel: (646) 245-8502<br>Fax: (609) 385-0745<br>jradice@radicelawfirm.com<br><br><br>Paul E. Slater (admitted *pro hac vice*)<br>Joseph M. Vanek (admitted *pro hac vice*) |

---

[4] ECF No. 1313, at 9 (citing cases).

David P. Germaine (admitted *pro hac vice*)
John Bjork (admitted *pro hac vice*)
**Sperling & Slater, p.c.**
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
Tel.: (312) 641-3200
pes@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
jbjork@sperling-law.com
mslater@sperling-law.com

Joseph H. Meltzer (admitted *pro hac vice*)
Terence S. Ziegler (admitted *pro hac vice*)
Ethan J. Barlieb (admitted *pro hac vice*)
**Kessler Topaz Meltzer & Check, llp**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
jmeltzer@ktmc.com
tziegler@ktmc.com
ebarlieb@ktmc.com

Kenneth A. Wexler (admitted *pro hac vice*)
Justin Boley (admitted *pro hac vice*)
Tyler Story (admitted *pro hac vice*)
**Wexler Wallace llp**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222
kaw@wexlerwallace.com
jnb@wexlerwallace.com
tjs@wexlerwallace.com

Sharon K. Robertson (admitted *pro hac vice*)
Donna M. Evans (BBO #554613)
**Cohen Milstein Sellers & Toll pllc**
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
srobertson@cohenmilstein.com
devans@cohenmilstein.com

*Counsel for Plaintiffs Meijer, Inc., Meijer Distribution, Inc., and the Direct Purchaser Class*

Linda P. Nussbaum

**Nussbaum Law Group, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
(917) 438-9189
lnussbaum@nussbaumpc.com

*Counsel for the Direct Purchaser Class*


Gerald Lawrence
Renee A. Nolan
William J. Olson
**Lowey Dannenberg, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
glawrence@lowey.com
rnolan@lowey.com
wolson@lowey.com

Peter D. St. Phillip (PA ID # 70027)
**Lowey Dannenberg, P.C.**
44 South Broadway
Suite 1100
White Plains, New York 10601
Tel:(914) 997-0500
pstphillip@lowey.com

*Counsel for Plaintiff United Food and*
*Commercial Workers Health and Welfare*
*Fund of Northeastern Pennsylvania and the End-*
*Payor Class*

James R. Dugan, II
David S. Scalia
TerriAnne Benedetto
**The Dugan Law Firm, APLC**
One Canal Place – Suite 1000
365 Canal Street
New Orleans, LA 70130
(504) 648-0180
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com

*Counsel for Louisiana Health Service and*
*Indemnity Company d/b/a Blue Cross and Blue*

*Shield of Louisiana, and HMO La., Inc. and the End-Payor Class*

Richard A. Sherburne, Jr.
Jessica W. Chapman
**Blue Cross and Blue Shield of Louisiana**
5525 Reitz Avenue
P.O. Box 98029
Baton Rouge, Louisiana 80809
Tel.: (225) 295-2454
Fax: (225) 297-2760

*Counsel for Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, and HMO La., Inc.*

## CERTIFICATE OF SERVICE

I, Kristen A. Johnson, certify that, on this date, the foregoing was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated: August 26, 2021                                          s/ Kristen A. Johnson
                                                                                    Kristen A. Johnson