UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | Master File No. 19-md-02878-NMG |

## [PROPOSED] ORDER APPROVING THE FORM AND MANNER OF NOTICE, APPOINTING A NOTICE ADMINISTRATOR, AND FORMALLY APPOINTING CLASS REPRESENTATIVES AND LEAD CLASS COUNSEL

**A.  Certification of the Direct Purchaser Classes.**

Upon consideration of Direct Purchaser Class Plaintiffs' Motion for Class Certification and accompanying Memorandum, any opposition thereto, any further briefing and argument thereon, and in conjunction with this Court's Order of May 14, 2021 granting the Direct Purchaser Class Plaintiffs' Motion for Class Certification (ECF No. 389, "Class Certification Order"), the Court makes the following appointments as required by Rule 23 of the Federal Rules of Civil Procedure:

In the Class Certification Order, the Court made the following findings as required by Rule 23:

    1.    This Court certified under Fed. R. Civ. P. 23(b)(3) the following classes:

> All persons or entities in the United States and its territories who purchased Diovan and/or AB-rated generic versions of Diovan directly from any of the Defendants or any brand or generic manufacturer at any time during the period September 21, 2012, through and until the anticompetitive effects of the Defendants' conduct cease (the "Diovan Class Period");

> All persons or entities in the United States and its territories who purchased Valcyte and/or AB-rated generic versions of Valcyte directly from any of the Defendants or any brand or generic manufacturer, but excluding those purchasers who only purchased branded Valcyte, at any time during the period

1

Case 1:19-md-02878-NMG Document 461-1 Filed 08/06/21 Page 2 of 5

August 1, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Valcyte Class Period"); and

All persons or entities in the United States and its territories who purchased Nexium and/or AB-rated generic versions of Nexium directly from any of the Defendants or any brand or generic manufacturer at any time during the period May 27, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Nexium Class Period").[1]

Excluded from each of the direct purchaser classes are the defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all governmental entities.

2. This Court found that the direct purchaser class plaintiffs satisfied the requirements of Fed. R. Civ. P. 23(a)(1), (a)(2), and (a)(3) by showing that the classes are each so numerous and geographically dispersed that joinder of all members thereof is impracticable; that there are questions of law or fact common to each class; and that the claims or defenses of the representative parties are typical of the claims or defenses of each class. Class Certification Order at 9-14.

3. This Court found that the direct purchaser class plaintiffs satisfied the adequacy of representation requirements of Fed. R. Civ. P. 23(a)(4) by showing that (i) there is no conflict between the proposed class representatives Meijer, Inc. and Meijer Distribution, Inc. and the rest of the class members and (ii) that class counsel is qualified and has extensive experience litigating similar antitrust class actions. Class Certification Order at 14-15.

---

[1] According to the plaintiffs' economic experts, the anticompetitive effects for each class begin on the following dates and end on or before the following dates:

| Diovan Class Period | Beginning September 21, 2012 and ending no later than December 31, 2014 |
| Nexium Class Period | Beginning May 27, 2014 and ending no later than December 31, 2015 |
| Valcyte Class Period | Beginning August 1, 2014 and ending no later than February 29, 2016 |

4.  This Court found that the direct purchaser class plaintiffs satisfied the predominance requirement of Fed. R. Civ. P. 23(b)(3), including meeting their burden of demonstrating that antitrust injury and damages are capable of proof by common evidence and that common issues predominate over individualized inquiries. Class Certification Order at 15-19.

5.  This Court found that the direct purchaser class plaintiffs satisfied the superiority requirement of Fed. R. Civ. P. 23(b)(3). The Court rejected defendants' arguments concerning alleged intra-class conflict, the size of the classes, and the concentration of damages among a small number of class members. Class Certification Order at 20-21. The Court found that class resolution would be fair and efficient, and avoid duplicative, expensive, and potentially inconsistent adjudication of common claims. Class Certification Order at 22.

**B.   Appointment of Class Representatives and Lead Counsel.**

For the reasons set forth in the Order as given below, the Court hereby ORDERS that:

6.  Pursuant to Fed. R. Civ. P. 23(a)(4), the Court hereby appoints Meijer, Inc. and Meijer, Distribution, Inc., the named plaintiffs in this lawsuit, representatives of the three Classes. It does so for the following reasons:

   a.  The named plaintiffs allege on behalf of the Classes the same overcharge injury from the same course of conduct that they complain of for themselves, and assert on their own behalf the same legal theory that they assert for the Classes. The Court therefore determines that the named plaintiffs' claims are typical of the claims of the Classes within the meaning of Rule 23(a)(3); and

   b.  Pursuant to Rule 23(a)(4), the Court determines that the named plaintiffs will fairly and adequately protect the interests of the Classes. The named plaintiffs' interests do not conflict in any cognizable or material way with the interests of absent members of the Classes. Furthermore, the named plaintiffs have retained highly qualified, experienced counsel who are able to vigorously litigate this action.

7. Having considered the factors provided in Fed. R. Civ. P. 23(g)(1)(A), and pursuant to Fed. R. Civ. P. 23(c)(1)(B), 23(a)(4), and 23(g), the Court hereby appoints the following counsel as Lead Counsel for the Classes ("Lead Class Counsel"):

> Thomas M. Sobol
> Kristen A. Johnson
> **Hagens Berman Sobol Shapiro LLP**
> 55 Cambridge Parkway, Suite 301
> Cambridge, MA 02142
> Tel: (617) 482-3700
>
> Steve D. Shadowen
> **Hilliard & Shadowen LLP**
> 1135 W. 6th St., Suite 125
> Austin, TX 78703
> Tel: (855) 344-3298

The Court previously appointed Hagens Berman Sobol Shapiro LLP and Hilliard & Shadowen LLP as interim lead counsel for the proposed direct purchaser classes. *See* Case Management Order No. 1 (ECF No. 32). As noted in the Class Certification Order, "defendants do not dispute that the DPPs' counsel is qualified and able to litigate the claims vigorously under Rule 23(a)(4) and the DPPs have shown that their counsel has extensive experience litigating similar antitrust class actions." Class Certification Order at 15.

### C. Effectuating Notice to the Classes.

8. Rust Consulting, Inc. is hereby appointed notice administrator for this action.

9. The form of notice to be sent to members of the Classes will be substantially in the form of the proposed notice (the "Notice") attached as Exhibit 2 to the Declaration of Thomas M. Sobol filed with the Motion ("Sobol Declaration"), and attached to this Order as Exhibit A.

10. Within 10 days of entry of this Order, the notice administrator shall cause the Notice to be sent by U.S. First Class mail to the members of the Classes listed in Exhibit 1 to the Sobol Declaration.

4

11. Members of the Classes may request exclusion from the class(es) in writing postmarked no later than 35 days from the mailing of the notice to the Classes, or by email no later than 35 days from the mailing of the notice to the Classes. Lead Class Counsel and the notice administrator shall monitor and record any and all opt-out requests that are received.

12. Within 60 days of entry of this Order, the notice administrator shall file a declaration confirming that the notice has been sent by U.S. First Class Mail to all class members as required herein, and identifying the class members, if any, who requested to be excluded from the class(es) and who meet the requirements for a valid request for exclusion as set forth in the Notice.

SO ORDERED this 24th day of Sept., 2021.

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge
United States District Court for the District of Massachusetts