**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Actions* | MDL No. 19-md-02878-NMG |

**DEFENDANTS' MOTION TO MODIFY THE JANUARY 12, 2022**
**MEMORANDUM & ORDER REGARDING ALLOCATION OF TRIAL TIME**

Pursuant to Local Rule 7.1, Defendants Ranbaxy, Inc. and Sun Pharmaceutical Industries Ltd. (collectively, "Ranbaxy"), hereby move this Honorable Court to modify its Memorandum & Order dated January 12, 2022. *See* ECF No. 536. Ranbaxy respectfully asks the Court to consider the simultaneously filed Memorandum of Law opposing Plaintiffs' motion for a disproportionate allocation of trial time, *see* ECF No. 533, and modify the January 12, 2022 Memorandum & Order to allocate trial time evenly between the parties.

Ranbaxy understood the Court's remarks during the December 21, 2021 status conference to ensure that if Plaintiffs moved for a disproportionate allocation of trial time, Ranbaxy would be given an opportunity to respond. *See* Ex. 1, Dec. 21, 2021 Tr. at 12:17-21 ("If the plaintiffs believe that they are entitled to more than 50 percent of the time allotted, I will consider a memorandum to that effect of five pages or less on that subject matter, and *of course allow the defendants to respond*.") (emphasis added). Ranbaxy further understood that if Plaintiffs made such a motion, Ranbaxy's response would be due within one week. The Court explained:

> [I]f the plaintiffs want to argue about time, and specifically about the allocation of time between plaintiffs and defendants, they should be prepared to do so within the next couple of weeks. And then *I'll give the defendants a week, or so, to respond to that short memorandum on the subject of allotment of time for trial*.

*Id.* at 12:22-13:3 (emphasis added).

The Court also invited the parties to file submissions by January 7, 2022, but Ranbaxy understood the Court to be inviting the parties to address two different topics, namely, (1) the date of trial, and (2) the overall trial time limit. *See id.* at 34:15-35:9. With regard to those optional submissions, the Court explained to the parties that "[i]f you're going to make any comments about when this trial is going to occur or how long it's going to be, I want to hear about it by the 7th of January." *Id.* at 35:6-9. Ranbaxy did not understand the January 7 deadline to apply to Plaintiffs' motion for a disproportionate allocation of trial time. Nor did Ranbaxy understand the Court to be calling for simultaneous submissions regarding the allocation of trial time, which would have contradicted the Court's earlier, explicit instruction that Ranbaxy would have approximately one week to respond to any motion by Plaintiffs for a disproportionate allocation of trial time. And, as a practical matter, it would have been difficult for Ranbaxy to prepare an opposition to a motion that Plaintiffs had not yet filed.

Because Ranbaxy reasonably relied on the Court's statements during the December 21, 2021 status conference, Ranbaxy was planning to submit a Memorandum of Law in opposition to Plaintiffs' motion by close of business tomorrow, January 14, *i.e.*, one week after Plaintiffs filed their motion. *See* ECF No. 533. Ranbaxy is filing that Memorandum of Law, slightly modified in light of the Court's intervening order, simultaneously with this motion.

Ranbaxy respectfully asks the Court to consider the arguments set forth in Ranbaxy's Memorandum of Law. As explained in Ranbaxy's Memorandum, limiting Ranbaxy to anything less than 50% of the trial time would cause severe prejudice in a case where the stakes could not be higher. Plaintiffs are seeking tens of billions of dollars in damages, and Ranbaxy's defense will be every bit as complicated and time-consuming to present to the jury as Plaintiffs' affirmative case. To ensure fundamental fairness, an equal division of trial time is imperative. Ranbaxy thus

respectfully asks the Court to modify its January 12, 2022 Memorandum & Order and allocate trial time evenly between Plaintiffs and Ranbaxy. Assuming the Court limits the trial to 63 hours total, *see* ECF No. 536 at 2, Ranbaxy asks that each side be given 31.5 hours.

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum of Law, Ranbaxy respectfully asks the Court to modify its Memorandum & Order dated January 12, 2022 and to allocate 31.5 hours of trial time to Plaintiffs and 31.5 hours of trial time to Ranbaxy.[1]

---

[1] Ranbaxy hereby certifies under Local Rule 7.1 that the parties previously conferred regarding the initial submission but were unable to resolve or narrow the issues.

Dated:  January 13, 2022                                Respectfully submitted,

                                                */s/ Devora W. Allon*
Jay P. Lefkowitz, P.C. (admitted *pro hac vice*)
Devora W. Allon, P.C. (admitted *pro hac vice*)
Robert Allen (admitted *pro hac vice*)
Kyla A. Jackson (admitted *pro hac vice*)
Kevin M. Neylan, Jr. (admitted *pro hac vice*)
Patrick J. Gallagher (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800
(212) 446-4900 (fax)
lefkowitz@kirkland.com
devora.allon@kirkland.com
bob.allen@kirkland.com
kyla.jackson@kirkland.com
kevin.neylan@kirkland.com
patrick.j.gallagher@kirkland.com

Alexandra I. Russell (admitted *pro hac vice*)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 389-5258
(202) 389-5200 (fax)
alexandra.russell@kirkland.com

*Counsel for Ranbaxy, Inc., and Sun Pharmaceutical Industries Ltd.*

## **CERTIFICATE OF SERVICE**

I, Devora W. Allon, certify that, on this date, the foregoing was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated:  January 13, 2022                                                         */s/ Devora W. Allon*
                                                                                                        Devora W. Allon