**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Actions* | MDL No. 19-md-02878-NMG |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO MODIFY THE JANUARY 12, 2022 MEMORANDUM & ORDER
<u>REGARDING ALLOCATION OF TRIAL TIME</u>**

Defendants Ranbaxy, Inc. and Sun Pharmaceutical Industries Ltd. (collectively, "Ranbaxy") respectfully submit this brief in support of Ranbaxy's motion to modify the Court's order allocating 57% of the trial time (36 out of 63 hours) to Plaintiffs. *See* ECF No. 536; *see also* ECF No. 533 (Plaintiffs' motion for disproportionate allocation of trial time) ("Mot."), at 3-5.[1]

## INTRODUCTION

This is a bet-the-company case for Ranbaxy, with tens of billions of dollars at stake. The upcoming trial will be highly complex—the jury will hear from dozens of fact and expert witnesses, and will evaluate thousands of exhibits—and it will be hard-fought on all fronts, as the parties are sharply divided on virtually every factual assertion and expert opinion the jury will assess. This is emphatically *not* a case in which Plaintiffs will spend a portion of their case-in-chief introducing facts and explaining concepts that Ranbaxy will be able to take for granted during its rebuttal. Quite the contrary, mounting an effective rebuttal will require Ranbaxy to counter or contextualize Plaintiffs' factual narrative and expert analyses at every turn, all while presenting its own affirmative case—and those tasks will be every bit as labor- and time-intensive for Ranbaxy on defense as for Plaintiffs on offense. That is particularly true because Plaintiffs accuse Ranbaxy of perpetrating a wide-ranging fraud spanning many years, where Ranbaxy must address every alleged falsehood squarely, and separately, and where failing to do so could prove fatal. In light of these circumstances, the Court's order allocating 57% of the trial time to Plaintiffs—amounting

---

[1] The Court's order also schedules trial to begin April 5, with the final pretrial conference to be held March 15. Ranbaxy respectfully asks the Court to select a different date for the final pretrial conference, because three members of Ranbaxy's defense team—including Jay Lefkowitz and Devora Allon, who are lead trial counsel here—are scheduled to be on trial in a different federal jury case in the Eastern District of Virginia on March 15. In that case, *E. Claiborne Robins Co. v. Teva Pharm. Indus., Ltd.*, No. 3:18-cv-00827-DJN-EWH (E.D. Va.), the final pretrial conference is scheduled to take place March 7, and the jury trial is scheduled to run from March 14 to 24. Ranbaxy therefore respectfully asks the Court to schedule the final pretrial conference in this case on a date that averts that professional conflict.

to 9 extra hours—is not justified and would cause Ranbaxy severe prejudice in a case where the stakes are as high as they could be. Ranbaxy respectfully moves the Court to modify its decision and order that trial time be divided evenly between the parties.

## ARGUMENT

In civil jury cases, courts routinely explain that "[f]airness dictates that [the] defendants be given equal time" as the plaintiffs to make their case. *Latino Officers Ass'n, Inc. v. City of New York*, 2003 WL 22300158, at *5 (S.D.N.Y. Oct. 8, 2003); *accord New York v. UPS, Inc.*, 2016 WL 10672104, at *7 (S.D.N.Y. Sept. 8, 2016). Precedent overwhelmingly illustrates that when courts limit trial time, they divide the time evenly between the parties.[2] During the most recent status conference, Plaintiffs and the Court both recognized that equal allocation is the norm. *See* Ex. 1, Dec. 21, 2021 Tr. at 11:14 (THE COURT: "usually it's 50/50"); *id.* at 7:24-8:1 (Plaintiffs' counsel assuming the Court would "giv[e] both sides the same amount of time"). Departing from that rule should require an extraordinary justification and Plaintiffs have not come close to offering one.

Equal trial time is particularly important in a case like this one. "[A] complex liability case-in-chief inexorably leads to a need to allow a defendant to meet that case with its own set of evidence, and there is no necessary reason why such evidence should be less voluminous than

---

[2] *E.g.*, *Mizrachi v. Ordower*, 2021 WL 1738508, at *6 (N.D. Ill. May 2, 2021) (allocating fifteen hours of trial time to each side); *Grant v. CRST Expedited, Inc.*, 2021 WL 1299227, at *1 (E.D. Tex. Apr. 7, 2021) (denying plaintiff's motion for unequal division of trial time); *Stars & Bars LLC v. Travelers Cas. Ins. Co.*, 2020 WL 2527044, at *3 (C.D. Cal. Apr. 14, 2020) (allocating eight hours to each side); *Wasica Fin. Gmbh v. Schrader Int'l, Inc.*, 2020 WL 509182, at *2 (D. Del. Jan. 31, 2020) (allocating eleven hours to each side); *UPS, Inc.*, 2016 WL 10672104, at *7 (rejecting the plaintiffs' request for a majority of trial time and instead ordering an "even split"); *Tersigni v. Wyeth-Ayerst Pharm., Inc.*, 2014 WL 793983, at *2 (D. Mass. Feb. 28, 2014) (allocating eighteen hours to each side); *Latino Officers Ass'n*, 2003 WL 22300158, at *5 (limiting trial to "no more than 190 hours, divided equally between the two sides"); *Matton v. White Mountain Cable Constr. Corp.*, 190 F.R.D. 21, 22 (D. Mass. 1999) (rejecting post-trial argument that court erred by ordering equal division of time); *see also Sutkiewicz v. Monroe Cnty. Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997) (affirming equal time limits); *Benjamin v. Sparks*, 986 F.3d 332, 344-45 (4th Cir. 2021) (similar).

plaintiffs'."  *UPS*, 2016 WL 10672104, at *7.  Here, Plaintiffs plan to call sixteen expert witnesses—addressing complex and controversial topics in antitrust economics, FDA drug approval, pharmaceutical industry practices, damages, and other subjects—each of whom Ranbaxy will need to vigorously cross-examine and rebut with its own experts, which will require presentations that are just as detailed and time-consuming as Plaintiffs'.  It is entirely unrealistic for Plaintiffs to suggest that they will be forced to expend trial time "equipping the jury with the tools it will need to understand the evidence and find the facts in this case"—including by "provid[ing] the jury with a preliminary explanation of the complex regulatory framework and related terms and concepts key to the generic drug market"—and that somehow Plaintiffs' presentation of these key concepts will be so "incontrovertible" that Ranbaxy will simply be able to rely on Plaintiffs' presentations without expending an equal amount of trial time setting forth its own views. (Mot. 4-5.)  In every submission to date, Plaintiffs have painted a distorted picture of these central concepts that Ranbaxy must be able to correct in order to mount an effective defense.  There is no reason to expect trial to be any different.

Moreover, while Plaintiffs appear set on using a broad brush to paint Ranbaxy as a corrupt organization in front of the jury, Ranbaxy must break down all relevant events and explain in detail why Plaintiffs' case is misleading and unsupported.  Ranbaxy must also build a competing factual narrative that will be just as painstaking to construct as Plaintiffs' version of events.  Equal trial time is imperative not only because of the complexities on both sides (and the existential stakes for Ranbaxy), but also because this case involves allegations of fraud—which means that Ranbaxy must respond to each and every alleged false statement that Plaintiffs lob in front of the jury.  Ranbaxy's case will be just as laborious as Plaintiffs'—and, at times, even more so.  An unequal allotment of trial time would leave Ranbaxy hamstrung and severely prejudiced.

Plaintiffs have not offered any persuasive reason to depart from the typical even split in trial time, and they certainly have not offered any reason to think a disproportionate allocation would not cause Ranbaxy severe prejudice. Instead, Plaintiffs first make the generic assertion that "plaintiffs generally have a heavier lift a trial." (Mot. 3.) The many cases cited in footnote 2 above—which insist on equal division of trial time—show otherwise. More to the point, *these* Plaintiffs will not have a heavier lift at trial. The complexities of this case are at best equally shared by Plaintiffs and Ranbaxy, both of whom must present mounds of evidence to make their cases to the jury. And Plaintiffs' only authority for the proposition that "plaintiffs generally have a heavier lift" is an article from 34 years ago that discussed the length of jury trials in certain run-of-the-mill state-court actions arising out of car crashes, property torts, and the like. *See* Dale Sipes et al., *On Trial: The Length of Civil and Criminal Trials*, Nat'l Ctr. for State Courts (1988). Inapposite anecdotes from more than three decades ago do not justify giving Plaintiffs here a windfall. Plaintiffs also cite an article by Nora Engstrom, which relied solely on that same inapposite 1988 article. *See* Nora Engstrom, *The Trouble with Trial Time Limits*, 106 Geo. L.J. 933, 973 (2018). In a recent paper, however, Judge Gorton specifically rejected Engstrom's idea that plaintiffs typically need more time. Ex. 2, Hon. Nathaniel Gorton, *Time Limits in Civil Jury Trials*, Civil Jury Project at NYU School of Law (Apr. 1, 2020). Drawing on a hypothetical product liability case, Judge Gorton explained that "although plaintiffs have the burden of proof, generally it takes just about as long to describe how a product is not dangerous as it does to describe how it caused the injury, etc." *Id.* That is the precise situation here. For the reasons discussed above, in this complex case, it will take just as long to explain why Ranbaxy is not liable for federal antitrust violations and civil racketeering as it will take for Plaintiffs to argue that it is.

4

*Second*, Plaintiffs argue that courts sometimes give the party that bears the burden of proof more trial time. (Mot. 3.) That is untrue. Only one case that Plaintiffs cite mentions this rationale, but that court did not need to decide the issue because the defendants "agreed" that the plaintiff could have one extra hour. *See In re McKean*, 2012 WL 3074801, at *4 (N.D. Cal. July 30, 2012). And at least one other court has flatly rejected the argument that plaintiffs "are entitled to the lion's share of trial time given the burdens they face" and instead ordered an "even split." *UPS*, 2016 WL 10672104, at *7; *accord* Gorton, *supra*. The overwhelming weight of precedent, *see* n.2, *supra*, further demonstrates that equal time is routinely deemed essential to ensure fairness.

*Third*, Plaintiffs argue that they are entitled to more trial time because there are "multiple groups on one side of the 'v'." (Mot. 3.) The only decision Plaintiffs cite for this theory is *Official Committee of Unsecured Creditors v. Baldwin*, 2013 WL 309975 (W.D. Pa. Jan. 25, 2013), but the court in that case ultimately did not rely on such a rationale. Instead, that court gave the defendants three extra hours because they had more witnesses than the plaintiff. *See id.* at *6. This purported justification thus fails. And it also ignores that Plaintiffs are the ones who moved to consolidate all of these cases into a single MDL, and that Plaintiffs moved for class certification on the premise that they would all be relying on common evidence. It would be deeply unfair to allow Plaintiffs to backtrack now, on the eve of trial, and severely impair Ranbaxy's ability to defend itself against an enterprise-level liability risk.

The reality is that Plaintiffs do not require more time than Ranbaxy to present their case, and that granting Ranbaxy anything less than half the trial time would cause severe prejudice in a case where the stakes for Ranbaxy could not be higher.

## CONCLUSION

Ranbaxy respectfully requests that the Court modify its decision and order an equal division of trial time.

| | |
|---|---|
| Dated:  January 13, 2022 | Respectfully submitted, |

/s/ Devora W. Allon
Jay P. Lefkowitz, P.C. (admitted *pro hac vice*)
Devora W. Allon, P.C. (admitted *pro hac vice*)
Robert Allen (admitted *pro hac vice*)
Kyla A. Jackson (admitted *pro hac vice*)
Kevin M. Neylan, Jr. (admitted *pro hac vice*)
Patrick J. Gallagher (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800
(212) 446-4900 (fax)
lefkowitz@kirkland.com
devora.allon@kirkland.com
bob.allen@kirkland.com
kyla.jackson@kirkland.com
kevin.neylan@kirkland.com
patrick.j.gallagher@kirkland.com

Alexandra I. Russell (admitted *pro hac vice*)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 389-5258
(202) 389-5200 (fax)
alexandra.russell@kirkland.com

*Counsel for Ranbaxy, Inc., and Sun Pharmaceutical Industries Ltd.*

## **CERTIFICATE OF SERVICE**

      I, Devora W. Allon, certify that, on this date, the foregoing was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated: January 13, 2022                                                            */s/ Devora W. Allon*
                                                                                                                    Devora W. Allon