UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION | MDL No. 2878 |
| THIS DOCUMENT RELATES TO:<br><br>*All Actions* | Master File No.<br>19-md-02878-NMG |

**PURCHASERS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY THE JANUARY 12, 2022 MEMORANDUM & ORDER REGARDING ALLOCATION OF TRIAL TIME**

Ranbaxy and Sun's motion should be denied on procedural and substantive bases.

First, Ranbaxy and Sun filed a false Local Rule 7.1 certification. On January 12, 2022, the Court entered an order addressing trial time allocation and the pretrial schedule. Since then, the defendants neither met and conferred (nor asked to speak with) the purchasers about, e.g., modifying the trial time allocation, moving the date of the pretrial conference, or seeking reconsideration. Earlier, during the January 6, 2022 call convened by the purchasers in an effort to present a joint submission and proposed schedule to the Court on January 7, 2022, Ranbaxy and Sun explicitly refused to discuss a proposed pretrial schedule. The point of meeting and conferring on these issues is for the parties to try to work out issues; we cannot do so when the defendants do not first raise the issues with opposing counsel. This has happened before. Their motion should be denied on this basis alone.[1]

Second, if the defendants had raised their scheduling conflicts with us, the purchasers

---

[1] At best, if wearing rose-colored glasses, the defendants' certification could be read as referring to communications that *the purchasers* initiated about why we wanted more than 50% of the trial time, which occurred before the purchasers' January 7, 2022 filing (ECF No. 533) and before the Court's January 12, 2022 Order (ECF No. 536) resolving the issue. Even that charitable construction renders the certification misleading.

1

would have advised Ranbaxy and Sun that we can seek to open up our schedules, but the timing of pretrial events is really up to the Court (while still keeping, of course, the Court's trial date and providing sufficient time for the Court's review of the materials).²

Third, as to the Court-ordered allocation of trial time, the Court's order makes sense. We incorporate the reasons in the purchasers' filing and the Court's order and comments during the status conference. We also note that the defendants have unnecessarily contributed to the need for the Court's reasonable adjustment of time allocation. For example:

On witnesses: The Court's Case Management Order required the parties to exchange witness lists in October. The Court has since stated that it will likely "require Ranbaxy to produce witnesses for plaintiffs' case-in-chief that Ranbaxy itself intends to call in its case."³ To date, Ranbaxy has not told the purchasers who they are bringing live to trial.

On fact stipulations: Ranbaxy has resisted the purchasers' efforts to simplify the presentation of evidence at trial. During a status conference early in the case, the parties and the Court discussed that document admissibility issues could be addressed through either a stipulation or RFAs. So, a year ago, in January 2021, the purchasers proposed a comprehensive fact stipulation of uncontested facts. We followed up for months; the defendants would not agree. In August 2021, we re-worked the stipulation into proposed RFAs. Ranbaxy refused to accept service, refused to substantively respond to RFAs, but indicated that they would discuss a fact stipulation after the parties exchanged exhibit lists in October. In November 2021, the purchasers re-reformatted the document back into a (truncated) fact stipulation. In December, the defendants finally responded, but gutted key and uncontested portions of the stipulation

---

² In November, the purchasers proposed that the parties exchange jury instructions well in advance and work together meaningfully to provide a single set of instructions that will actually aid the Court in charging the jury. Ranbaxy and Sun have not agreed to do so.

³ *See* Trans. of December 21, 2021 Status Conf., at p. 21:21-23.

2

because—as far as the purchasers can tell—Ranbaxy and Sun simply don't like the facts.

On exhibits: Similarly, Ranbaxy has lodged scores of foundational and relevance objections to uncontroversial documents reflecting uncontested facts and has, to date, refused to withdraw them. For flavor, Ranbaxy objects to the following documents as irrelevant: (1) the written retention agreement among alleged co-conspirators Parexel, Buc & Beardsley, and Ranbaxy;[4] (2) the FDA Warning Letter concerning GMP failures at Ranbaxy's Paonta Sahib facility that states none of Ranbaxy's applications (including those for generic Diovan, Nexium, and Valcyte) would be recommended for approval until all CGMP issues identified were resolved;[5] and (3) Ranbaxy's own response to the FDA's Warning Letter, which the purchasers allege contains misrepresentations.[6]

Regrettably, in light of Ranbaxy and Sun's refusal to identify live witnesses, stipulate to undisputed facts, and drop spurious objections to plainly relevant documents, the purchasers will need to address all of these issues at trial. Ranbaxy and Sun's lack of cooperation regarding witnesses and documents complicates the sequencing and manner of the presentation of evidence and provides an additional, independent reason to maintain the Court's trial time allocation in favor of the purchasers—one that may, if Ranbaxy does not "get real" about trial logistics soon, provide a basis to *increase* the time allocated to purchasers.

Dated: January 14, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/* **Kristen A. Johnson**
　　　　　　　　　　　　　　　　　　　　　　Thomas M. Sobol (BBO# 471770)
　　　　　　　　　　　　　　　　　　　　　　Gregory T. Arnold (BBO# 632738)

---

[4] Marked for identification as PX0090.

[5] PX0049. Earlier today, Ranbaxy confirmed 198 baseless foundational objections (while dropping only 57 such objections). As examples, Ranbaxy objects as lacking foundation: (1) the FDA's Form 483 issued after its February 2006 inspection at Paonta Sahib (which was identified by three deponents, including Ranbaxy's corporate designee); and (2) a fax sent from Jay Deshmukh to Kate Beardsley in June 2006 enclosing a report detailing serious cGMP violations and misconduct within the company (and as to which *both* Ms. Beardsley and Mr. Deshmukh identified and testified to at their depositions). *Id.*; PX0045.

[6] PX0064.

Kristen A. Johnson (BBO# 667261)
Kristie A. LaSalle (BBO #692891)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
grega@hbsslaw.com
kristenj@hbsslaw.com
kristiel@hbsslaw.com


Steve D. Shadowen (admitted *pro hac vice*)
Richard M. Brunell (BBO#544236)
Matthew C. Weiner (admitted *pro hac vice*)
**HILLIARD & SHADOWEN LLP**
919 Congress Ave., Suite 1325
Austin, TX 78701
Tel: (855) 344-3928
steve@hilliardshadowenlaw.com
matt@hilliardshadowenlaw.com

John D. Radice (admitted *pro hac vice*)
**RADICE LAW FIRM**
34 Sunset Boulevard
Long Beach, NJ 08008
Tel: (646) 245-8502
jradice@radicelawfirm.com

Paul E. Slater (admitted *pro hac vice*)
Joseph M. Vanek (admitted *pro hac vice*)
David P. Germaine (admitted *pro hac vice*)
John Bjork (admitted *pro hac vice*)
**SPERLING & SLATER, P.C.**
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Tel.: (312) 641-3200
pes@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
jbjork@sperling-law.com
mslater@sperling-law.com

Joseph H. Meltzer (admitted *pro hac vice*)
Terence S. Ziegler (admitted *pro hac vice*)
Ethan J. Barlieb (admitted *pro hac vice*)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706

jmeltzer@ktmc.com
tziegler@ktmc.com
ebarlieb@ktmc.com

Kenneth A. Wexler (*pro hac vice* pending)
Tyler Story (*pro hac vice* pending)
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222
kaw@wexlerwallace.com
tjs@wexlerwallace.com

Sharon K. Robertson (admitted *pro hac vice*)
Donna M. Evans (BBO #554613)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
srobertson@cohenmilstein.com
devans@cohenmilstein.com

*Counsel for Plaintiffs Meijer, Inc., Meijer Distribution, Inc., and the Direct Purchaser Class*

Linda P. Nussbaum
Peter Moran
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
(917) 438-9189
lnussbaum@nussbaumpc.com
pmoran@nussbaumpc.com

*Counsel for the Direct Purchaser Class*

Gerald Lawrence (PA ID #69079)
Renee A. Nolan (PA ID #316558)
William J. Olson (PA ID #322948)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
glawrence@lowey.com
rnolan@lowey.com
wolson@lowey.com

Peter D. St. Phillip (PA ID # 70027)
**LOWEY DANNENBERG, P.C.**
44 South Broadway

5

Suite 1100
White Plains, New York 10601
Tel:(914) 997-0500
pstphillip@lowey.com

*Counsel for Plaintiff United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania and the End-Payor Class*

James R. Dugan, II
David S. Scalia
TerriAnne Benedetto
**THE DUGAN LAW FIRM, APLC**
One Canal Place – Suite 1000
365 Canal Street
New Orleans, LA 70130
(504) 648-0180
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com

*Counsel for Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, and HMO La., Inc. and the End-Payor Class*

Richard A. Sherburne, Jr.
Jessica W. Chapman
**BLUE CROSS AND BLUE SHIELD OF LOUISIANA**
5525 Reitz Avenue
P.O. Box 98029
Baton Rouge, Louisiana 80809
Tel.: (225) 295-2454
Fax: (225) 297-2760

*Counsel for Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, and HMO La., Inc.*


## CERTIFICATE OF SERVICE

I, Kristen A. Johnson, certify that, on this date, the foregoing was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated: January 14, 2022 /s/ *Kristen A. Johnson*
Kristen A. Johnson