UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Actions* | MDL No. 19-md-02878-NMG<br><br>*(Leave to file granted on 1/24/2022)* |

**REPLY MEMORANDUM IN SUPPORT OF RANBAXY'S MOTION
TO MODIFY THE JANUARY 12, 2022 MEMORANDUM & ORDER
<u>REGARDING ALLOCATION OF TRIAL TIME</u>**

Plaintiffs' Opposition is filled with mischaracterizations and unsubstantiated accusations. What the Opposition conspicuously lacks, however, is a substantive response to any of the relevant considerations regarding trial time allocation. As Ranbaxy explained at length, the complexities of this case—and the nature of Plaintiffs' wide-ranging fraud allegations—make it imperative that the parties be given equal time to present their cases to the jury. That this case is a bet-the-company litigation for Ranbaxy, with literally tens of billions of dollars on the line, only amplifies the acute fairness concerns already at stake. The Opposition says not a word to the contrary. Modification of the January 12 Memorandum & Order is therefore warranted.

In their Opposition, Plaintiffs assert (for the first time) that they should be given significantly more time to argue their case because Ranbaxy has supposedly "refus[ed] to identify live witnesses, stipulate to undisputed facts, and drop spurious objections" to trial exhibits. Opp. at 3. This new argument intentionally distorts the record and is meritless. Ranbaxy has in no sense refused to engage on pretrial matters. With regard to live witnesses, Ranbaxy has repeatedly told Plaintiffs that it will disclose its live witnesses approximately four weeks before trial. The rules require no further disclosure, and, in any case, this issue has no bearing on the equal allocation of trial time. As for the proposed fact stipulation, Ranbaxy and Plaintiffs have been engaged in good-

faith discussions for months. Ranbaxy sent Plaintiffs a markup of the proposed fact stipulation several weeks ago—long before Plaintiffs filed their Opposition—and Plaintiffs have yet to respond. With respect to the parties' disagreements about trial exhibits, Ranbaxy and Plaintiffs are actively conferring, and have been for months. Those discussions have yielded progress—and to the extent either party lodges "spurious objections" at trial, the proper remedy (as the Court explained at the most recent status conference) is to charge the time spent resolving those objections against the losing party. The proper remedy cannot be, as a matter of fundamental fairness, to award Plaintiffs nearly 60% of the trial time up front, simply because the parties have not yet resolved all outstanding pretrial issues a full two-and-a-half months before trial.

Finally, contrary to Plaintiffs' accusation, Ranbaxy did not file a "false" Local Rule 7.1 certification. The parties met and conferred on January 6, 2022, to discuss a variety of issues, including the allocation of trial time. Plaintiffs made clear that they would be seeking 60% of the trial time; Ranbaxy made clear that it believed a 50-50 split was appropriate and that Ranbaxy would oppose Plaintiffs' motion. In other words, the parties met and conferred and failed to reach agreement, exactly as Ranbaxy certified. Plaintiffs' incorrect accusation is disappointing to see in a court filing, especially where such an accusation is patently false.

## CONCLUSION

Ranbaxy respectfully asks the Court to modify its January 12 Memorandum & Order and order an equal division of trial time.

Dated:  January 21, 2022

Respectfully submitted,

/s/ Devora W. Allon
Jay P. Lefkowitz, P.C. (admitted *pro hac vice*)
Devora W. Allon, P.C. (admitted *pro hac vice*)
Robert Allen (admitted *pro hac vice*)
Kyla A. Jackson (admitted *pro hac vice*)
Kevin M. Neylan, Jr. (admitted *pro hac vice*)
Patrick J. Gallagher (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800
(212) 446-4900 (fax)
lefkowitz@kirkland.com
devora.allon@kirkland.com
bob.allen@kirkland.com
kyla.jackson@kirkland.com
kevin.neylan@kirkland.com
patrick.j.gallagher@kirkland.com

Alexandra I. Russell (admitted *pro hac vice*)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 389-5258
(202) 389-5200 (fax)
alexandra.russell@kirkland.com

*Counsel for Ranbaxy, Inc., and Sun Pharmaceutical Industries Ltd.*

## CERTIFICATE OF SERVICE

I, Devora W. Allon, certify that, on this date, the foregoing was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated:  January 21, 2022                             */s/ Devora W. Allon*

                                                                          Devora W. Allon