UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION | MDL No. 2878 |
| THIS DOCUMENT RELATES TO:<br><br>All End-Payor Actions | Master File No.<br>19-md-02878-NMG |

**[PROPOSED] ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**

Upon review of the Settlement Agreement by and between plaintiffs United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, and HMO Louisiana., Inc. ("Plaintiffs"), individually and on behalf of the end-payor classes previously certified by this Court (the "End-Payor Classes"), and defendants Sun Pharmaceutical Industries Ltd. and Ranbaxy, Inc. ("Ranbaxy") dated April 8, 2022 and End-Payor Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement, Approval of Form and Manner of Notice to the Class, Appointment of Settlement Administrator and Escrow Agent, and Final Settlement Schedule and Date for Fairness Hearing and the supporting memorandum, declarations, and exhibits,

IT IS HEREBY ORDERED that the motion is GRANTED as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement between Plaintiffs and End-Payor Classes and Ranbaxy filed with this Court, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

**Jurisdiction**

2.      This Court has subject matter jurisdiction over this Action and personal jurisdiction over each Plaintiff and each Ranbaxy defendant.

**Previously Certified Classes**

3.      By order dated May 14, 2021 (ECF. No. 389) the Court previously certified the End-Payor Classes pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), defined as follows:

> [As to the three nationwide RICO classes:]
>
> All persons or entities in the United States and its territories that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of Diovan and/or AB-rated generic versions of Diovan from any of the Defendants or any brand or generic manufacturer at any time during the class period September 28, 2012, through and until the anticompetitive effects of the Defendants' conduct cease (the "Diovan Class Period");
>
> All persons or entities in the United States and its territories that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of Valcyte and/or AB-rated generic versions of Valcyte from any of the Defendants or any brand or generic manufacturer, other than for resale, at any time during the class period August 1, 2014, through and the anticompetitive effects of the Defendants' conduct cease (the "Valcyte Class Period");
>
> All persons or entities in the United States and its territories that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of AB-rated generic versions of Nexium from any of the Defendants or any brand or generic manufacturer, other than for resale, at any time during the class period May 27, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Nexium Class Period");
>
> [As to the three state law classes:]
>
> All persons or entities in the Indirect Purchaser States[1] that indirectly purchased, paid, and/or provided reimbursement for some or all of the

---

[1] The Indirect Purchaser States are: Arizona, California, the District of Columbia, Florida, Hawaii, Iowa, Massachusetts, Maine, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Oregon, South Dakota, Vermont, West Virginia, and Wisconsin.

purchase price of Diovan and/or AB-rated generic versions of Diovan from any of the Defendants or any brand or generic manufacturer, other than for resale, at any time during the class period September 28, 2012, through and until the anticompetitive effects of the Defendants' conduct cease (the "Diovan Class Period");

All persons or entities in the Indirect Purchaser States that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of Valcyte and/or AB-rated generic versions of Valcyte from any of the Defendants or any brand or generic manufacturer, other than for resale, at any time during the class period August 1, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Valcyte Class Period") ;

All persons or entities in the Indirect Purchaser States that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of AB-rated generic versions of Nexium from any of the Defendants or any brand or generic manufacturer, other than for resale, at any time during the class period May 27, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Nexium Class Period") .

Excluded from all six End Payor Classes are: (a) natural person consumers; (b) Defendants, their officers, directors, management, employees, subsidiaries, and affiliates; (c) all federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans; (d) all persons or entities who purchased Diovan, Nexium, Valcyte, or their AB-rated generic versions for purposes of resale from any of the Defendants or any brand or generic manufacturer; (e) fully insured health plans (i.e., health plans that purchased insurance covering 100% of their reimbursement obligation to members); and (f) pharmacy benefit managers.

The Diovan Class Period ends April 1, 2020; the Valcyte Class Period ends April 1, 2020; and the Nexium Class Period ends February 1, 2019. Excluded from the End-Payor Classes are Central Painting & Sandblasting, Inc., Accusoft, and Klick USA, Inc, which each submitted a valid request for exclusion prior to the December 20, 2021 opt-out deadline provided in the prior notice of class certification of the End-Payor Classes in this Action.

3. The Court also previously appointed Plaintiffs as representatives for the End-Payor Classes and appointed the firms Lowey Dannenberg, P.C. and The Dugan Law Firm

APLC as co-lead counsel for the End-Payor Classes ("Lead Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g).

## Preliminary Approval of the Proposed Settlement

4.  Federal Rule of Civil Procedure 23(e) provides that the claims of a certified class may be settled only with the Court's approval. The approval of a settlement agreement is a two-step process, which first requires the court to make a preliminary determination regarding the fairness, reasonableness, and adequacy of the settlement terms. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2015). As a first step, plaintiffs generally seek preliminary approval of the proposed settlement. In this preliminary evaluation of a proposed settlement, the Court determines only whether the settlement has "obvious deficiencies" or whether "it is in the range of fair, reasonable, and adequate." *In re M3Power Razor Sys. Mktg. & Sales Prac. Litig.*, 270 F.R.D. 45, 52 (D. Mass. 2010) (citing Manual §21.632). A presumption of fairness attaches to a settlement if the Court finds the proposed settlement appears to be the product of sufficient discovery and serious, informed, good-faith negotiations. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24 (1st Cir. 2009). This initial presumption of fairness allows for notice to be given so that the class may have a full and fair opportunity to consider the proposed settlement. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.631 (2015).

5.  All the relevant factors weigh in favor of preliminarily approving the Settlement. First, the Settlement follows full fact and expert discovery and decisions on class certification, summary judgment, and *Daubert* motions based on extensive briefing and supporting submissions. Consequently, the parties have access to a discovery record and rulings of the Court that permit a fully informed evaluation of the case. Second, the Settlement is the result of arm's length negotiation among sophisticated counsel including mediation under the auspices of Kenneth Feinberg. Third, the agreed-upon Settlement Payment of $145 million to be paid by

Ranbaxy pursuant to the Settlement Agreement, in exchange for, *inter alia*, dismissal of the litigation with prejudice by Plaintiffs and the End-Payor Class as set forth in the Settlement Agreement, is, upon preliminary view, reasonable based on the circumstances.

### **Approval of Form and Manner of Notice**

6. The Court finds that the proposed form of notice to End-Payor Class members of the proposed Settlement and the proposed method of dissemination of notice by U.S. First-Class Mail and email satisfy Federal Rule of Civil Procedure 23(e) and due process, and are otherwise fair and reasonable and are, therefore, approved.

7. Lead Class Counsel shall also ensure that copies of the notice and the Settlement Agreement are available to End-Payor Class members online at www.RanbaxyTPPLitigation.com to allow End-Payor Class members to become and remain reasonably apprised of the progress of this action.

8. The Court finds that, because prior notice of class certification, disseminated by U.S. First-Class Mail and email to all End-Payor Class members on or about November 5, 2021, satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and because the prior notice of class certification provided an opt-out period that closed on December 20, 2021, there is no need for an additional opt-out period pursuant to Federal Rule of Civil Procedure 23(e)(4). *See In re Carbon Black Antitrust Litig.*, No. 03-10191 (D. Mass. Nov. 29, 2006) (preliminarily approving settlement and explaining that "[i]n light of the previous notice to class members of the pendency of this action and the certification of the class, which complied fully with the requirements of Rule 23 and due process, there is no need for an additional opt-out opportunity pursuant to Rule 23(e)[(4)]").

9. Class Counsel shall cause the notice substantially in the form attached as Exhibit B to the Settlement Agreement to be disseminated by _____, 2022 (within 15

days after entry of this Order) via U.S. First-Class Mail and email to the last known mailing and email address, if known, of each member of the End-Payor Class.

10. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Ranbaxy shall serve notice of the Settlement to the appropriate federal and state officials as required under CAFA within 10 business days after the date Plaintiffs file for preliminary approval of the proposed Settlement. Ranbaxy shall contemporaneously provide Class Counsel with copies of the notice.

11. The Court appoints A.B. Data, Ltd. to serve as Settlement Administrator to provide notice of and to administer the Settlement. The Court appoints Citibank, N.A. to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund.  All expenses incurred by the Settlement Administrator and the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund, although Court approval shall not be required for disbursements of payments for Administration Expenses for amounts of less than $225,000 in the aggregate, as set forth in the Settlement Agreement.

12. The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement (the "Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. The contents of the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed pursuant to the Settlement Agreement, plan of distribution, and/or further order(s) of the Court.

**Fairness Hearing**

13. A hearing on final approval of the Settlement (the "Fairness Hearing") shall be held before this Court on _____, 2022 (no less than 120 days after entry of this Order (the "Preliminary Approval Order")) at _____Eastern Time, in Courtroom 4 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, One Courthouse Way, Boston, Massachusetts 02210. At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness and adequacy of the Settlement; (b) the proposed plan of distribution of the Net Settlement Fund among members of the End-Payor Classes; (c) the proposed claim form and process to be used for the allocation and distribution of the Settlement Fund; (d) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (e) whether service awards should be awarded to the Class Representatives, and in what amount; and (f) whether a final judgment should be entered terminating this litigation.

14. The Fairness Hearing may be rescheduled or continued; in that event, the Court will furnish all counsel with appropriate notice. Lead Class Counsel shall be responsible for communicating any such notice promptly to the End-Payor Classes by posting conspicuous notice on the website, www.RanbaxyTPPLitigation.com, and by email to the extent an email address is available.

15. On _____, 2022 (60 days after entry of this Preliminary Approval Order), in advance of the Fairness Hearing, Plaintiffs and the End-Payor Classes shall submit a motion for final approval of this Settlement by the Court (the "Final Approval Motion"). Class Counsel shall also on file on _____, 2022 a motion for approval of the Fee and Expense Award ("Motion for Fee and Expense Award"), and any motion for service awards.

16. End-Payor Class members that wish to object with respect to (a) the fairness, reasonableness, or adequacy of the proposed Settlement, (b) the Motion for Fee and Expense Award, and/or (c) any motion for service awards, must first file a written letter of objection and, if intending to speak, a notice of intention to appear, along with a summary statement outlining the position to be asserted and the grounds therefor, together with copies of any supporting papers or briefs, with the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, One Courthouse Way, Boston, Massachusetts 02210, with copies to the following counsel:

| Class Counsel | Counsel for Ranbaxy |
|---|---|
| Gerald Lawrence<br>Renee A. Nolan<br>**LOWEY DANNENBERG, P.C.**<br>One Tower Bridge<br>100 Front Street, Suite 520<br>West Conshohocken, PA 19428<br>Tel: (215) 399-4770<br>glawrence@lowey.com<br>rnolan@lowey.com<br><br>James R. Dugan, II<br>David S. Scalia<br>TerriAnne Benedetto<br>**THE DUGAN LAW FIRM, APLC**<br>One Canal Place – Suite 1000<br>365 Canal Street<br>New Orleans, LA 70130<br>(504) 648-0180<br>jdugan@dugan-lawfirm.com<br>dscalia@dugan-lawfirm.com<br>tbenedetto@dugan-lawfirm.com | **KIRKLAND & ELLIS LLP**<br>Jay P. Lefkowitz, P.C.<br>Devora W. Allon, P.C.<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 446-4970<br>lefkowitz@kirkland.com<br>devora.allon@kirkland.com |

17. To be valid, any such objection and/or notice of intention to appear and summary statement must be filed or received by no later than _____, 2022 (81 days after entry of this Preliminary Approval Order), and it must include the End-Payor Class member's name, address, telephone number, and signature, state whether the objection applies

8

only to the objector, to a specific subset of one or more of the classes, or to an entire class or classes, and also state with specificity the grounds for the objection. Unless a timely objection and/or notice of intention to appear is filed as provided herein, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an objection shall be deemed to have waived any such objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing. Persons or entities who file an objection do not need to appear in order to have their objections considered.

18. All reply briefs and materials in further support of the final approval of the Settlement and the entry of final judgment proposed by the parties to the Settlement and/or opposing timely-filed objections shall be filed with the Court by _____, 2022 (7 days prior to the Fairness Hearing).

19. Pending final approval of the Settlement and the entry of final judgment, any and all proceedings in this action (other than those incident to the settlement process) against Ranbaxy are stayed.

20. In the event that the Settlement does not become final, litigation of the action with respect to Ranbaxy will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto (or application by one party if a joint application is not forthcoming) as provided for in the Settlement Agreement.

21. In the event that the Settlement is terminated in accordance with the Settlement Agreement, the terminated Settlement and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void and shall have no further force and effect, Plaintiffs shall retain full rights to assert any and all causes of action against Ranbaxy, and any released party affiliated with Ranbaxy shall retain any and all defenses and counterclaims thereto. This action with respect to Ranbaxy shall hereupon revert

forthwith to its respective procedural and substantive status in the Action as of March 22, 2022, with all of their respective legal claims and defenses preserved as they existed on that date. Any judgment or order entered by this Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the litigation shall proceed as if the Settlement Agreement and all other papers had not been executed by Plaintiffs and the End-Payor Class and Ranbaxy.

22.     Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Ranbaxy as to the validity of any claim that has been or could have been asserted against Ranbaxy or as to any liability by Ranbaxy as to any matter set forth in this Order; nor shall any such matter constitute, be construed as, or be deemed to be evidence of or an admission or concession by Plaintiffs as to the absence of merit in any of their allegations or claims against Ranbaxy.

IT IS SO ORDERED.

DATED:                                                                _____
                                                                              NATHANIEL M. GORTON,
                                                                              UNITED STATES DISTRICT JUDGE