# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**If you purchased any of the following drugs directly from a manufacturer during any of the indicated time periods, you could get a payment from a class action settlement:**

**(a) Brand Diovan and/or generic Diovan (valsartan) at any time between September 21, 2012 and December 31, 2014;**

**(b) Brand Nexium and/or generic Nexium (esomeprazole magnesium) at any time between May 27, 2014 and December 31, 2015; or**

**(c) Brand Valcyte and/or generic Valcyte (valganciclovir hydrochloride) at any time between August 1, 2014 and February 29, 2016, except if you purchased only branded Valcyte.**

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*
*You are not being sued.*

A proposed settlement (the "Settlement") has been reached in a class action lawsuit (the "Lawsuit") brought by direct purchasers of brand and generic Diovan, Nexium, and Valcyte against Ranbaxy, Inc. ("Ranbaxy") and Sun Pharmaceutical Industries Ltd. ("Sun") (both entities collectively referred to as "Ranbaxy") for alleged antitrust and racketeering violations.

The purpose of this notice is to alert you about this Settlement and provide you with important details about the proposed Settlement and your rights under the proposed Settlement.

The proposed Settlement will provide a total of $340 million (the "Settlement Fund") to resolve the direct purchasers' claims against defendants Ranbaxy and Sun.

Ranbaxy and Sun (the "Defendants") deny any wrongdoing.

You were previously notified that this Lawsuit had been certified as a class action. On May 14, 2021, Judge Nathaniel M. Gorton of the United States District Court for the District of Massachusetts allowed this Lawsuit to proceed as a class action, and certified the three following Classes:

1. THE DIOVAN CLASS - All persons or entities in the United States and its territories who purchased Diovan and/or AB-rated generic versions of Diovan directly from any of the Defendants or any brand or generic manufacturer at any time during the period

1

September 21, 2012, through and until the anticompetitive effects of the Defendants' conduct cease;

2. THE NEXIUM CLASS - All persons or entities in the United States and its territories who purchased Nexium and/or AB-rated generic versions of Nexium directly from any of the Defendants or any brand or generic manufacturer at any time during the period May 27, 2014, through and until the anticompetitive effects of the Defendants' conduct cease.

3. THE VALCYTE CLASS - All persons or entities in the United States and its territories who purchased Valcyte and/or AB-rated generic versions of Valcyte directly from any of the Defendants or any brand or generic manufacturer, but excluding those purchasers who only purchased branded Valcyte, at any time during the period August 1, 2014, through and until the anticompetitive effects of the Defendants' conduct cease; and

Excluded from each of the direct purchaser classes are the Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all governmental entities.

The Court has scheduled a hearing to decide upon Final Approval of the Settlement, the plan for allocating the Settlement Fund to Members of the Classes (summarized in Question 6 below), and Class Counsel's request for reimbursement of costs, service awards, and payment of attorneys' fees out of the Settlement Fund.  That hearing is scheduled for _____ before Judge Nathaniel M. Gorton in Courtroom 4 at the United States District Court for the District of Massachusetts, United States Courthouse, One Courthouse Way, Boston, MA, 02210.

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT, SO PLEASE READ THIS NOTICE CAREFULLY.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **UPON RECEIPT OF THE CLAIM FORM, PROMPTLY REVIEW, SIGN, AND RETURN IT** | You do not need to do anything now to retain your right to seek a share of the Settlement. <br><br> If the Court grants Final Approval of the Settlement and you are a Member of any of the Classes, you will receive a Claim Form (which will be mailed to you) that will list your purchases of the relevant drugs in the qualifying periods.  You should review that Claim Form promptly for accuracy. <br><br> If the Claim Form's information about your purchases is accurate, you only need to sign it and return it to obtain your *pro rata* share of the Settlement Fund for any of the three drugs for which you qualify. If the Claim Form's information is not accurate, you will be given an opportunity to provide data or information to correct it. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT** | You may object to any or all aspects of the Settlement.<br><br>If you do so, you may (as discussed below) write to the Court about why you disagree with the Settlement, and you may ask to speak at the Final Approval hearing about your objections to the Settlement. |
| **GET MORE INFORMATION** | If you would like more information about the lawsuit:<br><br>You can review this notice,<br><br>You can visit the Settlement website at **www.RanbaxyAntitrustLitigation.com**, or<br><br>You can send questions to the Class Counsel identified in **Question 11** below.<br><br>**DO NOT CONTACT THE COURT OR THE DEFENDANTS IF YOU HAVE QUESTIONS REGARDING THIS NOTICE.** |

**THESE RIGHTS AND OPTIONS,
AND THE DEADLINES TO EXERCISE THEM,
ARE EXPLAINED IN THIS NOTICE.**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**.................................................................................................**5**

   1. Why did I receive this notice? ........................................................................... 5

   2. What is the lawsuit about? ................................................................................. 5

   3. Why is this lawsuit a class action?.................................................................... 6

   4. Why is there a settlement with Ranbaxy and Sun?............................................ 8

**WHO CAN PARTICIPATE IN THE SETTLEMENT?**............................................**8**

   5. Am I part of one of the Classes?........................................................................ 8

   6. What does the Settlement provide?.................................................................... 9

   7. How much will my payment be? ...................................................................... 10

   8. How can I get a payment?................................................................................ 10

   9. When would I get my payment? ...................................................................... 10

   10. What am I giving up to get payment?............................................................. 11

**THE LAWYERS REPRESENTING THE CLASSES.** ............................................. **11**

   11. Do I have a lawyer in this case?...................................................................... 11

   12. Should I get my own lawyer? ......................................................................... 11

   13. How will the lawyers be paid?........................................................................ 11

   14. How do I tell the Court that I do not like the settlement?................................... 12

   15. When and where will the Court decide whether to approve the Settlement? ..................... 13

   16. Do I have to come to the hearing? .................................................................. 13

   17. May I speak at the hearing? ........................................................................... 13

   18. What happens if I do nothing at all? ............................................................... 14

   19. How do I get more information?...................................................................... 14

# BASIC INFORMATION

| **1.** | **Why did I receive this notice?** |
|---|---|

You received this notice because, according to sales data produced by the manufacturers of brand and generic Diovan, Nexium, and Valcyte, you purchased brand and/or generic Diovan, Nexium, or Valcyte directly from the manufacturers of those products during the following qualifying time periods:

> (a) Brand Diovan or generic Diovan (valsartan) at any time between September 21, 2012 and December 31, 2014;

> (b) Brand Nexium or generic Nexium (esomeprazole magnesium) at any time between May 27, 2014 and December 31, 2015; and/or

> (c) Brand Valcyte or generic Valcyte (valganciclovir hydrochloride) at any time between August 1, 2014 and February 29, 2016, except if you purchased only branded Valcyte during this period.

This notice explains the Lawsuit, the Settlement with Ranbaxy and Sun, your legal rights, what benefits are available, and the requirements to be eligible for those benefits.

Note that you may have received this Notice in error - simply receiving this Notice does not mean that you are definitely a member of one or more Classes.  You may confirm that you are a member of one or more of the Classes by reviewing the criteria set forth in **Question 5** below.  You may also call, email, or write to the lawyers in this case representing the Classes ("Class Counsel") at the telephone numbers or addresses listed in **Question 11** below.

| **2.** | **What is this lawsuit about?** |
|---|---|

The plaintiffs Meijer, Inc. and Meijer Distribution, Inc. (the "Plaintiffs") filed lawsuits individually and as representatives of all persons or entities in the Classes. The court has appointed them Class Representatives.

This Lawsuit alleges that Ranbaxy violated federal antitrust and racketeering laws by making misrepresentations to the FDA in connection with pursuing tentative approvals for abbreviated new drug applications (ANDAs). This Lawsuit alleges that those misrepresentations caused (at least in part) the FDA to grant Ranbaxy tentative approval for its ANDAs for generic versions of Diovan, Nexium, and Valcyte, and that those improperly obtained tentative approvals gave Ranbaxy the power to exclude other generic manufacturers' versions of Diovan, Nexium, and Valcyte.  The Plaintiffs allege that had Ranbaxy not made those misrepresentations to the FDA, the FDA would not have granted Ranbaxy those tentative approvals and resulting 180-day exclusivities, and other companies would have entered the market with generic versions for each of those drugs at an earlier time than actually occurred. (Sun acquired Ranbaxy in 2015 and thereby became responsible for Ranbaxy's liabilities.)

Plaintiffs further allege that, as a result of Ranbaxy's alleged unlawful conduct, the prices that purchasers paid for Diovan, Nexium, and Valcyte and/or generic Diovan (valsartan), Nexium (esomeprazole magnesium), and Valcyte (valganciclovir hydrochloride) were higher than they otherwise would have been – both because (i) purchasers who paid for branded drugs would have purchased cheaper generic versions had they been available, and (ii) purchasers of the generic versions would have paid less for those generic versions if they had launched earlier. Plaintiffs sought to recover damages in the form of overcharges they alleged were caused by Ranbaxy's conduct. A copy of Direct Purchaser Plaintiffs' Second Consolidated Direct Purchaser Complaint filed on March 2, 2021 is available at **www.RanbaxyAntitrustLitigation.com**.

Defendants Ranbaxy and Sun deny all of those allegations. Defendants assert that their conduct did not violate any applicable laws or regulations, and they deny that the Classes are entitled to damages or other relief. The Settlement is not an admission of wrongdoing, violation of law, or offense by Ranbaxy or Sun.

Following the completion of fact discovery and expert discovery, class certification and summary judgment motions, and extensive negotiations utilizing a private mediator, the Class Representatives, on behalf of the Classes, entered into the Settlement with Ranbaxy and Sun. The terms of the Settlement, which is subject to final approval by the Court, are set forth in a written Settlement Agreement dated as of April 8, 2022 (the "Settlement Agreement"). The Settlement Agreement provides that Ranbaxy and Sun will pay $340 million in cash to the direct purchaser Classes in exchange for a release of all claims against the Released Parties (as defined in the Settlement Agreement) related to the conduct alleged in the Complaint. The Settlement Agreement is available for review at **www.RanbaxyAntitrustLitigation.com**. The Settlement Agreement contains the full text of the release for your review.

THE COURT HAS NOT DECIDED WHETHER RANBAXY AND SUN VIOLATED ANY LAWS. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF PLAINTIFFS' CLAIMS OR THE DEFENSES ASSERTED BY RANBAXY AND SUN.

The class action is known as *In re Ranbaxy Generic Drug Application Antitrust Litigation*, (D. Mass.), MDL No. 2878, Case No. 19-md-2878-NMG. Judge Nathaniel M. Gorton of the United States District Court for the District of Massachusetts is overseeing this class action.

## 3. Why is this lawsuit a class action?

In a class action lawsuit, one or more persons or entities called plaintiffs or class representatives sue on behalf of others who have similar claims. In this case, the Class Representatives are Meijer, Inc. and Meijer Distribution, Inc. The Class Representatives, along with the entities whom they represent and on whose behalf they have sued, are together called the Classes. Their lawyers are called "Class Counsel." The companies that they sued, in this case Ranbaxy and Sun, are called the Defendants. In a class action lawsuit, one court resolves the issues for everyone in the class.

In this Lawsuit, the Court, by order dated May 14, 2021, certified three Classes for the purposes of litigation. The Court decided that this Lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that, for each of the three Classes:

- The Class is so numerous that joinder of all members is impractical (numerosity);

- There are questions of law or fact common to the Class (commonality);

- The claims or defenses of the Class Representatives are typical of the claims or defenses of the Class (typicality);

- The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Class (adequacy); and

- Common legal and factual questions predominate over any questions affecting only individual members of the Class (predominance), and this class action is a superior method for fair and efficient adjudication of this controversy as opposed to having many individual lawsuits (superiority).

In so doing, the Court found that the Plaintiffs "have sufficiently shown that classwide injury and damages can be demonstrated through evidence common to the class and that common issues predominate over individualized inquiries."  Common legal and factual questions include:

- Whether Ranbaxy willfully engaged in anticompetitive conduct;

- Whether Ranbaxy unlawfully acquired and/or maintained monopoly power over the relevant markets through all or part of its overall anticompetitive scheme;

- Whether Ranbaxy formed an enterprise with Buc & Beardsley (its law firm) and Parexel (its consultant) with the common goal of securing tentative approval for Ranbaxy's ANDAs.

- Whether Ranbaxy and its co-conspirators engaged in a pattern of racketeering activity;

- Whether Ranbaxy's and its co-conspirators' unlawful conduct caused the FDA to grant tentative approval to Ranbaxy's ANDAs;

- Whether Ranbaxy's scheme, in whole or in part, has substantially affected interstate commerce;

- Whether direct proof of Ranbaxy's monopoly power is available and, if so, whether it is sufficient to prove Ranbaxy's monopoly power without the need to define the relevant markets;

- Whether Ranbaxy's unlawful conduct was a substantial contributing factor in causing some delay in the market entry of AB-rated generic versions of Diovan, Nexium, and Valcyte;

- Determination of a reasonable estimate of the amount of delay Ranbaxy's unlawful conduct caused; and

- The quantum of overcharges paid by the Classes.

A copy of the Court's order may be found at **www.RanbaxyAntitrustLitigation.com.**

---

**4. Why is there a settlement with Ranbaxy and Sun?**

---

The Court has not decided which side is correct or if any laws were violated. Instead, Ranbaxy, Sun, and the Classes agreed to settle the case and avoid the cost and risk of trial and possible appeals.

This Settlement is the product of extensive negotiations between Class Counsel, Ranbaxy, and Sun with the assistance of an experienced private mediator, and after lengthy, hard-fought litigation. At the time the Settlement was reached, discovery was complete, expert reports had been exchanged and experts examined, class certification, summary judgment, and expert exclusion motions had been decided, and the parties were preparing for a trial.

After thoroughly investigating the complex factual, legal, and economic issues involved, Class Counsel negotiated with Ranbaxy and Sun's counsel a settlement of $340 million in cash to resolve the claims direct purchasers brought against Ranbaxy and Sun.

If the Court approves the Settlement, members of the three Classes will be guaranteed compensation without undue delay. The Class Representatives and the Class Counsel representing them believe that the $340 million cash for a release of claims against Ranbaxy and Sun is fair, adequate, and reasonable, and in the best interests of the Classes.

# WHO CAN PARTICIPATE IN THE SETTLEMENT?

To see if you will get money from the Settlement, you first have to determine whether you are a member of at least one of the Classes.

---

**5. Am I part of one of the Classes?**

---

You are in one or more of the Classes if you are an entity in the United States or its territories that purchased, directly from a manufacturer, any of the following drugs in the qualifying time periods as follows:

(a) brand Diovan and/or generic Diovan (valsartan) at any time between Sept. 21, 2012 and Dec. 31, 2014;

(b) brand Nexium and/or generic Nexium (esomeprazole magnesium) at any time between May 27, 2014 and Dec. 31, 2015; and/or

(c) brand Valcyte and/or generic Valcyte (valganciclovir hydrochloride) at any time between Aug. 1, 2014 and Feb. 29, 2016, except if you only purchased branded Valcyte.

Excluded from each of the direct purchaser classes are the Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all governmental entities.

If you are not sure whether you are included in one or more of the Classes, you may call or write to the lawyers in this case at the telephone numbers or addresses listed in Question 11 below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6. What does the Settlement provide?**

Ranbaxy and Sun have agreed to pay $340 million in cash into a Settlement Fund (which will include any interest that accrues) for the benefit of the direct purchaser Classes.

Class Counsel will apply to the Court for an award of attorneys' fees (of up to one-third of the Settlement Fund net of expenses, plus a proportionate share of the interest earned on the Settlement Fund), expenses they incurred prosecuting this litigation on behalf of the Classes, service awards to the Class Representatives of $40,000 each for their services to the Classes, and payment for costs of administering the Settlement from the Settlement Fund.

The remainder (the "Net Settlement Fund") will be divided as follows, subject to Court approval of the proposed plan of allocation:

First, divided between the three classes as follows: 50% for the Diovan Class, 45% for the Nexium Class, and 5% for the Valcyte Class.

Next, divided within each Class on a *pro rata* basis based on each Class Member's purchases of brand and generic Diovan, Nexium, and Valcyte made directly from manufacturers, net of any returns and net of any purchases for which the Class Member has assigned its rights to recovery in this litigation, and distributed to Class Members who return valid and timely Claim Forms.

More information about the proposed plan of allocation and any related Court orders will be posted at **www.RanbaxyAntitrustLitigation.com**.

In exchange, Ranbaxy and Sun will be released and discharged from all antitrust claims, racketeering claims, and other similar claims as those alleged in this action relating to Diovan, Nexium, and Valcyte. The full text of the release is included in the Settlement Agreement, available at **www.RanbaxyAntitrustLitigation.com**.

### 7. How much will my payment be?

Your share of the Net Settlement Fund will depend on the amount of brand and generic Diovan, Nexium, and/or Valcyte that you purchased directly from manufacturers during the applicable qualifying period for each drug. Generally, those who spent more on those drugs during the qualifying periods will get a higher recovery.

Your share of the Net Settlement Fund will also depend on the number of valid claim forms that Class Members submit. If some Class Members fail to send in a timely and valid claim form, you could get a larger *pro rata* share of the Net Settlement Fund.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 8. How can I get a payment?

If the Settlement is approved by the Court, all Class Members of any of the three Classes will receive a Claim Form to request a *pro rata* share of the Net Settlement Fund. Transactional sales data from manufacturers of Diovan, Nexium, and Valcyte and generic versions of those drugs will be used to make the calculations. You may be asked to verify the accuracy of the information in the Claim Form and to sign and return the form according to the directions on the form.

If the information on the Claim Form is accurate, you only need to sign and return it to receive the *pro rata* share of the Net Settlement Fund to which you are entitled.

If you believe the information on the Claim Form is not accurate, you will have the opportunity to provide data or information to supplement or correct any inaccuracies.

### 9. When would I get my payment?

Payment is conditioned on several matters, including the Court's approval of the Settlement and upon any appeal being final (and no longer subject to any appeals to any court). Upon satisfaction of various conditions, the Net Settlement Fund will be allocated to Class Members as soon as possible after final approval has been obtained for the Settlement.

The allocation will be on a *pro rata* basis pursuant to a Plan of Allocation that will be approved by the Court. If there is an appeal of the Settlement's final approval, the appeal could take several years to resolve. Any accrued interest on the Settlement Fund will be included, *pro rata*, in the amount paid to the Class Members.

The Settlement Agreement may be terminated if the Court does not approve the Settlement or materially modifies it. If the Settlement Agreement is terminated because the Court determines the Settlement not to be fair, adequate, and reasonable, the lawsuit will proceed as if the Settlement had not been reached. The full text of the termination provisions are in the Settlement Agreement, available at **www.RanbaxyAntitrustLitigation.com**.

## 10. What am I giving up to get payment?

Class Members submitting claims will be required to execute a release that releases any right to sue Ranbaxy and Sun over the "Released Claims," or be part of any other lawsuit against Ranbaxy and Sun over the "Released Claims."

The Released Claims are described fully in the Settlement Agreement (available at **www.RanbaxyAntitrustLitigation.com**) and will also be included as part of the Claim Form to be mailed to each Class Member upon Final Approval of the Settlement by the Court.

# THE LAWYERS REPRESENTING THE CLASSES.

## 11. Do I have a lawyer in this case?

The lawyers listed below have been appointed by the Court as Co-Lead Class Counsel. They are experienced in handling similar cases against other companies. The lawyers are:

| HAGENS BERMAN SOBOL SHAPIRO LLP | HILLIARD & SHADOWEN LLP |
|---|---|
| Thomas M. Sobol | Steve D. Shadowen |
| Kristen A. Johnson | 1135 W. 6th St., Suite 125 |
| 55 Cambridge Parkway, Suite 301 | Austin, TX 78703 |
| Cambridge, MA 02142 | Tel: (855) 344-3298 |
| Tel: (617) 482-3700 | steve@hilliardshadowenlaw.com |
| tom@hbsslaw.com | |
| kristenj@hbsslaw.com | |

## 12. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf.

However, if you wish to do so, you may retain your own lawyer at your own expense.

## 13. How will the lawyers be paid?

You will not have to pay anything for these lawyers. If the Court approves the settlement, Class Counsel will apply to the Court for an award of attorneys' fees (of up to one-third of the Settlement Fund net of expenses), plus expenses they incurred prosecuting this litigation on behalf of the Classes.

Class Counsel also will apply for service awards to the Class Representatives for their services to the Classes of $40,000 each. If the Court grants Class Counsel's requests, these amounts would be deducted from the Settlement Fund. You will not have to pay these fees, costs, and expenses out of your own pocket.

Class Counsel's application for an award of attorneys' fees, reimbursement of expenses and service awards to the Class Representatives will be filed with the Court and made available for download and/or viewing on or before _____, 2022 on **www.RanbaxyAntitrustLitigation.com**, as well as at the office of the Clerk of the United States District Court for the District of Massachusetts, United States Courthouse, One Courthouse Way, Boston, MA 02210, during normal business hours.

# OBJECTING TO THE SETTLEMENT

| **14. How do I tell the Court that I disagree with the Settlement?** |
| --- |

If you are a Class Member, you may tell the Court that you object to (disagree with) all or any aspect of the Settlement, and/or the application for attorneys' fees, costs and expenses, and/or the requested service awards to the Class Representatives.

You must provide reasons and otherwise explain the basis for any objection you raise. The Court will consider your objection(s) in determining whether to grant Final Approval to the Settlement.

To object, you must file a letter with the Court saying that you object to the Settlement in the Direct Purchaser Action in *In re Ranbaxy Generic Drug Application Antitrust Litigation*, MDL No. 2878, Case No. 19-md-2878-NMG (D. Mass.). Be sure to include your name, address, telephone number, and your signature, state whether the objection applies only to you, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for your objection. File the objection electronically via the Court's Case Management/Electronic Case Files (CM/ECF) system or by mailing it to the Clerk of the United States District Court for the District of Massachusetts, United States Courthouse, One Courthouse Way, Boston, MA 02210, with copies to all of the following:

| **Class Counsel** | **Counsel for Ranbaxy and Sun** |
| --- | --- |
| HAGENS BERMAN SOBOL SHAPIRO LLP<br>Thomas M. Sobol<br>Kristen A. Johnson<br>55 Cambridge Parkway, Suite 301<br>Cambridge, MA 02142<br>Tel: (617) 482-3700<br>tom@hbsslaw.com<br>kristenj@hbsslaw.com<br><br>HILLIARD & SHADOWEN LLP<br>Steve D. Shadowen<br>1135 W. 6th St., Suite 125<br>Austin, TX 78703<br>Tel: (855) 344-3298<br>steve@hilliardshadowenlaw.com | KIRKLAND & ELLIS LLP<br>Jay P. Lefkowitz, P.C.<br>Devora W. Allon, P.C.<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 446-4970<br>lefkowitz@kirkland.com<br>devora.allon@kirkland.com |

Do not call the Court or the Judge's office about your objection(s).

Your objection must be filed no later than _____.

# THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

---

**15. When and where will the Court decide whether to approve the Settlement?**

---

The Court will hold a Fairness Hearing at ____ on _____, in Courtroom 4 at the United States District Court for the District of Massachusetts, United States Courthouse, One Courthouse Way, Boston, MA 02210. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long the decision will take.

IMPORTANT: The time and date of this hearing may change without additional mailed notice. For updated information on the hearing, visit **www.RanbaxyAntitrustLitigation.com.**

---

**16. Do I have to come to the hearing?**

---

No, you are not required to attend the hearing.

Class Counsel will answer any questions that Judge Gorton may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

Moreover, attendance is not necessary to receive a *pro rata* share of the Net Settlement Fund.

---

**17. May I speak at the hearing?**

---

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Ranbaxy Generic Drug Application Antitrust Litigation*, MDL No. 2878, Case No. 19-md-2878-NMG." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be filed no later than _____, 2022, and you must send copies to (1) the Clerk of the Court, (2) Class Counsel, and (3) Ranbaxy and Sun's counsel, at the addresses set forth in the response to Question 14.

You cannot speak at the hearing if you do not send a Notice of Intention to Appear.

## IF YOU DO NOTHING

**18. What happens if I do nothing at all?**

If you are a Class Member, and you do nothing, and the Court approves the Settlement, you will participate in the Settlement as described in this Notice. However, you will need to review the Claim Form, and sign and return it (once it is sent to you) in order to obtain a payment.

## GETTING MORE INFORMATION

**19. How do I get more information?**

If you have questions about this case or want to get additional information, you may call or write to the lawyers listed in the answer to Question 11 or visit the website **www.RanbaxyAntitrustLitigation.com.**

This notice is only a summary of the Settlement and is qualified in its entirety by the terms of the actual Settlement Agreement. A copy of the Settlement Agreement, including the releases, is on public file during normal business hours at United States District Court for the District of Massachusetts, United States Courthouse, One Courthouse Way, Boston, MA 02210 and is also available for download and/or viewing on **www.RanbaxyAntitrustLitigation.com.**

**PLEASE DO NOT WRITE OR CALL THE COURT
OR THE CLERK'S OFFICE FOR INFORMATION.**

**INSTEAD, PLEASE DIRECT ANY INQUIRIES TO THE CLASS
COUNSEL LISTED IN QUESTION 11, ABOVE.**

DATE:  April _____, 2022                    BY THE COURT

 

_____
Hon. Nathaniel M. Gorton
United States District Judge

14