# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION | MDL No. 2878 |
| THIS DOCUMENT RELATES TO:<br><br>All Direct Purchaser Actions | Master File No.<br>19-md-02878-NMG |

**[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS'**
**MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH RANBAXY**

Upon review of the Settlement Agreement by and between plaintiffs Meijer, Inc. and

Meijer Distribution, Inc. ("Plaintiffs"), individually and on behalf of the direct purchaser classes

previously certified by this Court (the "Direct Purchaser Classes"), and defendants Ranbaxy,

Inc., and Sun Pharmaceutical Industries Limited ("Ranbaxy"), dated April 8, 2022, and Direct

Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement, Approval

of Form and Manner of Notice to the Class, Appointment of Settlement Administrator and

Escrow Agent, and Final Settlement Schedule and Date for Final Approval Hearing and the

supporting memorandum, declarations, and exhibits, IT IS HEREBY ORDERED that the motion

is GRANTED as follows:

1.      This Order incorporates by reference the definitions in the Settlement Agreement

between Plaintiffs and Direct Purchaser Classes and Ranbaxy filed with this Court, and all

capitalized terms used and not otherwise defined herein shall have the meanings set forth in the

Settlement Agreement.

**JURISDICTION**

2.      This Court has subject matter jurisdiction over this Action, and personal

jurisdiction over each of the representative class plaintiffs, Meijer, Inc. and Meijer Distribution,

Inc. ("Plaintiffs"), and defendants Ranbaxy, Inc., and Sun Pharmaceutical Industries Limited

(collectively, "Ranbaxy").

**PREVIOUSLY CERTIFIED CLASS**

3.      By order dated May 14, 2021 (ECF No. 389), the Court previously certified the

Direct Purchaser Classes pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), defined

as follows:

> All persons or entities in the United States and its territories who
> purchased Diovan and/or AB-rated generic versions of Diovan
> directly from any of the Defendants or any brand or generic
> manufacturer at any time during the period September 21, 2012,
> through and until the anticompetitive effects of the Defendants'
> conduct cease (the "Diovan Class Period");
>
> All persons or entities in the United States and its territories who
> purchased Valcyte and/or AB-rated generic versions of Valcyte
> directly from any of the Defendants or any brand or generic
> manufacturer, but excluding those purchasers who only purchased
> branded Valcyte, at any time during the period August 1, 2014,
> through and until the anticompetitive effects of the Defendants'
> conduct cease (the "Valcyte Class Period"); and
>
> All persons or entities in the United States and its territories who
> purchased Nexium and/or AB-rated generic versions of Nexium
> directly from any of the Defendants or any brand or generic
> manufacturer at any time during the period May 27, 2014, through
> and until the anticompetitive effects of the Defendants' conduct
> cease (the "Nexium Class Period").
>
> Excluded from each of the direct purchaser classes are the
> defendants and their officers, directors, management, employees,
> subsidiaries, or affiliates, and all governmental entities.

4.      The Court also previously appointed Plaintiffs as representatives for the Direct

Purchaser Classes (the "Class Representatives") and Hagens Berman Sobol Shapiro LLP

attorneys Thomas M. Sobol and Kristen A. Johnson, and Hilliard & Shadowen LLP attorney

Steve Shadowen, as lead counsel for the Direct Purchaser Classes ("Lead Class Counsel")

pursuant to Federal Rule of Civil Procedure 23(g).

**PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**

5.        Federal Rule of Civil Procedure 23(e) provides that a proposed settlement in a

class action must be approved by the Court. "[T]he approval of a settlement agreement is a two-

step process, which first requires the court to make a preliminary determination regarding the

fairness, reasonableness, and adequacy of the settlement terms."  Manual for Complex Litigation

(Fourth) § 21.632 (2015). In this preliminary evaluation of a proposed settlement, the Court

determines only whether the settlement has "obvious deficiencies" or whether "it is in the range

of fair, reasonable, and adequate." *In re M3Power Razor Sys. Mktg. & Sales Prac. Litig.*, 270

F.R.D. 45, 52 (D. Mass. 2010) (citing Manual §21.632). If the Court finds that the parties

reached the settlement as a result of good-faith negotiations and after sufficient discovery, then a

presumption of fairness attaches to the settlement. *See In re Pharm. Indus. Avg. Wholesale Price

Litig.*, 588 F.3d 24, 32-33 (1st Cir. 2009). This initial presumption of fairness allows for notice to

be given so that the class may have a full and fair opportunity to consider the proposed

settlement. *See* Manual for Complex Litigation (Fourth) § 21.631 (2015).

6.        All the relevant factors weigh in favor of preliminarily approving the Settlement:

*First*, the Settlement follows full fact and expert discovery and class certification and summary

judgment and *Daubert* motions decided based on extensive briefing and supporting submissions.

Consequently, the parties have access to a discovery record and rulings of the Court that permit a

fully informed evaluation of the case. *Second*, the Settlement is the result of arm's-length

negotiation among sophisticated counsel and mediation under Kenneth Feinberg. *Third*, the

agreed-upon Settlement Payment of $340 million, in exchange for, *inter alia*, dismissal of the

litigation with prejudice as against Ranbaxy by Plaintiffs and the Direct Purchaser Classes as set forth in the Settlement Agreement, is within the range of reasonableness based on the circumstances.

## APPROVAL OF FORM AND MANNER OF NOTICE

7.      The Court finds that the proposed form of notice to members of the Direct Purchaser Classes of the proposed Settlement (Exhibit B to the Settlement Agreement), and the proposed method of dissemination of notice by U.S. First-Class Mail and email satisfy Federal Rule of Civil Procedure 23(e) and due process and are otherwise fair and reasonable and are, therefore, approved. Lead Class Counsel shall also ensure that copies of the notice and the Settlement Agreement are available to members of the Direct Purchaser Classes online at www.RanbaxyAntitrustLitigation.com to allow members of the Direct Purchaser Classes to become and remain reasonably apprised of the progress of this action. The Court finds that, because prior notice of class certification disseminated by U.S. First-Class Mail to all members of the Direct Purchaser Classes on or about October 7, 2021 satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process and because the prior notice of class certification provided an opt-out period that closed on November 8, 2021, there is no need for an additional opt-out period pursuant to Federal Rule of Civil Procedure 23(e)(4). *See In re Carbon Black Antitrust Litig.*, No. 03-10191 (D. Mass. Nov. 29, 2006) (preliminarily approving settlement and explaining that "[i]n light of the previous notice to class members of the pendency of this action and the certification of the class, which complied fully with the requirements of Rule 23 and due process, there is no need for an additional opt-out opportunity pursuant to Rule 23(e)[(4)]").

8.      Class Counsel shall cause the notice substantially in the form attached as Exhibit B to the Settlement Agreement to be disseminated by _____ ___, 2022 (within 15

days after entry of this Order) via U.S. First-Class Mail and email to the last known mailing and

email addresses of each member of the Direct Purchaser Classes.

9.      Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Ranbaxy shall

serve notice of the Settlement to the appropriate federal and state officials as required under

CAFA within 10 business days after the date Plaintiffs file for preliminary approval of the

proposed Settlement. Ranbaxy shall contemporaneously provide Class Counsel with copies of

the notice.

10.      The Court appoints Rust Consulting, Inc. to serve as Settlement Administrator to

provide notice of and to administer the Settlement.  All expenses incurred by the Settlement

Administrator must be reasonable, are subject to Court approval, and shall be payable solely

from the Settlement Fund, although Court approval shall not be required for disbursements of

payments for such expenses in amounts of less than $50,000 in the aggregate, as set forth in the

Settlement Agreement.

11.      The Court appoints The Huntington National Bank to serve as Escrow Agent for

the purpose of administering the escrow account holding the Settlement Fund. All expenses

incurred by the Escrow Agent must be reasonable, are subject to the Court approval, and shall be

payable from the Settlement Fund, although Court approval shall not be required for

disbursements of payments for such expenses for amounts of less than $50,000 in the aggregate,

as set forth in the Settlement Agreement.

12.      The Court preliminarily approves the establishment of the Settlement Fund

defined in the Settlement Agreement (the "Settlement Fund") as a qualified settlement fund

pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury

Regulations promulgated thereunder. The contents of the Settlement Fund shall be deemed and

considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the

Court until such time as the funds shall be distributed pursuant to the Settlement Agreement, plan

of distribution, and/or further order(s) of the Court.

## FAIRNESS HEARING

13.     A hearing on final approval (the "Final Approval Hearing") shall be held before

this Court on _____, 2022 (120 days after entry of this order (the "Preliminary Approval

Order")), at _____Eastern Time, in the Courtroom 4 of the United States District Court

for the District of Massachusetts, United States Courthouse, One Courthouse Way, Boston,

Massachusetts 02210. At the Fairness Hearing, the Court will consider, *inter alia*: (a) the

fairness, reasonableness and adequacy of the Settlement; (b) the proposed plan of distribution of

the Net Settlement Fund among members of the Direct Purchaser Classes; (c) the proposed claim

form and process to be used for the allocation and distribution of the Settlement Fund; (d)

whether the Court should approve awards of attorneys' fees and reimbursement of expenses to

Class Counsel; (e) whether service awards should be awarded to the Class Representatives, and

in what amount; and (f) whether a final judgment should be entered terminating this litigation.

14.     The Final Approval Hearing may be rescheduled or continued; in that event, the

Court will furnish all counsel with appropriate notice. Lead Class Counsel shall be responsible

for communicating any such notice promptly to the Direct Purchaser Classes by email (to the

extent and email address is available) and by posting conspicuous notice on the website

identified in the notice.

15.     On _____, 2022 (60 days after entry of this Preliminary Approval

Order), in advance of the Fairness Hearing, Plaintiffs and the Direct Purchaser Classes shall

submit, and Ranbaxy shall support, a motion for final approval of this Settlement by the Court

(the "Final Approval Motion").  On that same date, Class Counsel shall also file a motion for

approval of the Fee and Expense Award ("Motion for Fee and Expense Award"), and any motion

for service awards.

16.     Class members who wish to object with respect to (a) the fairness, reasonableness,

or adequacy of the proposed Settlement; (b) the Motion for Fee and Expense Award, and/or (c)

any motion for a service award, must first file a written letter of objection and, if intending to

speak, a notice of intention to appear, along with a summary statement outlining the position to

be asserted and the grounds therefor, together with copies of any supporting papers or briefs with

the Clerk of the United States District Court for the District of Massachusetts, United States

Courthouse, One Courthouse Way, Boston, Massachusetts 02210, with copies to the following

counsel:

| Class Counsel | Counsel for Ranbaxy |
|---|---|
| HAGENS BERMAN SOBOL SHAPIRO LLP<br>Thomas M. Sobol<br>Kristen A. Johnson<br>55 Cambridge Parkway, Suite 301<br>Cambridge, MA 02142<br>Tel: (617) 482-3700<br>tom@hbsslaw.com<br>kristenj@hbsslaw.com<br><br>HILLIARD & SHADOWEN LLP<br>Steve D. Shadowen<br>1135 W. 6th St., Suite 125<br>Austin, TX 78703<br>Tel: (855) 344-3298<br>steve@hilliardshadowenlaw.com | KIRKLAND & ELLIS LLP<br>Jay P. Lefkowitz, P.C.<br>Devora W. Allon, P.C.<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 446-4970<br>lefkowitz@kirkland.com<br>devora.allon@kirkland.com |

17.     To be valid, any such objection and/or notice of intention to appear and summary

statement must be filed or received by no later than _____, 2022 (81 days after submission of the

Preliminary Approval Order) and it must include the Direct Purchaser Class member's name,

address, telephone number, and signature, state whether the objection applies only to the

7

objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection. Unless a timely objection and/or notice of intention to appear is filed as provided herein, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an objection and/or notice of intention to appear as well as a summary statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.  Persons or entities who file an objection do not need to appear in order to have their objections considered.

18.     All reply briefs and materials in further support of the final approval of the Settlement and the entry of final judgment proposed by the parties to the Settlement and/or opposing timely-filed objections shall be filed with the Court by _____, 2022 (7 days prior to the Fairness Hearing).

19.     Pending final approval of the Settlement and the entry of final judgment, any and all proceedings in this action (other than those incident to the settlement process) against Ranbaxy are stayed. In the event that the Settlement does not become final, then litigation of this action with respect to Ranbaxy will resume, without prejudice to the rights, claims, or defenses of the Direct Purchaser Classes or Ranbaxy, in a reasonable manner to be approved by the Court upon joint application by the parties hereto (or application by one party if a joint application is not forthcoming) as provided for in the Settlement Agreement.

20.     In the event that the Settlement is terminated in accordance with the Settlement Agreement, the terminated Settlement and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void and shall have no further force and effect, Plaintiffs shall retain full rights to assert any and all causes of action

against Ranbaxy, and any released party affiliated with Ranbaxy shall retain any and all defenses and counterclaims thereto. This action with respect to Ranbaxy shall hereupon revert forthwith to its respective procedural and substantive status in the Action as of March 22, 2022, with all of their respective legal claims and defenses preserved as they existed on that date. Any judgment or order entered by this Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the litigation shall proceed as if the Settlement Agreement and all other papers had not been executed by Plaintiffs and the Direct Purchaser Classes and Ranbaxy.

21.     Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Ranbaxy as to the validity of any claim that has been or could have been asserted against Ranbaxy or as to any liability by Ranbaxy as to any matter set forth in this Order; nor shall any such matter constitute, be construed as, or be deemed to be evidence of or an admission or concession by Plaintiffs as to the absence of merit in any of their allegations or claims against Ranbaxy.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Nathaniel M. Gorton
United States District Judge

9