# EXHIBIT 11



SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   PHOENIX   SAN FRANCISCO   WASHINGTON, DC   T 617.482.3700   F 617.482.3003

ATTORNEYS AT LAW
HAGENS BERMAN SOBOL SHAPIRO LLP
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA 02142
www.hbsslaw.com

## HAGENS BERMAN SOBOL SHAPIRO LLP

Hagens Berman Sobol Shapiro LLP ("HBSS") was founded in 1993 with one purpose: to help victims with claims of fraud and negligence that adversely impact a broad group. The firm initially focused on class action and other types of complex, multi-party litigation, but we have always represented plaintiffs/victims. As the firm grew, we expanded our scope while staying true to our mission of taking on important cases that implicate the public interest. With more than 75 lawyers and offices in eight cities across the United States, the firm represents plaintiffs including investors, consumers, inventors, workers, the environment, governments, whistleblowers, and others in a diverse array of cases.[1]

## PHARMACEUTICAL LITIGATION – BOSTON OFFICE

HBSS aggressively pursues pharmaceutical pricing litigation from our Boston office, helping lead the litigation fight for more affordable prescription drugs and for a more responsible pharmaceutical and medical device industry. HBSS works with consumers, for-profit and not-for-profit health insurers, consumer organizations, state Attorneys General, third-party payers, drug wholesalers and retailers, and other purchasers. Our pursuit of pharmaceutical manufacturer misconduct has resulted in recoveries to prescription drug purchasers well in excess of one billion dollars, and has yielded industry-wide, fundamental price changes.

HBSS—as lead or co-lead class counsel—has brought about significant settlements in several antitrust and RICO class cases involving prescription drugs. In most cases, the plaintiffs alleged that a manufacturer of a brand name drug violated federal or state laws by either delaying its generic competitors from coming to market (thereby forcing purchasers of prescription drugs to buy the more expensive brand instead of the less expensive generic equivalent) or misrepresenting the safety and efficacy of a drug (thereby causing payers to pay more for the drug than they would have otherwise). Significant resolutions in the last fifteen years include:

- **$454 Million Recovery in Glumetza Antitrust Action**

  In March 2022, the Honorable William Alsup of the Northern District of California granted final approval to a trio of settlements with the manufacturers of brand and generic Glumetza, collectively worth $454 million. HBSS served as co-lead class counsel in challenging an anticompetitive reverse payment agreement that enriched Bausch, Assertio, Lupin and their subsidiaries by delaying generic competition for Glumetza for four years. *In re Glumetza Antitrust Litigation*, No. 19-cv-05811 (N.D. Cal.).

---

[1] Additional information about HBSS, our cases, and our lawyers can be found at www.hbsslaw.com.

April 2022

- **$120 Million Recovery in Loestrin Antitrust Action**

  In September 2020, the Honorable William Smith of the District of Rhode Island granted final approval to a $120 million settlement for direct purchasers of brand and generic Loestrin FE 24. HBSS served as lead class counsel challenging an anticompetitive scheme involving patent fraud, wrongful submission of patent information to the FDA, sham litigation, and an anticompetitive reverse payment that deprived direct purchasers of the option to purchase affordable generic versions of this birth control drug. *In re Loestrin 24 FE Antitrust Litigation*, No. 13-md-02472-S (D.R.I.).

- **$51.25 Million Recovery in Restasis Antitrust Action**

  In October 2020, the Honorable Nina Gershon of the Eastern District of New York granted final approval to a $51.25 million class settlement for direct purchasers of brand and generic Restasis. HBSS served as lead class counsel challenging Allergan's anticompetitive scheme to delay competition, including frivolous citizen petitions, fraud on the U.S. Patent Office, sham litigations, and trying to shield its conduct behind a native tribe's sovereign immunity. *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation*, No. 18-md-02819 (E.D.N.Y).

- **$166 Million Recovery in Lidoderm Antitrust Action**

  In September 2018, the Honorable William Orrick of the Northern District of California granted final approval to a $166 million class settlement for direct purchasers of brand and generic Lidoderm. HBSS served as co-lead class counsel challenging a reverse payment agreement between Endo Pharmaceuticals and Actavis that delayed generic competition for Lidoderm for more than one year. *In re Lidoderm Antitrust Litigation*, MDL No. 2521 (N.D. Ca.).

- **$72.5 Million Recovery in Solodyn Antitrust Action**

  In July 2018, the Honorable Denise J. Casper of the District of Massachusetts granted final approval to a $72.5 million class settlement for direct purchasers of brand and generic Solodyn. HBSS was co-lead class counsel in this case alleging Medicis entered into a series of reverse payment deals to delay entry of generic Solodyn and used the period of delay to effectuate a product hop, all resulting in overcharges by direct purchasers. The case settled three days before trial. *In re Solodyn Antitrust Litigation*, MDL No. 2503 (D. Mass.).

- **$94 Million Recovery in Celebrex Antitrust Litigation**

  In April 2018, the Honorable Arenda Wright Allen of the Eastern District of Virginia granted final approval to a $94 million class settlement for direct purchasers of brand and generic Celebrex. HBSS was sole lead counsel in this case that alleged Pfizer obtained reissuance of a patent that provided an additional eighteen months of patent protection for Celebrex by making misrepresentations and omissions to the Patent and Trademark Office; Pfizer then asserted that bogus patent to delay generics from coming to market, in violation of federal antitrust law. The case settled mere weeks before trial. *American Sales Co. LLC v. Pfizer, Inc.*, 14-cv-00361 (E.D. Va. (Norfolk Division)).

April 2022

- **$146 Million Recovery in Aggrenox Antitrust Litigation**

  In December 2017, the Honorable Stefan Underhill of the District of Connecticut granted final approval to a $146 million class settlement for direct purchasers of brand and generic Aggrenox. HBSS served on the three-member Executive Committee on behalf of the direct purchaser class in this case alleging that brand manufacturer entered into an unlawful reverse-payment agreement with generic manufacturer Teva in order to delay market availability of generic formulations of Aggrenox. *In re Aggrenox Antitrust Litigation*, MDL No. 2516 (D. Conn.).

- **$15 Million Settlement of Antitrust Action Involving Asacol**

  In December 2017, the Honorable Denise Casper of the District of Massachusetts granted final approval to a $15 million settlement on behalf of direct purchasers of Asacol. HBSS served as one member of an Executive Committee in this product hopping case against brand manufacturer Allergan plc and its predecessor Warner Chilcott alleging Warner Chilcott made minor, immaterial changes to its Asacol formulation, *e.g.,* changing the dosage amount from 400mg to 800mg, and later changing the dosage form from tablet to capsule, for the sole purpose of preventing generic manufacturers from obtaining FDA approval for a generic product that could be automatically substituted for Asacol. *In re Asacol Antitrust Litigation* 15-cv-12730 (D. Mass.).

- **$189 Million Bankruptcy Resolution for Contaminated MPA Made by New England Compounding Company**

  In May 2015, the Honorable Henry J. Boroff of the United States Bankruptcy Court for the District of Massachusetts confirmed a Chapter 11 plan for NECC that included tort settlements totaling more than $189 million in contributions from NECC's owners, affiliate companies, vendors, and their insurers, as well as several independent clinics, hospitals, doctor's offices, and their respective insurers for having administered the contaminated injections compounded by NECC. HBSS served as court-appointed lead counsel in the MDL. *In re New England Compounding Pharmacy, Inc.*, MDL No. 2419 (D. Mass.); *In re New England Compounding Pharmacy, Inc. (Chapter 11)*, 12-br-19882-HJB (Bankr. D. Mass.).

- **$98 Million Recovery in Antitrust Action Concerning Prograf**

  In May 2015, the Honorable Rya Zobel of the District of Massachusetts approved a $98 million class settlement for direct purchasers in the Prograf antitrust MDL. The direct purchaser class plaintiffs alleged Astellas submitted a sham petition to the FDA to delay approval of generic versions of the immunosuppressant Prograf. *In re Prograf Antitrust Litigation*, MDL No. 2242 (D. Mass.).

- **$325 Million Recovery for Third Party Payers for Neurontin Marketing Fraud**

  In November 2014, the Honorable Patti Saris of the District of Massachusetts approved a $325 million classwide settlement for third party payers alleging Parke Davis, a subsidiary of Pfizer, engaged in widespread and fraudulent off-label marketing, misleading the health care community into believing that Neurontin was effective for a variety of uses for which it was not approved. HBSS served as liaison counsel and a member of the Plaintiffs' Steering

April 2022

Committee. The class settlement followed a $142 million verdict in related litigation on behalf of Kaiser, where HBSS served as trial counsel. *In re Neurontin Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 1629 (D. Mass.).

- **$73 Million Recovery in Antitrust Action Concerning Skelaxin**

In September 2014, the Honorable Curtis Collier of the Eastern District of Tennessee approved a $73 million settlement on behalf of a class of direct purchasers of Skelaxin. HBSS served as court-appointed sole lead class counsel for the direct purchaser class. *In re Skelaxin (Metaxalone) Antitrust Litigation*, Civil Action No. 12-md-2343 (E.D. Tenn.).

- **$150 Million Recovery in Flonase Antitrust Action**

In June 2013, the Honorable Anita Brody of the Eastern District of Pennsylvania approved a $150 million settlement on behalf of direct purchasers who bought the nasal spray Flonase from the defendant, GlaxoSmithKline. The plaintiffs alleged that GSK submitted a sham citizen petition to the FDA that, intentionally and actually, delayed the approval of generic versions of Flonase. HBSS served as court appointed co-lead class counsel for the direct purchaser class. *In re Flonase Antitrust Litigation*, Civil Action No. 08-cv-3149 (E.D. Pa.).

- **$21.5 Million Recovery in Wellbutrin SR Antitrust Action**

In June 2013, the Honorable Lawrence Stengel of the Eastern District of Pennsylvania approved a $21.5 million settlement on behalf of end payers who bought the antidepressant Wellbutrin SR from defendant GlaxoSmithKline. The plaintiffs alleged Glaxo unlawfully extended its monopoly over the market for Wellbutrin SR by filing baseless patent infringement suits against multiple generic manufacturers legitimately seeking to market less expensive versions of these drugs.  HBSS served as court appointed co-lead class counsel for the end payer class. *In re Wellbutrin SR Antitrust Litigation*, Civil Action No. 04-cv-5898 (E.D. Pa.).

- **$37.5 Million Partial Settlement in Wellbutrin XL Antitrust Action**

In November 2012, Judge Mary McLaughlin of the Eastern District of Pennsylvania approved a $37.5 million settlement with defendant Biovail on behalf of direct purchasers who bought the antidepressant Wellbutrin XL from defendant GlaxoSmithKline. HBSS served as court appointed co-lead class counsel for the direct purchaser class. *In re Wellbutrin XL Antitrust Litigation*, Civil Action No. 08-cv-02431 (E.D. Pa.).

- **$41.5 Million Settlement for Consumers and TPPs for Vytorin/Zetia Fraud**

In February 2010, the Honorable Dennis M. Cavanaugh of the District of New Jersey granted final approval of a $41.5 million settlement on behalf of consumers and third party payers who alleged Merck & Co. and Schering-Plough Corporation suppressed critical information about the safety and efficacy of the brand name drugs Vytorin and Zetia and caused consumers and third party payers to pay for unnecessary prescriptions of these expensive drugs. *In Re: Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 193 (D.N.J.).

April 2022

- **$25 Million for the State of Connecticut for Zyprexa Fraud**

  In October 2009, the Honorable Jack B. Weinstein of the Eastern District of New York entered an Order for Entry of Final Judgment in *State of Connecticut v. Eli Lilly and Co.*, approving the $25 million settlement reached by the parties to conclude the State's Zyprexa litigation. HBSS served as outside counsel to Attorney General Richard Blumenthal in the litigation that alleged Lilly engaged in unlawful off-label promotion of the atypical antipsychotic Zyprexa and made significant misrepresentations about Zyprexa's safety and efficacy, resulting in millions of dollars in excess pharmaceutical costs borne by the State and its taxpayers. *State of Connecticut v. Eli Lilly & Co.*, Civil Action No. 08-cv-955-JBW (E.D.N.Y.).

- **$65.7 Million Recovery in Tricor Antitrust Action**

  In October 2009, Chief Judge Sue Robinson of the District of Delaware approved a $65.7 million recovery for consumers and third party payers who sued Abbott Laboratories and Fournier Industries in an antitrust action concerning the cholesterol drug Tricor. The plaintiffs alleged Abbott and Fournier manipulated the statutory framework regulating the market for pharmaceuticals by instituting baseless patent litigation against generic manufacturers and switching of dosage strengths and forms, resulting in delayed entry of generics and thus lower prices into the market. HBSS served as court appointed co-lead class counsel. *In re Tricor Indirect Purchaser Antitrust Litigation*, Civil Action No. 05-cv-360 (D. Del.).

- **$80 Million Settlement in TPP Action Concerning Vioxx**

  HBSS served as court appointed lead counsel for third party payers in the Vioxx MDL, alleging Merck and Company, Inc. launched misleading marketing campaigns for the drug, misleading physicians, consumers, and health benefit providers it touting Vioxx as a superior product to other non-steroidal anti-inflammatory drugs when the drug had no appreciable differences from less expensive medications but did have an increased risk of causing cardiovascular events. HBSS negotiated a $65 million non-class settlement, entered into on September 14, 2009, between Merck and scores of individually represented third party payers, along with a $15 million fund for payment of common benefit fees. *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.).

- **$350 Million for Consumers and Third Party Payers in RICO Action Against McKesson**

  In August 2009, the Honorable Patti B. Saris of the District of Massachusetts approved a $350 million nationwide settlement with McKesson Corporation on behalf of consumers and health plans for McKesson's role in misreporting the average wholesale price of prescription drugs. HBSS served as lead class counsel. *New England Carpenters Health Benefits Fund et al v. First DataBank, Inc. and McKesson Corp.*, Civil Action No. 05-cv-11148-PBS (D. Mass.).

- **$142 Million Civil RICO Jury Verdict in Massachusetts Over Neurontin**

  In March 2009, following a four-and-a-half week trial and two days of deliberations, a jury in the United States District Court for Massachusetts returned a $142 million RICO verdict

April 2022

against Pfizer, Warner Lambert, and Parke Davis in a suit related to Pfizer's fraudulent and unlawful promotion of the drug Neurontin. HBSS served as co-lead trial counsel for Plaintiffs Kaiser Foundation Health Plans and Kaiser Foundation Hospitals. *Kaiser Foundation Health Plan, et al v. Pfizer, Inc., et al*, Civil Action No. 04-cv-10739-PBS (D. Mass.).

- **The Major First Databank Price Rollback**

  On September 4, 2009, the First Circuit Court of Appeals affirmed a settlement rolling back benchmark prices on hundreds of prescription medications. HBSS served as court appointed lead class counsel in this case by health benefit plans and consumers against First DataBank, Inc. ("FDB") and Medi-Span, two leading drug pricing publishers. Plaintiffs claimed that beginning in 2001, FDB and McKesson secretly agreed to raise the markup between the Wholesale Acquisition Cost ("WAC") and the Average Wholesale Price ("AWP") from 20 to 25 percent for more than 400 drugs, resulting in higher profits for retail pharmacies at the expense of consumers and payers. Under the terms of the settlement, FDB agreed to roll back pricing by five basis points, from 1.25 to 1.20, on hundreds of drugs, resulting in cost-savings that continue to this day. *New England Carpenters Health Benefits Fund et al v. First DataBank, Inc. and McKesson Corp.*, Civil Action No. 05-cv-11148-PBS (D. Mass.); *District Council 37 Health and Security Plan et al v. Medi-Span*, Civil Action No. 07-cv-10988-PBS (D. Mass.).

- **Over $250 Million in Settlements with Several Drug Companies for Artificially Inflating AWP**

  In 2007, the Honorable Patti Saris of the District of Massachusetts presided over a six week trial that culminated in class settlements with individual defendants of $125 million, $75 million, $22.5 million, and $12 million. HBSS served as liaison counsel and co-lead counsel in this litigation alleging systemic abuse through artificial inflation of the so-called "average wholesale price" or "AWP" that is used as a benchmark for almost all prescription drug sales in the United States. *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass.).

- **$75 Million Recovery in Antitrust Action Concerning Relafen**

  In 2005, the Honorable William Young of the District of Massachusetts approved a $75 million settlement on behalf of a class of drug end-payers of the painkiller Relafen. Mr. Sobol was court-appointed liaison counsel, spearheading litigation against GlaxoSmithKline Corporation and its predecessors on allegations that GSK fraudulently obtained a patent to prevent a generic version of Relafen from coming to market. *In re Relafen Antitrust Litigation,* No. 01-12239-WGY (D. Mass.).

- **$150 Million Settlement for Consumers and TPPs for Purchases of Lupron**

  In December 2004, HBSS announced a proposed resolution on behalf of consumers and third-party payers of Lupron in late 2004, in the amount of $150 million. The litigation alleged widespread fraudulent marketing and sales practices against TAP Pharmaceuticals, a joint venture between Abbott Laboratories and Takeda Pharmaceuticals, Inc., and followed TAP's agreement to pay $875 million in combined criminal and civil penalties regarding

April 2022

marketing and sales practices for the prostate cancer drug Lupron. HBSS served as court appointed co-lead and liaison counsel. *In Re: Lupron Marketing and Sales Practices Litigation,* MDL No. 1430 (D. Mass.).

- **$150 Million Recovery in Antitrust Action Concerning Paxil**

In 2004, HBSS served as co-lead counsel in the $150 million resolution of claims on behalf of direct purchasers of the "blockbuster" selective serotonin reuptake inhibitor Paxil, manufactured by GlaxoSmithKline. The suit alleged that Glaxo engaged in sham litigation with respect to certain patents in an effort to delay competition from the entry of a generic form of the drug. *In re Paxil Direct Purchaser Litigation,* Civil Action No. 03-4578 (E.D. Pa.).

- **$29 Million Settlement Against GSK for Antibiotic Augmentin**

In 2004, HBSS announced a proposed settlement of $29 million on behalf of consumers and other payers of the broad spectrum antibiotic Augmentin. HBSS served as court appointed co-lead counsel in this antitrust litigation against GlaxoSmithKline Corporation and its predecessors alleging that GSK engaged in a pattern and practice of sham litigation and fraudulent procurement of a patent relating to Augmentin. *In Re: Augmentin Antitrust Litigation,* Civil Action No. 2:02-cv-442 (E.D. Va.).

- **$24 Million Recovery in Fraud Action Concerning Serostim**

In 2004, HBSS announced a $24 million settlement, negotiated by HBSS, that reimbursed a class of consumers and third party payers, including self-insured employers, health and welfare plans, and insurance companies, for part or all of their purchases of the AIDS drug Serostim. The underlying litigation alleged that Serono, Inc., a global biotechnology company, implemented a scheme to substantially increase the sales of Serostim by duping patients diagnosed with HIV into believing they were suffering from AIDS-wasting and required use of the drug.  HBSS served as court appointed co-lead class counsel. *Government Employees Hospital Association v. Serono,* Civil Action No. 05-cv-11953 (D. Mass.).

April 2022

### *Examples of Current Matters*

The following limited examples show existing antitrust and other pharmaceutical matters in which HBSS currently play lead roles:

- **Ranbaxy ANDA Fraud and Antitrust Litigation**

    HBSS is co-lead counsel for the certified direct purchaser classes in this antitrust action alleging that Ranbaxy, one of the largest generic drug makers in the world, misled the FDA, wrongfully obtaining tentative FDA approval for at least two products, locking in very valuable regulatory exclusivities, and delaying the availability of safe, affordable medications.  In March 2022, just weeks before trial was scheduled to commence, the parties reached a settlement. *In re Ranbaxy Generic Drug Application Antitrust Litigation,* 19-md-02878 (D. Mass.).

- **Lantus Antitrust Litigation**

    HBSS is serving as interim co-lead counsel in a putative class action on behalf of purchasers of Sanofi's blockbuster insulin glargine product, Lantus, and its competing products, alleging that Sanofi unlawfully extended its monopoly by improperly submitting to the FDA nearly two dozen patents that did not claim the drug Lantus, but merely components of an injector pen, and then leveraging those patents against its would-be competitors. The purchasers have already successfully appealed the district court's dismissal decision, obtaining a favorable ruling that, as a matter of first impression, a patent which does not mention, let alone claim, a drug's active ingredient cannot be listed in the FDA's Orange Book. Fact discovery has closed, the parties have briefed and argued competing motions for summary judgment concerning whether Sanofi can avoid responsibility for a subset of its sales made in Puerto Rico, and class certification briefing is expected to commence later this year. *In re Lantus Direct Purchaser Antitrust Litig.*, No. 16-cv-12652 (D. Mass.).

- **Eylea**

    HBSS has just recently filed a class action on behalf of third-party payer Medical Mutual of Ohio in the District of Massachusetts, alleging that Regeneron gave money to a fake charity supposedly supporting patents with eye disease, which gave it to patients to help cover patients' out-of-pocket Eyelea costs (but not other, less expensive competing products like Avastin). As a result, payors, like Medical Mutual, were left paying for Eylea at $1,850 per dose (wholesale acquisition cost) instead of $55 for other medications. The defendants have not yet filed a response to our pleadings. *Medical Mutual of Ohio v. Regeneron Pharmaceuticals, Inc.*, No. 22-cv-10302 (D. Mass.).

- **Copaxone**

    In March 2022, HBSS filed a class action on behalf of direct purchasers of Copaxone and its generic equivalents in the District of New Jersey. The complaint alleges that, even after generic entry, Copaxone manufacturer Teva continued to dominate the market for years, earning more than $3 billion per year thanks to an unlawful scheme to suppress generic competition. That scheme included entering into exclusionary contracts with PBMs and specialty pharmacies to bar generic Copaxone; engaging in a product switch (soft switch, but internal documents show Teva's motive was to block generics); implementing a "Dispense as

April 2022

Written" campaign based on misinformation; and paying illegal kickbacks and otherwise manipulating patient copays to boost sales of brand Copaxone. *FWK Holdings, LLC, et. al. v. Teva Pharmaceuticals Industries, Ltd., et al.*, 22-cv-01232 (D.N.J.).

- **Gilead Antitrust Litigation**

HBSS is co-lead counsel for a proposed class of end payer plaintiffs in a case pending before The Honorable Edward M. Chen in the Northern District of California. The allegations of the complaint allege that Gilead conspired with other drug manufacturers to knowingly limit generic alternatives to HIV drugs, raising the price of treatment, and that Gilead entered into an unlawful agreement with a generic manufacturer to further aid their scheme. The case has survived multiple motions to dismiss, and class certification papers have been filed. *Staley, et al. v. Gilead Sciences, Inc., et. al.*, 19-cv-02573 (N.D. Cal.).

- **Intuniv Antitrust Litigation**

HBSS serves as interim lead counsel in this direct purchaser action pending before the Honorable Allison Burroughs in the District of Massachusetts. The plaintiffs allege that brand drug-maker Shire paid its would-be generic competitor, Actavis, to delay launching a generic version of Shire's ADHD drug Intuniv by up to 19 months by promising that Actavis's product would not face authorized generic competition during its first 180 days in the market. The court certified the direct purchaser class in September 2019; a trial initially set for July 2020 has been postponed due to the pandemic. *FWK Holdings LLC v. Shire,* No. 16-cv-12653 (D. Mass.).

- **Actos Antitrust Litigation**

HBSS has been appointed as co-lead counsel for the proposed class of direct purchasers of the diabetes drug Actos and Actosplus met. The plaintiffs allege that Takeda Pharmaceuticals sought to extend the exclusivity beyond the life of its patent protection by adding unenforceable method-of-use patents, suing potential generic competitors, and then settling each case with pay-for-delay deals that delayed generic entry by more than a year. The court denied in part the defendants' motion to dismiss, and that decision was affirmed by the Second Circuit.  The case is in active discovery. *In re Actos Direct Purchaser Litigation*, No. 15-cv-3278 (S.D.N.Y.).

- **Tracleer Antitrust Litigation**

HBSS represents a proposed class of direct purchasers of Tracleer and its generic equivalents, alleging that Actelion systematically denied prospective generic competitors access to samples of its pulmonary arterial hypertension medication, in order to prevent those companies from developing affordable generic versions of Traceleer. The case is in active discovery. *Government Employees Health Association, et al. v. Actelion Pharmaceuticals Ltd.*, No. 18-cv-03560 (D. Md.).

- **Amitiza Antitrust Litigation**

HBSS represents a proposed class of direct purchasers alleging that Takeda Pharmaceuticals, Endo Pharmaceuticals, and Par Pharmaceuticals entered into an unlawful reverse payment settlement agreement in 2014 that delayed the market entry of generic Amitiza. Motion to

April 2022

dismiss briefing is completed and awaiting decision. *In re Amitiza Antitrust Litigation*, 21-cv-11255 (D. Mass.).

- **Sensipar Antitrust Litigation**

  HBSS is co-lead class counsel in a direct purchaser action alleging that Amgen and Teva engaged in an unlawful monopolistic scheme to extent Amgen's monopoly over Sensipar, ultimately entering into an anticompetitive reverse payment settlement. Briefing on the defendants' motion to dismiss the purchasers' amended complaint is pending before the district court, and phased discovery is proceeding while that motion is sub judice. *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litigation*, MDL No. 2895 (D. Del.).

- **Vascepa Antitrust Litigation**

  HBSS is interim co-lead counsel in this end-payor class action against Amarin for blocking would-be generic competitors from obtaining samples of Vascepa, and thus preventing them from filing applications to manufacture affordable generic versions of the drug. The defendant's motion to dismiss has been fully brief and is pending before the court. *In re Vascepa Antitrust Litigation*, 21-cv-12061 (D.N.J.).

- **Xyrem Antitrust Litigation**

  HBSS lawyers are serving on the plaintiffs' steering committee in this action against Jazz Pharmaceuticals for engaging in anticompetitive behavior with the intention of delaying generic competition for Xyrem, including abuse of the FDA's REMS program, coupled with reverse payment and market allocation agreements. Fact discovery is underway, with depositions beginning this spring. *In re Xyrem (Sodium Oxybate) Antitrust Litigation*, 20-md-02966 (N.D. Cal.).

- **Avandia Marketing, Sales Practices and Products Liability Litigation**

  HBSS serves as co-lead class counsel in this third party payor MDL in Philadelphia before the Honorable Cynthia Rufe. The plaintiffs allege that GlaxoSmithKline deliberately concealed the significant health and safety risk of the antidiabetic drug Avandia, allowing GSK to build Avandia into a blockbuster success, and that but for GSK's fraudulent marketing efforts, third party payors would have paid for far less expensive diabetes drugs and for far fewer prescriptions of Avandia. The plaintiffs successfully appealed the district court's summary judgment decision on the grounds of preemption and lack of RICO distinctiveness, as well as the district court's order sealing the summary judgment record. On remand, we have defeated a new round of motions to dismiss and discovery is ongoing. *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1871 (E.D. Pa.).

- **Niaspan Antitrust Litigation**

  HBSS serves as court appointed co-lead class counsel in this direct purchaser antitrust MDL in Philadelphia. The plaintiffs allege AbbVie and Teva (and their predecessors) violated federal antitrust laws by entering into an unlawful reverse payment agreement to keep generic Niaspan off the market for up to eight years. The court certified the direct purchaser

April 2022

class in August 2019, and briefing on summary judgment and *Daubert* has been completed. *In re Niaspan Antitrust Litigation*, MDL No. 2460 (E.D. Pa.).

- **Suboxone Antitrust Litigation**

  HBSS serves as one of three co-leads in this direct purchaser antitrust case against Reckitt-Benckiser, alleging the company violated federal antitrust laws through a variety of efforts that purposefully and successfully delayed generic competition for Suboxone. The court certified the direct purchaser class in September 2019; currently, summary judgment briefing is pending before the court. *In re Suboxone Antitrust Litigation*, MDL No. 2445 (E.D. Pa.).

- **Effexor Antitrust Litigation**

  HBSS serves as co-lead counsel in this action against drug manufacturer Wyeth and generic manufacturer Teva alleging the defendants delayed market entry of generic versions of Effexor XR through the fraudulent procurement of patents for Effexor XR, the listing of those patents in the FDA Orange Book, and entering into reverse payment settlements with generic manufacturers. Initially dismissed in part, the case was reinstated following a Third Circuit reversal and discovery is now underway, in conjunction with ongoing mediation efforts. *In re Effexor Antitrust Litigation,* No. 11-cv-5479 (D.N.J.).

- **Lipitor Antitrust Litigation**

  HBSS serves as co-lead counsel in this action alleging drug manufacturer Pfizer delayed market entry of generic versions of the cholesterol drug Lipitor by fraudulently procuring a follow-on patent for Lipitor and listing that patent in the FDA Orange Book, and entering into reverse payment settlements with generic manufacturers.  Initially dismissed, the case was reinstated following a Third Circuit reversal and discovery is now underway, in conjunction with ongoing mediation efforts. *In re Lipitor Antitrust Litigation,* MDL No. 2332 (D.N.J.).

- **Generic Pharmaceutical Pricing Antitrust Litigation**

  HBSS is counsel for a proposed class of direct purchasers against the manufacturers of over twenty common generic drugs, alleging that the manufacturers entered into price-fixing and/or market allocation agreements in violation of federal antitrust law. Motions to dismiss were largely denied and discovery is ongoing. *In re Generic Pharmaceutical Pricing Antitrust Litigation*, MDL No. 2724 (E.D. Pa.).

- **Insulin Pricing Litigation**

  HBSS serves as court-appointed lead counsel in this consumer class case pending before the Honorable Judge Brian R. Martinotti. This lawsuit alleges that Eli Lilly, Novo Nordisk, and Sanofi-Aventis fraudulently inflated their publicly reported list prices for analog insulin while secretly maintaining their net prices constant. This pricing fraud harms consumers who pay based on the drug manufacturers' artificially inflated list prices. Currently, class certification

April 2022

briefing is in progress. *In re Insulin Pricing*, No. 17-cv-699 (D.N.J.).

- **Humira Antitrust Litigation**

  HBSS is co-lead counsel in this end payor class litigation before the Honorable Manish Shaw in the Northern District of Illinois. The complaint alleges that AbbVie unlawfully stifled and delayed biosimilar competition for Humira, the world's best-selling drug (in terms of revenue), both through use of a thicket of more than 100 patents and by entering into market allocation agreements allowing date-certain (and earlier) entry for biosimilars in Europe but delaying biosimilar competition in the United States. The district court granted defendants' motion to dismiss, and an appeal is pending before the Seventh Circuit. *In re Humira (Adalimumab) Antitrust Litig.*, No. 19-cv-01873 (N.D. Ill.).

- **Zetia Antitrust Litigation**

  HBSS serves as interim lead counsel in this direct purchaser action pending before Chief Judge Rebecca Beach Smith alleging that Merck unlawfully delayed generic competition for the cholesterol drug Zetia by seeking invalid patents, engaging in sham litigation, and paying Glenmark, a potential generic competitor, to delay its entry. The Court recently denied a motion for class certification. *In re Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836 (E.D. Va.).

April 2022

# THE LAWYERS

## Thomas M. Sobol

Thomas M. Sobol has been the Managing Partner of Hagens Berman Sobol Shapiro's Boston office since 2002. He has almost thirty-five years of experience in complex civil litigation. His practice focuses on pharmaceutical and medical device litigation for consumer classes, large and small health plans, institutional payers, individuals, and state governments.

Mr. Sobol aggressively pursues pharmaceutical pricing actions, helping lead the litigation fight for more affordable prescription drugs and for a more responsible pharmaceutical and medical device industry. He works with consumers, for-profit and not-for-profit health insurers, consumer organizations, state Attorneys General, third-party payers, drug wholesalers and retailers, and other purchasers. Mr. Sobol currently leads drug pricing litigation efforts against numerous pharmaceutical and medical device companies to remedy overcharges to companies, health plans, and consumers that pay for brand name and generic drugs and defective medical devices. In recent years, Mr. Sobol has been a lead negotiator in court-approved pharmaceutical settlements totaling well over one billion dollars. He currently is one of the court-appointed lead counsel in numerous matters, including *Ranbaxy Generic Drug Application Antitrust Litigation, In re Zetia (Ezetimibe) Antitrust Litigation, In re Niaspan Antitrust Litigation*, *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation*, *In re Effexor Antitrust Litigation,* and *In re Lipitor Antitrust Litigation.* Mr. Sobol is also contributing to MDL No. 2804: *National Prescription Opiate Litigation*, where he helped develop the econometric model used to show the relationship between marketing and the opioids epidemic; he also is involved in aspects of bellwether trials.

In addition, Mr. Sobol formally served as lead counsel to the Prescription Access Litigation (PAL) project, the largest coalition of health care advocacy groups that are joined together to fight illegal, loophole-based overpricing by pharmaceutical companies.  PAL had approximately 100 organizational members in more than 30 states.

In the 1990s, Mr. Sobol served as Special Assistant Attorney General for the Commonwealth of Massachusetts and the states of New Hampshire and Rhode Island, and served as one of the private counsel for Massachusetts and New Hampshire in groundbreaking litigation against the tobacco industry.  These cases led to significant injunctive relief and to monetary recovery in excess of $10 billion to those states.  Mr. Sobol practiced at the Boston firm of Brown Rudnick for about seventeen years, where he was a litigation partner for a decade.

Mr. Sobol served as judicial clerk for Chief Justice Allan M. Hale of the Massachusetts Appeals Court from 1983 to 1984.

Mr. Sobol is a member of the bar of Massachusetts and has been appointed pro hac vice in numerous federal courts across the country.  He graduated *summa cum laude* from Clark University in Worcester, Massachusetts in 1980 and was elected to Phi Beta Kappa in 1979.  Mr. Sobol graduated *cum laude* from Boston University School of Law in 1983.

April 2022

## Lauren Guth Barnes

Lauren Guth Barnes is a Partner and member of the Management Committee at Hagens Berman Sobol Shapiro, LLP where she focuses on antitrust, consumer protection and RICO litigation against drug and medical device manufacturers, complex class actions and personal injury cases for consumers, large and small health plans, direct purchasers and state governments. She currently represents Blue Cross Blue Shield Association in its roles on the creditors' committees in the Purdue and Mallinckrodt bankruptcies and in the pharmaceutical antitrust matter *Peter Staley et al v. Gilead Sciences, Inc. et al*. She also serves as co-lead class counsel for direct purchasers in *In re Intuniv Antitrust Litigation* and as interim co-lead class counsel for end payors in *In re Humira Antitrust Litigation* and *In re Vascepa Antitrust Litigation*. As co-lead class counsel for direct purchasers, she recently secured a $453 million settlement in *In re Glumetza Antitrust Litigation*. Ms. Barnes helped lead her firm's work on behalf of the Connecticut Attorney General's office in *State of Connecticut v. Eli Lilly and Co*. Zyprexa litigation, resulting in a significant recovery for the State. She also worked as *pro bono* counsel in a successful constitutional challenge to the Commonwealth of Massachusetts' exclusion of legal immigrants from the state's universal healthcare program. She co-authored an *amicus* brief to the Supreme Court in *Pliva v. Mensing* on federal preemption and in 2015, Ms. Barnes authored "How Mandatory Arbitration Agreements and Class Action Waivers Undermine Consumer Rights and Why We Need Congress to Act," published in the Harvard Law and Policy Review.

Ms. Barnes is active in the American Association for Justice (AAJ), where she serves on the Executive Committee and Board of Governors, is a past chair of the Women Trial Lawyers Caucus, Class Action Litigation Group, and Antitrust Litigation Group, and is a chair or member of several other committees. She serves on the Executive Committee and Board of Governors of the Massachusetts Academy of Trial Attorneys. In 2014, Ms. Barnes joined the Board of Directors of On The Rise, a Cambridge-based nonprofit providing safety, community, and advocacy for homeless individuals and those in crisis. In 2018, Ms. Barnes joined the Board of Directors of Public Justice, a national nonprofit legal advocacy organization combating social and economic injustice and challenging predatory corporate conduct and government abuses. In 2021, she joined the Massachusetts IOLTA Committee, which helps direct funds to support the delivery of legal services to low-income clients and make other improvements in the administration of justice.

Ms. Barnes was honored with AAJ's Marie Lambert Award in 2018, given to a female attorney "in recognition of her exemplary leadership to the profession, to her community, to AAJ, and to the Women Trial Lawyers Caucus." She received a 2014 Boston Rising Star award by The National Law Journal, recognizing the top 40 lawyers under 40 years of age in Massachusetts and Connecticut, and a 2013 Excellence in the Law Up & Coming Lawyer award by the Massachusetts Bar Association and Mass Lawyers Weekly. Ms. Barnes is a proud Williams College Eph and Boston College Eagle.

April 2022

## Kristen A. Johnson

Kristen A. Johnson is a partner in Hagens Berman Sobol Shapiro LLP's Boston office. She combats waste, fraud, and abuse in the healthcare industry. Ms. Johnson enjoys trying cases, writing briefs, and working closely with experts; she focuses on explaining complex cases and technical issues in simple and persuasive terms.

Ms. Johnson served as court-appointed co-lead counsel for the direct purchaser classes in *In re Ranbaxy Generic Drug Application Litigation*, which recently settled on the eve of trial. She also was part of the team that represent the direct purchaser class in the *Glumetza* litigation, which resulted in a recovery of $453,85 million on behalf of the class.

Ms. Johnson was instrumental in the $350 million settlement on behalf of third party payers in the Neurontin marketing litigation, as well as the Celebrex ($94 million), Prograf ($98 million), and Flonase ($150 million) antitrust settlements.

Ms. Johnson previously served as court appointed lead counsel in *In re Restasis Antitrust Litigation* and *In re Zetia Antitrust Litigation*. She was court appointed alternate lead counsel in the *In re New England Compounding Pharmacy Litigation Multidistrict Litigation* (D. Mass., MDL 2419). During the nascent stages of the MDL, Ms. Johnson was personally appointed liaison counsel to speak for the at least 751 victims who contracted fungal meningitis or suffered other serious health problems as a result of receiving contaminated products produced by NECC. A proposed Chapter 11 Plan of reorganization includes estimated contributions of about $200 million which, after fees and expenses, will benefit tort victims.

Ms. Johnson was one of four attorneys who presented or cross examined witnesses for the plaintiffs during the 2014 *Nexium Antitrust* trial.

In 2014, the National Law Journal honored Ms. Johnson as one of the 40 lawyers under 40 in Boston. In 2011, Public Justice nominated Ms. Johnson and the rest of her trial team for Trial Lawyer of the Year for their work securing a $142 million RICO verdict against Pfizer for fraudulently marketing the drug Neurontin.

Ms. Johnson graduated *cum laude* from Dartmouth College and earned her J.D. at Boston College Law School. Ms. Johnson is admitted to practice in the Commonwealth of Massachusetts, the District of Massachusetts, and the First Circuit Court of Appeals. She is a member of the American Association for Justice and Public Justice's Class Action Preservation Project Committee.

## Gregory T. Arnold

Greg Arnold is a partner at Hagens Berman Sobol Shapiro LLP, where he has worked since 2010. His practice focuses on the prosecution of large-scale, nationwide class actions, primarily against the pharmaceutical industry. Mr. Arnold also works on behalf of large health care providers, facilitating resolution of recoveries from tortfeasors associated with payments the providers make as a result of the harm caused by the tortfeasors.

April 2022

Mr. Arnold's current work includes the following Direct Purchaser Class Action cases: *Min re Ranbaxy Generic Drug Application Litigation.*, 19-md-02878 (D. Mass.); *In re Effexor XR Antitrust Litig.*, No. 3:11-cv-05479 (D.N.J.); *In re Lipitor Antitrust Litig.*, MDL No. 2332 (D.N.J); *In re Lidoderm Antitrust Litig.*, 14-md-2521 (N.D. Cal.); and *In re Actos Antitrust Litig.*, 15-cv-03278 (S.D.N.Y.).

Mr. Arnold's extensive experience in large-scale consumer-oriented cases goes back more than 20 years. He has represented a variety of states, including the Commonwealth of Massachusetts, in their cases against the tobacco industry. He led efforts on behalf of three law firms protecting the interests of more than 25,000 asbestos sufferers, resulting in the denial of the debtors' proposed plan of reorganization and a substantial payment to the claimants.

Prior bankruptcy experience included representing an Ad Hoc Committee of Trade Creditors in the *In re WorldCom* matter, resulting in a near 50% increase in the clients' recovery. Mr. Arnold has successfully represented large groups of investors in litigations brought against offshore hedge funds, pursuing the recovery of hundreds of millions of dollars. He has represented national and international clients on a full range of patent litigation issues, including proceedings before the International Trade Commission. Other matters have included successful eminent domain trials, representing companies and individuals on a variety of labor and employment issues including non-compete agreements and various intellectual property matters.

Prior to joining the firm, Mr. Arnold spent more than 15 years in the litigation department of a large Boston-based law firm, including the last seven as an income partner. He graduated from Fairfield University in 1991 and the Villanova University School of Law in 1996, where he served on the Law Review.

He is admitted to practice in the Commonwealth of Massachusetts, District of Massachusetts, the First Circuit Court of Appeals, the Second Circuit Court of Appeals, and the Third Circuit Court of Appeals.


**Jessica MacAuley**

Jessica R. MacAuley is a partner at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2012. Focusing on nationwide antitrust class actions and consumer fraud, Ms. MacAuley works on complex cases challenging anticompetitive conduct by pharmaceutical manufacturers. Ms. MacAuley was appointed as part of the plaintiffs' steering committee in *In re Xyrem Antitrust Litigation.* She is also currently involved in the *In re Amitiza Antitrust Litigation, In re Suboxone Antitrust Litigation,* and *In re Niaspan Litigation.* She was a critical part of the teams in *In re Glumetza Antitrust Litigation* leading a team of attorneys in challenging privilege designations and briefing privilege challenges that led to the production of thousands of improperly withheld documents. She was also played a key role in the *In re Restasis Antitrust Litigation*, resolved after briefing for class certification for $51 million for the class of direct purchasers, *In re Celebrex Antitrust Litigation*, resolved on the eve of trial for $94 million for the class, and *In re Prograf Antitrust Litigation*, resolved on the eve of trial for $98 million for the class of direct purchasers.

April 2022

Ms. MacAuley graduated *cum laude* from Northeastern University in 2005 and the Pennsylvania State University, Dickinson School of Law in 2012 where she served as editor of the *Penn State International Law Review*. During law school, she was a certified legal intern for the Rural Economic Development Clinic, advising clients on Marcellus shale exploration land rights, FDA regulations for artisanal cheese makers, and formation of corporate entities for dairy farmers. She is admitted to practice in the commonwealth or Massachusetts, District Court of Massachusetts, and the Second Circuit Court of Appeals.


## Kristie A. LaSalle

Kristie A. LaSalle is an associate at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2014. Her practice focuses primarily on nationwide class action litigation against pharmaceutical companies that violate antitrust, consumer protection, and anti-fraud laws. Currently, she represents drug purchasers in suits alleging anticompetitive pay-for-delay settlements, anticompetitive and abusive patent litigation, and violations of the Racketeer Influenced and Corrupt Organizations Act. Prior to joining the firm, Ms. LaSalle served for two years as a law clerk in the Staff Attorney's Office for the United States Court of Appeals for the Second Circuit, where she handled motions practice and appeals of complex class action litigation.

Ms. LaSalle earned an undergraduate degree in biology from Swarthmore College, and graduated *magna cum laude* from Brooklyn Law School in 2012. While in law school, she served as Executive Articles Editor for the Journal of Law and Policy, and as a member of the Brooklyn Law School Moot Court Honors Society's national trial competition team. She was inducted into the Order of the Barristers and won the Scholarly Writing Award.

Ms. LaSalle is admitted to practice in New York and Massachusetts, the United States District Court for the District of Massachusetts, the United States Courts of Appeal for the First and Third Circuits, the United States Tax Court, and the United States Supreme Court.


## Hannah Brennan

Hannah W. Brennan is an associate at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2016. Her practice focuses on antitrust, consumer protection, and RICO litigation against pharmaceutical manufacturers in complex class action lawsuits. Ms. Brennan's recent notable cases include: *In re Celebrex Antitrust Litigation*, resolved on the eve of trial for $94 million; *In re Insulin Pricing Litigation*, currently pending before the District of New Jersey; *In re Restasis Antitrust Litigation*, currently in discovery before the Eastern District of New York; and *In re Avandia Marketing, Sale Practices and Products Liability Litigation*, currently pending before the Third Circuit.

Prior to joining the firm, Ms. Brennan served as a law clerk to the Honorable Judge Timothy B. Dyk of the United States Court of Appeals for the Federal Circuit and to the Honorable Chief Judge Theodore McKee of the United States Court of Appeals for the Third Circuit. Ms. Brennan

April 2022

also spent a year with the Global Access to Medicines Program at Public Citizen in Washington, D.C. where she held a Yale Gruber Fellowship in Global Justice and Women's Rights. At Public Citizen, she published numerous papers on the Hepatitis C drug-pricing crisis and the impact of the Trans-Pacific Trade Agreement on access to medicines.

Ms. Brennan attended Yale Law School, where she won the Charles G. Albom Prize for excellence in judicial and/or administrative appellate advocacy. During law school, she represented numerous clients, including Connecticut Students for a DREAM, as a member of the Workers' and Immigrants' Right Advocacy Clinic. Prior to law school, Mr. Brennan was awarded a Fulbright Scholarship to document labor rights abuses in the domestic housework industry in Lima, Peru. She is admitted to practice in the Commonwealth or Massachusetts, District Court of Massachusetts, First Circuit Court of Appeals, and Third Circuit Court of Appeals.

**Bradley J. Vettraino**

Bradley J. Vettraino is an associate at Hagens Berman Sobol Shapiro LLP's Boston office, where he has worked since 2018. His practice focuses on nationwide class action litigation against pharmaceutical companies that violate antitrust, consumer protection, and anti-fraud laws, including *In Re Zetia (Ezetimibe) Antitrust Litigation* and *In re Avandia Marketing, Sales Practices and Products Liability Litigation*.

Prior to joining the firm, Mr. Vettraino served as an associate at a nationwide class action firm prosecuting securities, merger and acquisition, and consumer class actions on behalf of both individuals and large public pension funds. Mr. Vettraino also has experience prosecuting toxic tort and complex products liability cases.

Mr. Vettraino graduated from Washington University School of Law in 2013 and was awarded the Dan Carter-Earl Tedrow Memorial Award, as the graduate who most embodied the aims of the legal profession. While in law school, Mr. Vettraino served as an Executive Board member and Primary Editor of the Global Studies Law Review. Mr. Vettraino graduated from Metropolitan State University of Denver in 2009 with a Bachelor's degree in history.

Mr. Vettraino was named to Super Lawyers' 2018 "Rising Star" list.

Mr. Vettraino is admitted to practice in Missouri (voluntary inactive), Illinois, and the Commonwealth of Massachusetts.

**Rochella Davis**

Rochella T. Davis is an associate at Hagens Berman Sobol Shapiro LLP's Boston office focusing on pharmaceutical fraud and antitrust litigation.

Prior to joining the firm, Ms. Davis served as a law clerk to Chief Justice Rhys S. Hodge of the

April 2022

Supreme Court of the U.S. Virgin Islands for two years. While clerking, Ms. Davis garnered extensive experience analyzing issues of first impression and published an article on antitrust liability for anti-poaching agreements in the Brooklyn Journal of Corporate, Commercial, and Financial Law.

Ms. Davis graduated *summa cum laude* from the University of the Virgin Islands and earned her juris doctor with a concentration in Trial and Appellate Advocacy *with distinction* from Suffolk University Law School. During law school, she was an associate executive editor of the *Suffolk Journal of Trial and Appellate Advocacy* | Moot Court Honor Board. In addition, she was a certified student attorney in the Suffolk Defenders Clinic tasked with representing criminal defendants accused of misdemeanors. Currently, Ms. Davis is pursuing a Master of Science in Applied Economics at Johns Hopkins University. She is admitted to practice in New York State.

## Abbye Ognibene

Abbye R. Klamann Ognibene is an associate at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2019. Her practice focuses on nationwide class action litigation against pharmaceutical companies that violate antitrust, consumer protection, and anti-fraud laws, including *Staley et al. v. Gilead Sciences, Inc. et al.*, No. 3:19-cv-02573-EMC (N.D. Cal.), *In re Humira (Adalimumab) Antitrust Litig.*, No. 1:19-cv-01873 (N.D. Ill.), *FWK Holdings LLC v. Shire*, No. 16-cv-12653 (D. Mass.) and *In re Loestrin 24 FE Antitrust Litig.*, 13-md-2472 (D.R.I.).

Prior to joining Hagens Berman, Ms. Ognibene served as an associate at nationwide class action firms litigating privacy, antitrust, and consumer class actions on behalf of individuals.

Ms. Ognibene attended the University of Michigan Law School, where she graduated with honors and won Outstanding 2L Student of the Year for her work in *DeBoer v. Snyder*, consolidated sub nom. *Obergefell v. Hodges*, which guaranteed the nationwide right to marry for same-sex couples. During law school, Ms. Ognibene represented teenagers in delinquency proceedings and life without parole sentencing challenges as a member of the Juvenile Justice Clinic. She served in leadership roles in her law school's American Civil Liberties Union, National Lawyers' Guild, and LGBT student organizations and as a member of the Jessup and Williams Institute moot court teams. Ms. Ognibene graduated from the University of Missouri in 2011 with a Bachelor's degree in journalism.

Ms. Ognibene is admitted to practice in California, New York, Washington D.C., the Ninth Circuit Court of Appeals, the Northern District of California, and the Central District of California. She is a member of the American Association of Justice, which awarded her the Mike Eidson Scholarship in 2015.

## Whitney E. Street

Whitney is Of Counsel at Hagens Berman Sobol Shapiro LLP, working primarily on

April 2022

pharmaceutical antitrust matters with the Boston office, but located in Berkeley, California.  She joined the firm in November 2021 and has worked on a variety of antitrust litigation matters, including *In re Actos Direct Purchaser Antitrust Litigation*, and *In re Copaxone Antitrust Litigation.*

Prior to joining HBSS, Ms. Street spent more than 10 years representing plaintiffs in a variety of antitrust matters, including *In re Thalomid & Revlimid Antitrust Litigation, In re Broilers Antitrust Litigation,* and *In re Pork Antitrust Litigation.* She was appointed as co-lead counsel on behalf of a class of indirect purchasers in *In re Thalomid & Revlimid Antitrust Litigation*, *In re Domestic Drywall Antitrust Litigation,* and to the plaintiffs' steering committee in *In re Liquid Aluminum Sulfate Antitrust Litigation.*

Ms. Street graduated from the University of Virginia with a B.A. in Economics and Literature in 1999, and from the University of Virginia School of Law in 2002.  She is admitted to the state bars of California, Massachusetts, New York and Texas, as well as numerous federal district courts.


**Erin C. Burns**

Erin is Of Counsel at Hagens Berman Sobol Shapiro LLP, working primarily on pharmaceutical antitrust matters with the Boston office, but located in Pennsylvania.  Since joining the firm, she has worked on a variety of litigation matters, including *In re Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836 (E.D. Va.) , *Government Employees Health Association v. Actelion Pharmaceuticals Ltd.*, No. 18-cv-3560 (D. Md.), and *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1871 (E.D. Pa.).

Prior to joining HBSS, Ms. Burns worked as an associate at a law firm specializing in class action litigation before founding ECB Law LLC.  She was a member of the Law & Briefing Committee for *In re Zoloft (Serataline Hydrochloride) Products Liability Litigation*, and served as mediation counsel for *In re Skelaxin (Metaxalone) Antitrust Litigation*.

Ms. Burns graduated from the University of Delaware with a B.A. in Psychology in 1999, and the Villanova University School of Law in 2002.  She is admitted to the Pennsylvania bar, as well as various federal Courts of Appeals and District Courts.


**James J. Nicklaus**

Jim Nicklaus is Of Counsel at Hagens Berman Sobol Shapiro LLP's Boston office, where he has worked since 2013. His practice includes antitrust litigation against pharmaceutical manufacturers on behalf of direct purchasers of pharmaceuticals, *including In re Restasis Antitrust Litigation* (E.D.N.Y. MDL No. 2819), *In re Lidoderm Antitrust Litigation* (N.D. Cal.

April 2022

MDL No. 2521), *In re Nexium Antitrust Litigation* (D. Mass. MDL No. 2409), and *In re Celebrex Antitrust Litigation* (E.D. Va. MDL No. 2332).

Mr. Nicklaus began his legal career at a large Boston law firm, focusing on defense of securities litigation class actions on behalf of emerging technology clients. After changing firms, he broadened his practice to include patent and insurance coverage litigation.

Mr. Nicklaus graduated *cum laude* from Harvard University in 1990 and *magna cum laude* from Harvard Law School in 1993. During law school, he was a member of the Harvard Legal Aid Bureau, representing clients in divorce proceedings and child custody matters.  He is admitted to practice in the Commonwealth of Massachusetts, the District of Massachusetts, and the First Circuit Court of Appeals.


**Hannah Schwarzschild**

Hannah Schwarzschild is Of Counsel at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2014. Her practice focuses on nationwide class action litigation against pharmaceutical companies that violate antitrust, consumer protection, and anti-fraud laws.

Prior to joining Hagens Berman, Ms. Schwarzschild coordinated large-scale litigation projects in Boston and Philadelphia. Over the past 25 years, she has handled employment discrimination and consumer rights cases in federal and state courts and administrative agencies, including jury and bench trials and appeals.

Ms. Schwarzschild's undergraduate and law degrees were completed at the University of California, Berkeley (Boalt Hall), where she was elected to Phi Beta Kappa in 1985. Prior to law school, she helped build a community performing-arts facility in San Francisco's Mission District, and was an administrator and researcher on nuclear arms control at the Ploughshares Fund. She has been working for LGBT rights and Middle East peace and justice for more than two decades. Her 1989 article on same-sex marriage and Constitutional privacy was among the first scholarly examinations of the issue in the legal literature.

Ms. Schwarzschild is admitted to practice in California (voluntary inactive) and Pennsylvania, and has litigated in numerous federal district courts and the Third Circuit Court of Appeals.


**Laura Hayes**

Laura Hayes is a staff attorney at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2016. Her practice includes antitrust litigation against pharmaceutical manufacturers on behalf of direct purchasers of pharmaceuticals, including in *In re Intuniv Antitrust Litigation*, *In re Effexor Antitrust Litigation*, and *In re Loestrin Antitrust Litigation*. Ms.

April 2022

Hayes was also an instrumental part of the *In re Celebrex Antitrust Litigation* team that recently won a $94 million class settlement.

Prior to joining the firm, Ms. Hayes clerked for the Connecticut Superior Court, developed extensive experience in e-discovery, and worked for a boutique firm specializing in *qui tam* suits involving violations of the False Claims Act, Stark Law, and the Anti-Kickback Statute.

Ms. Hayes graduated *magna cum laude* from Boston University and from the Boston University School of Law. During law school, she was an editor for the *Journal of Science and Technology Law* and interned with the University's Office of General Counsel and with the appellate unit of the Rhode Island Public Defender. She is admitted to practice in the Commonwealth of Massachusetts and Connecticut (voluntarily inactive).


**Josh Portney**

Josh is a staff attorney at Hagens Berman Sobol Shapiro LLP's Boston office, where he has worked since 2015.  His practice focuses on pharmaceutical antitrust class-action litigation.  He has worked on numerous cases, including *In re Ranbaxy Generic Drug Application Litigation, In re Intuniv Antitrust Litigation*, *In re Effexor Antitrust Litigation*, and *In re Solodyn Antitrust Litigation*.

Prior to joining the firm, Mr. Portney worked on securities litigations, patent disputes, and insurance fraud matters, as well as assisting counsel in matters of probate, family law, and real estate,

Mr. Portney graduated from Tulane University in 2006 and Emory University School of Law in 2009.  He is admitted to practice in the Commonwealth of Massachusetts.