UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION | MDL No. 2878 |
| THIS DOCUMENT RELATES TO:<br><br>All End-Payor Actions | Master File No.<br>19-md-02878-NMG |

**[PROPOSED] ORDER GRANTING END PAYOR CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, APPROVAL OF PLAN OF ALLOCATION, AND ORDER OF DISMISSAL WITH PREJUDICE**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and upon review of the Settlement Agreement by and between plaintiffs United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, and HMO Louisiana., Inc. ("Plaintiffs"), individually and on behalf of the end payor classes previously certified by this Court (the "End-Payor Classes"), and defendants Ranbaxy, Inc. and Sun Pharmaceutical Industries Ltd. (collectively "Ranbaxy") dated April 8, 2022, End-Payor Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement, Approval of Form and Manner of Notice, Appointment of Settlement Administrator and Escrow Agent, and Final Settlement Schedule and Date for Fairness Hearing ("Preliminary Approval Motion") and the supporting memorandum, declarations, and exhibits; and End-Payor Class Plaintiffs' Motion for Final Approval of Settlement, Approval of Plan of Allocation, and Order of Dismissal with Prejudice ("Final Approval Motion") and the supporting memorandum and exhibits,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Order and Final Judgment hereby incorporates by reference the definitions in the Settlement Agreement among Ranbaxy, Plaintiffs, and the End-Payor Classes filed with this Court, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2.      This Court has subject matter jurisdiction over the Action and personal jurisdiction over each Plaintiff and each Ranbaxy defendant.

3.      As set forth in the Court's Order dated May 14, 2021 (ECF. No. 389) certifying the End-Payor Classes pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Classes are defined as follows:

> [As to the three nationwide RICO classes:]
>
> All persons or entities in the United States and its territories that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of Diovan and/or AB-rated generic versions of Diovan from any of the Defendants or any brand or generic manufacturer at any time during the class period September 28, 2012, through and until the anticompetitive effects of the Defendants' conduct cease (the "Diovan Class Period");
>
> All persons or entities in the United States and its territories that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of Valcyte and/or AB-rated generic versions of Valcyte from any of the Defendants or any brand or generic manufacturer, other than for resale, at any time during the class period August 1, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Valcyte Class Period");
>
> All persons or entities in the United States and its territories that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of AB-rated generic versions of Nexium from any of the Defendants or any brand or generic manufacturer, other than for resale, at any time during the class period May 27, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Nexium Class Period");
>
> [As to the three state law classes:]

All persons or entities in the Indirect Purchaser States[1] that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of Diovan and/or AB-rated generic versions of Diovan from any of the Defendants or any brand or generic manufacturer, other than for resale, at any time during the class period September 28, 2012, through and until the anticompetitive effects of the Defendants' conduct cease (the "Diovan Class Period") ;

All persons or entities in the Indirect Purchaser States that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of Valcyte and/or AB-rated generic versions of Valcyte from any of the Defendants or any brand or generic manufacturer, other than for resale, at any time during the class period August 1, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Valcyte Class Period") ;

All persons or entities in the Indirect Purchaser States that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of AB-rated generic versions of Nexium from any of the Defendants or any brand or generic manufacturer, other than for resale, at any time during the class period May 27, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Nexium Class Period").

Excluded from all six End Payor Classes are: (a) natural person consumers; (b) Defendants, their officers, directors, management, employees, subsidiaries, and affiliates; (c) all federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans; (d) all persons or entities who purchased Diovan, Nexium, Valcyte, or their AB-rated generic versions for purposes of resale from any of the Defendants or any brand or generic manufacturer; (e) fully insured health plans (i.e., health plans that purchased insurance covering 100% of their reimbursement obligation to members); and (f) pharmacy benefit managers.

The Diovan Class Period ends April 1, 2020; the Valcyte Class Period ends April 1, 2020; and the Nexium Class Period ends February 1, 2019. Also excluded from the End-Payor Classes are Central Painting & Sandblasting, Inc., Accusoft, and Klick USA, Inc., which each submitted a

---

[1] The Indirect Purchaser States are: Arizona, California, the District of Columbia, Florida, Hawaii, Iowa, Massachusetts, Maine, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Oregon, South Dakota, Vermont, West Virginia, and Wisconsin.

valid request for exclusion prior to the December 20, 2021 opt-out deadline provided in the prior notice of class certification of the End-Payor Classes in this Action.

4. The Court also previously appointed Plaintiffs as representatives for the End-Payor Classes and appointed Lowey Dannenberg, P.C. and The Dugan Law Firm APLC as Lead Class Counsel for the End-Payor Classes.

## Notice Satisfies Due Process

5. The Court finds that notice has been given to the End-Payor Classes in substantially the same manner approved by this Court in its Preliminary Approval Order, dated April 28, 2022 (ECF 592).

6. The Court finds that the notice of settlement (the "Notice") directed to Class Members constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided for individual notice to all Class Members, which were identified through reasonable efforts. Copies of the Notice were disseminated via U.S. First-Class Mail and by email to Class Members. The Notice was also posted on the settlement website, www.RanbaxyTPPLitigation.com.

7. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Class members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Class members to object to the Settlement. All Class Members having had a full and fair opportunity to object and to participate in the Fairness Hearing, the Court hereby determines that all Class Members are bound by this Order and Final Judgment.

## Final Approval of Settlement

8. The deadline for Class Members to file objections to the Settlement was July 18, 2022. The Court has received [__] objections to the Settlement.

9. The Court has held a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Settlement.

10. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is in all respects fair, reasonable, and adequate to the End-Payor Classes; that it contains terms that responsible and experienced attorneys could accept considering all relevant risks and factors; and that it is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and the Class Action Fairness Act, including 28 U.S.C. § 1715.

11. Specifically, the Court finds the Settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), which requires consideration of some or all of the following factors:

> (i) the class representatives and class counsel adequately represented the class; (ii) the proposed settlement was negotiated at arm's length; (iii) the relief obtained for the class is adequate; and (iv) the proposed settlement treats class members equitably relative to each other.[2]

12. Specifically, as follows and for the reasons set forth in the Memorandum of Law in Support of End-Payor Class Plaintiffs' Final Approval Motion, the Court finds:

> a. The litigation was highly complex, expensive, and of long duration, and would have continued to be so had the case not settled;
>
> b. Class Counsel and the End-Payor Classes would have faced risks in establishing liability, causation, and damages had they decided to continue litigating rather than settling;

---

[2] *Nat'l Ass'n of the Deaf v. Mass. Inst. of Tech.*, No. 3:15-cv-30024-KAR, 2020 U.S. Dist. LEXIS 53643, at *8-9 (D. Mass. Mar. 27, 2020).

      c.      The Settlement amount is reasonable in light of the best possible recovery and the attendant risks of this litigation;

      d.      The case settled after the parties had completed discovery, had fully briefed and the Court had ruled on class certification, summary judgment and Daubert motions, and was on the verge of trial, so Class Counsel had a full appreciation of the strengths and weaknesses of their case in negotiating the Settlement;

      e.      The Settlement was the result of arm's-length negotiation, including two mediation sessions, among sophisticated, experienced counsel and was facilitated by mediator Kenneth Feinberg; and

      f.      The End-Payor Classes have supported the Settlement and [_____] Class Member(s) have objected.

13.      Under Federal Rule of Civil Procedure 23(e), the Court hereby finally approves in all respects the Settlement, finds that it benefits the Class Members, and directs its consummation pursuant to its terms.

14.      The Settlement Agreement includes the following releases:

**8. Releases.**

(a) In exchange for the Settlement Payment, upon the occurrence of the Effective Date, Plaintiffs and all members of the End Payor Classes, whether or not they choose to make a claim upon or participate in the Settlement Fund, on behalf of themselves and their respective past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, and general or limited partners, as well as their past, present, and future respective officers, directors, employees, trustees, insurers, agents, associates, attorneys, and any other representatives thereof, and predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing, and as assignee or representative of any other entity (the "Plaintiff Releasors") will dismiss Ranbaxy, its past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, and general or limited partners, as well as their past, present, and future respective officers, directors, employees, trustees, insurers, agents, associates, attorneys, and any other representatives thereof, and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing (the "Ranbaxy Releasees") from this Action with prejudice, and release and forever discharge the Ranbaxy Releasees from all claims, rights, debts, obligations, demands, actions, suits, causes of action, liabilities, including costs, expenses, penalties, and

attorneys' fees, or damages (known or unknown), whenever incurred, asserted against Ranbaxy in the Second Amended Class Complaint, or that could have been asserted in this Action, based on the allegations made, regardless of legal theory (collectively, the "Released Claims").

(b) For the avoidance of doubt, the scope of the Released Claims does not extend to (1) claims alleged in *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, C.A. No. 16-md-2724 (E.D. Pa.)[3]; (2) claims alleged in *In re: Lipitor Antitrust Litig.*, C.A. No. 12-cv-2389 (D.N.J.); and (3) any claim that both (a) does not relate to direct purchase of brand or generic Diovan between September 2012 and December 2014; brand or generic Nexium between May 2014 and December 2015; and/or brand or generic Valcyte between August 2014 and February 2016, and (b) that is not contained in, is not based on, does not relate to, and does not arise out of the facts or circumstances alleged in the Second Amended Class Complaint.

(c) Plaintiffs and the End Payor Classes hereby covenant and agree that, after the Effective Date, each shall not sue or otherwise seek to establish or impose liability against the Ranbaxy Releasees based, in whole or in part, on any of the Released Claims. The Plaintiff Releasors are releasing claims (upon final Court approval) only against the Ranbaxy Releasees.

**9. California Civil Code § 1542**. Each of the Plaintiff Releasors expressly waives all rights under California Civil Code § 1542 with respect to the Released Claims to the extent, if any, it would otherwise apply to the Released Claims which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

15.     The releases set forth in ¶ 14 of this Order and Final Judgment effect a complete and total resolution of the Action with respect to Ranbaxy to the extent of the claims of the End-Payor Classes that were asserted in the Action, as well as any compulsory counterclaims of Ranbaxy relating to the allegations in the Action that were or should have been asserted. No

---

[3] The carveout in Paragraph 8(b)(1) shall include claims brought in *America's 1st Choice of South Carolina, Inc., et al. v. Actavis Elizabeth, LLC, et al.*, No. 190702094 (Phila. CCP), *Blue Cross and Blue Shield of North Carolina, et al. v. Actavis Elizabeth, LLC, et al.*, No. 200500347 (Phila. CCP); and *AmeriHealth Caritas Health Plan, et al. v. Actavis Elizabeth, LLC, et al.*, No. 211000688 (Phila. CCP) that are similar in nature to the claims alleged in the *Generics* MDL.

party other than the Ranbaxy Releasees is intended to be, or is, included within the scope of the release contained herein. This Settlement is as to Ranbaxy only, subject to the express exclusions above, and is not intended to release any claims other than those specified herein.

16. All of Plaintiffs' and the End-Payor Classes' claims against Ranbaxy are hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

17. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the settlement and over this Order and Final Judgment.

## Approval of Plan of Allocation

18. The Court approves and finds as fair and reasonable Plaintiffs' proposed Plan of Allocation, filed on April 22, 2022 and available on the official settlement website, www.RanbaxyTPPLitigation.com, which addresses the allocation of the Settlement Fund, plus interest and net of the Court-approved award of attorneys' fees and expense reimbursement, Class Representative service awards, and the Administration Expenses.

19. Lead Class Counsel and A.B. Data, the Court-appointed Settlement Administrator, are authorized to begin administration and distribution of claim forms and the net proceeds of the Settlement in accordance with the Plan of Allocation.

## Final Judgment and Order of Dismissal

IT IS HEREBY ADJUDGED AND DECREED, PURSUANT TO RULE 58 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AS FOLLOWS:

20. Having found the Settlement to be fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure as to the End-Payor Classes and that due, adequate, and sufficient notice has been provided to all persons or entities entitled to receive notice satisfying the requirements of the United States Constitution, including the Due

Process Clause, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law, the End Payor Classes' Final Approval Motion is hereby GRANTED and the Settlement shall be consummated in accordance with its terms as set forth in the Settlement Agreement.

21. The End-Payor Classes' claims against Ranbaxy in this matter are hereby dismissed with prejudice.

22. No costs or attorneys' fees are recoverable under 15 U.S.C. § 15(a).

23. Releasors' Released Claims with respect to the Ranbaxy Releasees are hereby released, with such release being effective as of the Effective Date.

24. Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against the Ranbaxy Releasees.

25. With respect to any non-released claim, no rulings, orders, or judgments in this Action shall have any res judicata, collateral estoppel, or offensive collateral estoppel effect.

26. This Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement, including its administration and consummation.

27. There being no just reason for delay, the Court directs that judgment of dismissal of all Plaintiffs' and the End-Payor Classes' claims against Ranbaxy shall be final and appealable in accordance with Federal Rule of Civil Procedure 54(b). The Clerk of this Court is requested to enter this Order and Final Judgment

28. Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceeding undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed

as, or be deemed to be evidence of or an admission, concession, or waiver of any defense in any action or proceeding of any kind whatsoever, civil, criminal, or otherwise, before any court, administrative agency, regulatory body, or any other body or authority, present or future, by Ranbaxy, including, without limitation, that Ranbaxy has engaged in any conduct or practices that violate any antitrust statute, any racketeering statute, or any other law, statute, or regulation. Likewise, neither this Order, nor the Settlement Agreement nor any actions taken in furtherance of either the Settlement Agreement or the Settlement shall be deemed or construed to be an admission or evidence of any lack of merit in or of the absence of the truth of Plaintiffs' claims or allegations against Ranbaxy.

IT IS SO ORDERED.

DATED: _____    _____
                                  NATHANIEL M. GORTON,
                                  UNITED STATES DISTRICT JUDGE