# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION | MDL No. 2878 |
| THIS DOCUMENT RELATES TO:<br><br>All End-Payor Actions | Master File No.<br>19-md-02878-NMG |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

This matter came before the Court for a duly-noticed hearing on September 8, 2022 (the "Fairness Hearing"), upon End-Payor Plaintiffs' Lead Class Counsel's Motion for Award of Attorneys' Fees and Litigation Expenses, and Application for Service Awards (the "Fee and Expense Application") in the above-captioned action (the "Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice having been given to the End-Payor Class Members of (a) the Settlement Agreement entered into by Plaintiffs United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania ("UFCW NEPA"), Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, and HMO Louisiana., Inc. ("BCBS LA"), individually and on behalf of the End-Payor Classes they represent, and Defendants Ranbaxy, Inc. and Sun Pharmaceutical Industries Ltd. ("Ranbaxy") on April 8, 2022 (the "Settlement Agreement")[1], and (b) the attorneys' fees and expenses and service awards being sought, the Fairness Hearing having been held, and the Court having

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreement.

considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Court has personal jurisdiction over Plaintiffs, Ranbaxy, and all End-Payor Class Members, and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2. Notice of the Fee and Expense Application was provided to End-Payor Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. The Court hereby awards attorneys' fees in the amount of _____ percent of the Settlement Fund ($_____) and $_____ in payment of litigation expenses, plus interest on such fees and litigation expenses earned at the same rate as earning on the Settlement Fund, accruing from inception of the Settlement Fund. Following entry of an order by the Court granting final approval to the material terms of the Settlement Agreement, the attorneys' fees and the litigation expenses, as awarded by the Court, shall be paid to Lead Class Counsel from the Settlement Fund, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof.

4. Lead Class Counsel shall allocate the attorneys' fees awarded in a manner which Lead Class Counsel, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In addition, disbursements for amounts (in the aggregate) of less than two hundred twenty-five thousand dollars ($225,000) for expenses associated with providing notice of the

Settlement to the End-Payor Classes and administering the Settlement may be made from the Settlement Fund without seeking further approval of the Court. Any such costs in excess of the $225,000 may be paid from the Settlement Fund only with the approval of the Court.

6. Plaintiffs UFCW NEPA and BCBS LA are awarded $25,000 each ($50,000 total) as Service Awards in recognition of their efforts on behalf of the End-Payor Classes, which shall be paid from the Settlement Fund.

7. In granting these awards, the Court has considered and found that:

   a. The Settlement Agreement has created a fund of $145,000,000 in cash that Defendants have paid into escrow pursuant to the terms of the Settlement Agreement;

   b. Lead Class Counsel's efforts in this Action and in reaching the Settlement will allow numerous Class Members which submit valid Claim Forms to receive distributions from the Net Settlement Fund;

   c. Lead Class Counsel have prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

   d. The Action involves numerous complex factual and legal issues and was actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

   e. Had Lead Class Counsel not achieved the Settlement, a risk would remain that Plaintiffs and the End-Payor Classes may have recovered less or nothing from Defendants;

   f. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases

such as the Action;

  g. Notice was disseminated stating that Lead Class Counsel would be moving for attorneys' fees and expenses in an amount not to exceed 33 and 1/3 percent of the Settlement Fund, and that named Plaintiffs would be seeking Service Awards for each named Plaintiff, and \_\_\_\_ Class Members objected;

  h. The attorneys' fee award is fair, reasonable, appropriate and consistent with the awards in similar cases, and represents a reasonable multiplier on Class Counsel's lodestar, in view of the applicable legal principles and the particular facts and circumstances of the Action;

  i. The requested litigation expenses were reasonable and necessary to bring the action to a resolution, and benefitted the End-Payor Classes; and

  j. The Service Awards for Plaintiffs UFCW NEPA and BCBS LA are reasonable in light of the efforts of Plaintiffs in pursuing this Action and consistent with service awards approved in similar cases.

8. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the End-Payor Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

9. Pursuant to Section 12(c) of the Settlement Agreement, the Fee and Expense Application is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. A separate order is being entered regarding Final Approval and Judgment and approving the Plan of Allocation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Date: _____, 2022.

_____
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE