UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: RANBAXY GENERIC DRUG APPLICATION ANTITRUST LITIGATION | MDL No. 2878 |
| THIS DOCUMENT RELATES TO:<br><br>All Direct Purchaser Actions | Master File No.<br>19-md-02878-NMG |

**[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, APPROVAL OF PLAN OF ALLOCATION AND REQUEST FOR AWARD OF ATTORNEYS' FEES AND EXPENSE REIMBURSEMENT, AND ORDER OF DISMISSAL WITH PREJUDICE**

Upon review of the Settlement Agreement by and between the plaintiffs Meijer, Inc. and Meijer Distribution, Inc. ("Plaintiffs"), individually and on behalf of the direct purchaser classes ("Direct Purchaser Classes"), and defendants Ranbaxy, Inc. and Sun Pharmaceutical Industries Limited (collectively "Ranbaxy") dated April 8, 2022, Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement, Approval of Form and Manner of Notice, Appointment of Settlement Administrator and Escrow Agent, and Final Settlement Schedule and Date for Final Approval Hearing and the supporting memorandum, declarations, and exhibits; and Direct Purchaser Class Plaintiffs' Motion for Final Approval of Settlement, Approval of Plan of Allocation and Request for Award of Attorneys' Fees and Reimbursement of Expenses, and Order of Dismissal with Prejudice ("Final Approval Motion") and the supporting memorandum and exhibits, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement between Plaintiffs and Direct Purchaser Classes and Ranbaxy filed with

this Court, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over the above captioned litigation (the "Action") and personal jurisdiction over each of the representative class plaintiffs Meijer, Inc. and Meijer Distribution, Inc., and defendants ("Ranbaxy").

3. As set forth in this Court's order dated May 14, 2021 (ECF No. 389), certifying the Direct Purchaser Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Class is defined as follows:

> All persons or entities in the United States and its territories who purchased Diovan and/or AB-rated generic versions of Diovan directly from any of the Defendants or any brand or generic manufacturer at any time during the period September 21, 2012, through and until the anticompetitive effects of the Defendants' conduct cease (the "Diovan Class Period");
>
> All persons or entities in the United States and its territories who purchased Valcyte and/or AB-rated generic versions of Valcyte directly from any of the Defendants or any brand or generic manufacturer, but excluding those purchasers who only purchased branded Valcyte, at any time during the period August 1, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Valcyte Class Period"); and
>
> All persons or entities in the United States and its territories who purchased Nexium and/or AB-rated generic versions of Nexium directly from any of the Defendants or any brand or generic manufacturer at any time during the period May 27, 2014, through and until the anticompetitive effects of the Defendants' conduct cease (the "Nexium Class Period").
>
> Excluded from each of the direct purchaser classes are the defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all governmental entities.

4. The Court also previously appointed Plaintiffs as representatives for the Direct Purchaser Class and Hagens Berman Sobol Shapiro LLP attorneys Thomas M. Sobol and Kristen A. Johnson, and Hilliard & Shadowen LLP attorney Steve Shadowen as co-lead counsel

for the Direct Purchaser Class ("Lead Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g).

## Notice Satisfies Due Process

5. The Court finds that notice has been given to the Direct Purchaser Class in substantially the manner approved by this Court in its Preliminary Approval Order.

6. The Court finds that the notice of settlement (the "Notice") directed to Class Members constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided for individual notice to all Class Members, which were identified through reasonable efforts. Copies of the Notice were disseminated via U.S. First-Class Mail and by email to Class Members identified from sales data produced by the defendants in this litigation. The Notice was also posted on the settlement website, www.ranbaxyantitrustlitigation.com.

7. Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Notice provided Class Members due and adequate notice of the settlement, the Settlement Agreement, these proceedings, and the right of Class Members to object to the Settlement. All Class Members having had a full and fair opportunity to object and to participate in the Final Approval Hearing, the Court hereby determines that all Class Members are bound by this Order and Final Judgment.

## Final Approval of Settlement

8. The deadline for Class Members to file objections to the Settlement was July 18, 2022. The Court has received no objections to the Settlement.

9. The Court has held a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement.

10. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is in all respects fair, reasonable, and adequate to the Direct Purchaser Classes; that it contains terms that responsible and experienced attorneys could accept considering all relevant risks and factors; and that it is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and the Class Action Fairness Act, including 28 U.S.C. § 1715.

11. Specifically, the Court finds the Settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), which requires consideration of whether:

> (i) the class representatives and class counsel adequately represented the class; (ii) the proposed settlement was negotiated at arm's length; (iii) the relief obtained for the class is adequate; and (iv) the proposed settlement treats class members equitably relative to each other.[1]

12. Specifically, as follows and for the reasons set forth in the Memorandum of Law in Support of Direct Purchaser Class Plaintiffs' Final Approval Motion, the Court finds:

> a) The litigation was highly complex, expensive, and of long duration, and would have continued to be so had the case not settled;
>
> b) Class Counsel and the Direct Purchaser Classes would have faced risks in establishing liability, causation, and damages had they decided to continue litigating rather than settling;
>
> c) The Settlement amount is reasonable in light of the best possible recovery against this particular defendant and the attendant risks of this litigation;
>
> d) The case settled after the parties had completed discovery, had fully briefed and the Court had ruled on class certification, summary judgment and Daubert motions, and was on the verge of trial, so Class Counsel had a full

---

[1] *Nat'l Ass'n of the Deaf v. Mass. Inst. of Tech.*, No. 3:15-cv-30024-KAR, 2020 U.S. Dist. LEXIS 53643, at *8-9 (D. Mass. Mar. 27, 2020).

        appreciation of the strengths and weaknesses of their case in negotiating the Settlement;

    e) The Settlement was the result of arm's-length negotiation among sophisticated, experienced counsel and was facilitated and recommended by mediator Kenneth Feinberg; and

    f) The Direct Purchaser Classes have supported the Settlement and no Class Member has objected.

13. Under Federal Rule of Civil Procedure 23(e), the Court hereby finally approves in all respects the Settlement, finds that it benefits the Class Members, and directs its consummation pursuant to its terms.

14. The Settlement Agreement includes the following releases:

**8. Releases**.

(a) In exchange for the Settlement Payment, upon the occurrence of the Effective Date, Plaintiffs and all members of the Direct Purchaser Classes, whether or not they choose to make a claim upon or participate in the Settlement Fund on behalf of themselves and their respective past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, and general or limited partners, as well as their past, present, and future respective officers, directors, employees, trustees, insurers, agents, associates, attorneys, and any other representatives thereof, and predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing, and as assignee or representative of any other entity (the "Plaintiff Releasors"), will dismiss Ranbaxy, its past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, and general or limited partners, as well as its past, present, and future respective officers, directors, employees, trustees, insurers, agents, associates, attorneys, and any other representatives thereof, and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing (the "Ranbaxy Releasees") from this Action with prejudice, and release and forever discharge the Ranbaxy Releasees from all claims, rights, debts, obligations, demands, actions, suits, causes of action, liabilities, including costs, expenses, penalties, and attorneys' fees, or damages (known or unknown), whenever incurred, asserted in the Second Amended Class Complaint, or that could have been asserted in this Action based on the allegations made regardless of legal theory (collectively, the "Released Claims").

(b) For the avoidance of doubt, the scope of the Released Claims does not extend to (1) claims alleged in *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 16-md-2724 (E.D. Pa.); (2) claims alleged in *In re: Lipitor Antitrust Litigation*, No. 12-cv-2389 (D.N.J.); and (3) any claim that both (a) does not relate to direct purchase of brand or generic Diovan between September 2012 and December 2014; brand or generic Nexium between May 2014 and December 2015; and/or brand or generic Valcyte between August 2014 and February 2016, <u>and</u> (b) that is not contained in, is not based on, does not relate to, and does not arise out of the facts or circumstances alleged in the Second Amended Class Complaint.

(c) Plaintiffs and the Direct Purchaser Classes hereby covenant and agree that, after the Effective Date, each shall not sue or otherwise seek to establish or impose liability against the Ranbaxy Releasees based, in whole or in part, on any of the Released Claims. The Plaintiff Releasors are releasing claims (upon final Court approval) only against the Ranbaxy Releasees.

**9. California Civil Code § 1542.** Each of the Plaintiff Releasors expressly waives all rights under California Civil Code § 1542 with respect to the Released Claims to the extent, if any, it would otherwise apply to the Released Claims which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

15. The releases set forth in ¶ 14 of this Order and Final Judgment effect a complete and total resolution of the Action with respect to Ranbaxy to the extent of the claims of the Direct Purchaser Classes that were asserted in the Action, as well as any compulsory counterclaims of Ranbaxy relating to the allegations in the Action that were or should have been asserted.

16. All of Plaintiffs' and the Direct Purchaser Classes' claims against Ranbaxy are hereby dismissed with prejudice and without costs as provided in the Settlement Agreement.

17.     The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement and over this Order and Final Judgment.

## Approval of Plan of Allocation

18.     The Court approves and finds as fair and reasonable Plaintiffs' proposed Plan of Allocation, filed on April 22, 2022, and available on the official settlement website, www.ranbaxyantitrustlitigation.com, which addresses the allocation of the Settlement Fund, plus interest and net of the Court-approved award of attorneys' fees and expense reimbursement and the costs of settlement administration.

19.     Lead Class Counsel and Rust Consulting, Inc., the Court-appointed Settlement Administrator, are authorized to begin administration and distribution of claim forms and the net proceeds of the Settlement in accordance with the Plan of Allocation.

## Approval of Class Counsel's Request for Award of Attorneys' Fees, Reimbursement of Expenses. And Service Awards

20.     The Court finds that the $340,000,000 cash settlement (plus accrued interest and less attorneys' fees, expenses, administration costs, and service awards) confers an immediate and substantial benefit to the class. The benefit is substantial in both absolute terms and when assessed in light of the risks of establishing liability and damages in this case.

21.     Courts in this district, in evaluating a request for fees and reimbursement of expenses, generally consider the factors set forth in *Gunther v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), *Goldberger v. Integrated Res.*, 209 F.3d 43 (2d Cir. 2000) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Among the factors applicable here are:

>   (a) The results obtained for the classes;
>
>   (b) The presence or absence of substantial objections by members of the class(es);

  (c) The quality and skill of the attorneys involved;

  (d) The complexity and duration of the litigation;

  (e) The risk of non-payment;

  (f) Public policy considerations; and

  (g) Awards in similar cases.

22. The Court finds:

  (a) The Settlement confers a monetary benefit to every member of the three classes and the settlement amount for each class is substantial;

  (b) Class counsel are skillful, experienced counsel and have effectively and efficiently prosecuted this complex action on behalf of the classes;

  (c) Class counsel undertook numerous and significant risks on behalf of members of the classes, with no guarantee they would ever be compensated;

  (d) Class counsel have reasonably expended thousands of hours, and incurred hundreds of thousands of dollars in out-of-pocket expenses, in prosecuting this action, with no guarantee of recovery; and

  (e) Fee awards similar to the fee requested here by class counsel have been awarded in similar cases, including numerous other pharmaceutical antitust class actions.

23. Upon review and consideration of Class Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards and the memoranda and declarations submitted in support thereof, the Court hereby GRANTS the motion and approves the following payments from the Settlement Fund, but only after the later of the Effective Date or the date the final settlement payment has been made by Ranbaxy into the Settlement Fund:

  a) A fee award totaling $92,523,553,80, representing a 27.5% fee/2.11 multipler, plus interest on that amount that may accrue before distribution;

  b) Reimbursement of reasonable litigation expenses incurred before the Settlement, totaling $3,550,713.47; and

  c) Service awards in the amount of $40,000 to each of the two class representatives.

24. In addition, a "lodestar crosscheck" suggests that the request for attorneys' fees and reimbursement of expenses is reasonable. The lodestar multiplier here is 2.11, which the Court finds to be a reasonable number.

25. Hagens Berman Sobol Shapiro LLP and Hilliard & Shadowen shall allocate and distribute the service payments to the class representatives and such attorneys' fees, costs and expenses among the various class counsel which have participated in this litigation.

26. Further costs and expenses under $25,000 that may be incurred in connection with the settlement administration process may be disbursed from the Settlement Fund without further application to the Court.

## Final Judgment and Order of Dismissal

IT IS HEREBY ADJUDGED AND DECREED, PURSUANT TO RULE 58 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AS FOLLOWS:

27. Having found the Settlement to be fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure as to the Direct Purchaser Class and that due, adequate, and sufficient notice has been provided to all persons or entities entitled to receive notice satisfying the requirements of the United States Constitution, including the Due Process Clause, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law, the Direct Purchaser Class Plaintiffs' Final Approval Motion is hereby GRANTED and the Settlement shall be consummated in accordance with its terms as set forth in the Settlement Agreement.

28. The Direct Purchaser Classes' claims against Ranbaxy in the Action are hereby dismissed with prejudice.

29. No costs or attorneys' fees are recoverable under 15 U.S.C. § 15(a).

30. The Plaintiff Releasors' Released Claims with respect to the Ranbaxy Releasees are hereby released, with such release being effective as of the Effective Date.

31. The Plaintiff Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against the Ranbaxy Releasees.

32. With respect to any non-released claim, no rulings, orders, or judgments in this Action shall have any res judicata, collateral estoppel, or offensive collateral estoppel effect.

33. This Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement, including its administration and consummation.

34. There being no just reason for delay, the Court directs that judgment of dismissal of all Plaintiffs' and the Direct Purchaser Classes' claims against Ranbaxy shall be final and appealable in accordance with Federal Rule of Civil Procedure 54(b). The Clerk of this Court is requested to enter this Order and Final Judgment.

35. Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceeding undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission, concession, or waiver of any defense in any action or proceeding of any kind whatsoever, civil, criminal, or otherwise, before any court, administrative agency, regulatory body, or any other body or authority, present or future, by Ranbaxy, including, without limitation, that Ranbaxy has engaged in any conduct or practices that violate any antitrust statute, any racketeering statute, or any other law, statute, or regulation. Likewise, neither this Order, nor the Settlement Agreement nor any actions taken in furtherance of either the Settlement Agreement or the Settlement shall be deemed or

construed to be an admission or evidence of any lack of merit in or of the absence of the truth of Plaintiffs' claims or allegations against Ranbaxy.

**IT IS SO ORDERED.**

Dated: _____

                                            _____
                                            Hon. Nathaniel M. Gorton
                                            United States District Judge