United States District Court
District of Massachusetts

|  |  |
|---|---|
| In re: Ranbaxy Generic Drug Application Antitrust Litigation | MDL No. 19-md-02878-NMG |

MEMORANDUM & ORDER

GORTON, J.

The Court is in receipt of a motion filed by ProPublica, Inc. ("intervenor" or "ProPublica") to intervene and unseal judicial records in this multidistrict litigation ("MDL") which was closed in 2023. For the following reasons, that motion will be denied.

I. Background

This MDL concerned five actions, the first of which was filed in 2015. Two classes of plaintiffs, direct-purchaser plaintiffs and end-payor plaintiffs, alleged that defendants Ranbaxy, Inc., and Sun Pharmaceutical Industries, Ltd., deliberately and for financial gain, delayed market entry of three generic drugs. In 2016, the parties negotiated, and the Court approved, a protective order that required certain highly sensitive information to be filed under seal. The protective order also applied to discovery provided by third parties.

In November, 2021, the Court denied motions for summary judgment filed by all parties. In March, 2022, the parties reached a global settlement resolving all pending cases. The

-1-

Court entered a final approval of settlement in September, 2022, and settlement funds were distributed during the following year. The matter was closed and the record remained under seal.

In February, 2026, ProPublica moved to intervene in the MDL pursuant to Fed.R.Civ.P. 24(b) and to unseal the judicial record. The motion is opposed by defendants and the purchaser plaintiffs, and a third party has moved to intervene for the limited purposes of opposing the motion as well.

## II. <u>Motion to Intervene</u>

Motions to intervene are governed by Fed.R.Civ.P. 24, under which a court may allow intervention upon "timely motion" and such a motion may seek to unseal the judicial record in a particular case. <u>R & G Mortg. Corp.</u> v. <u>Fed. Home Loan Mortg. Corp.</u>, 584 F.3d 1, 11 (1st Cir. 2009). While post-judgment intervention is often allowed, the moving party is still required to show that its motion is timely under the totality of the circumstances. <u>Pub. Citizen</u> v. <u>Liggett Grp., Inc.</u>, 858 F.2d 775, 785 (1st Cir. 1988).

The First Circuit has adopted a four-part test for determining whether a motion to intervene is timely. <u>Id</u>. The Court should consider 1) the length of time that the intervenor knew or reasonably should have known of its interest in the case before it petitioned to intervene, 2) prejudice to existing parties from the delay, 3) prejudice suffered by the intervenor

-2-

if the motion is denied and 4) extraordinary factors counseling for or against intervention. Id. at 785-87.

ProPublica's motion is untimely. With respect to the first factor, ProPublica seeks to intervene in this case more than three years after settlement and dismissal. In its petition, ProPublica states only that settlement does not limit its standing to intervene and that the public's interest in the Ranbaxy litigation has not been exhausted. While such claims may be true, they do nothing to explain either 1) when ProPublica became aware of its interest in the record or 2) why the filing of its motion was so belated. These omissions are dispositive.

ProPublica fares no better in consideration of the other factors. The prejudice that would be suffered by the remaining parties is significant, not only because intervention would cause substantial legal expense to those parties but also because the unsealing of the record would result in the dissemination of sensitive information. The prejudice to ProPublica as a result of the denial of the motion is rendered less apparent by ProPublica's material delay in filing. Finally, although the Court appreciates that there may be broad interest in access to the information at issue, it does not warrant the reopening of a long-since closed case.

-3-

## ORDER

For the forgoing reasons, the motion to intervene and unseal judicial records (Docket No. 625) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: May 26, 2026

-4-